## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJ K. PATEL, | ) |
|     *Plaintiff,* | ) ) ) |
| v. | )    Case No. _____ |
| THE UNIVERSITY OF NOTRE DAME DU LAC, | ) ) ) ) |
|     *Defendant.* | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1441, and 1446, Defendant University of Notre Dame ("Notre Dame"), by and through counsel, hereby removes this action from the Marion Superior Court in Marion County, Indiana to the United States District Court for the Southern District of Indiana. Removal is proper because this Court has original jurisdiction over claims in the Complaint under 28 U.S.C. § 1331.

**I.    INTRODUCTORY STATEMENT**

This Court is all too familiar with Mr. Patel's frivolous serial litigation against various public and private entities and individuals, including Notre Dame. As this Court noted in its March 28, 2022, Order Restricting New Filings in *In re Raj Patel*, No. 1:22-mc-00024-TWP, Mr. Patel "has filed no fewer than twenty-eight actions and appeals in federal courts in the last four years—eight in this Court alone," yet "[n]ot one of Mr. Patel's cases has survived dismissal," and "[c]ourts have repeatedly found Mr. Patel's claims frivolous, baseless, and delusional." ECF No. 1

at 1–2. At least eleven of Mr. Patel's lawsuits have named Notre Dame or its employees as defendants.[1]

Having exhausted this Court's—and others'[2]—considerable patience, Mr. Patel has now turned to state court. In an attempt to evade this Court's "judicial authority to curb" his abusive behavior, his state court suit asserts many of the same, or substantially similar, federal statutory and constitutional claims that have been uniformly dismissed as frivolous by federal courts *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Although this Court has sometimes characterized Mr. Patel's federal claims as Complaints being so frivolous that they "do not invoke the court's subject-matter jurisdiction,"[3] it has also dismissed claims as "factually frivolous" or as barred by *res judicata*.[4] Accordingly, while Notre Dame

---

[1] *See Patel v. F.B.I. et al.*, No. 1:18-cv-3442-WTL-DML (S.D.I.N. Nov. 13, 2018); *Patel v. Trump et al.*, No. 1:20-cv-454-SEB-DML (S.D.I.N. Feb. 19, 2020); *Patel v. Trump et al.*, No. 1:20-cv-758-RLY-MJD (S.D.I.N. Apr. 14, 2020); *Patel v. Martinez et al.*, No. 3:21-cv-241 RLM-JPK (N.D.I.N. Apr. 8, 2021); *Patel v. United States et al.*, No. 2:21-cv-4160-NKL (W.D. Mo. Sept. 13, 2021); *Patel v. United States et al.*, No. 2:21-cv-16029-SDW-CLW (D.N.J. Sept. 20, 2021); *Patel v. United States et al.*, No. 1:21-cv-2250-RLY-MG (S.D.I.N. Sept. 21, 2021); *Patel v. Biden et al.*, No. 21-5155 (D.C. Cir. Sept. 27, 2021); *Patel v. Biden et al.*, No. 1:21-cv-1076-TSC (D.D.C. July 2, 2021); *Patel v. United States et al.*, No. 1:21-cv-3376-MLB (N.D. Ga. Oct. 5, 2021); *Patel v. United States et al.*, No. 3:21-cv-628-RLM-APR (N.D.I.N. Oct. 7, 2021).
[2] *E.g.*, *Patel v. Patel*, 834 Fed. App'x 244, 245 (7th Cir. 2021); *Patel v. United States et al.*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021); *Patel v. United States et al.*, No. 2:21-cv-4160 (W.D. Mo., Sept. 13, 2021).
[3] *Patel v. The United States et al.*, No. 1:21-cv-2250-RLY-MG (S.D.I.N. Sept. 21, 2021), Doc. 28 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)),
[4] *See, e.g.*, *Patel v. Biden, et al.*, No. 22-cv-465-JMS-MG (S.D.I.N., Mar. 24. 2022), Doc. 5 at 5 (citing *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, (cont.)

regrets the necessity of further involving this Court in Mr. Patel's abusive litigation, it removes this case—which purports to assert eighteen different counts based in whole or in part on federal law—to obtain an order from this Court confirming that Mr. Patel's federal claims are frivolous and dismissing this action with prejudice.[5]

## II. BACKGROUND

1. This cause of action was commenced on June 12, 2022, when Plaintiff Raj Patel filed the Complaint in the Marion Superior Court as Cause No. 49D05-2206-CC-019517. The Complaint was served on Notre Dame on June 15, 2022.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), copies of all filings in the State Court Record in chronological order are attached hereto as **Exhibit A**.

3. Pursuant to Local Rule 81-2(c), a separate copy of the Operative Complaint is attached here as **Exhibit B.**

---

even though there has been no evidentiary hearing to determine their truth or falsity.")).

[5] Some of Mr. Patel's claims refer to a combination of state and federal rights and remedies and appear to relate to the same "case or controversy" as the other purely federal claims in this matter, e.g.: Count I (claiming a violation of I.C. § 35-38-9-10(b)(4) but also referencing 42 U.S.C. §§ 1981 and 1983 and U.S. Supreme Court decisions under U.S. Const. amends. I, IV, and XIV); Count 2 (claiming a violation of I.C. § 34-13-9-8 but also referencing 42 U.S.C. §§ 1981 and 1983 and U.S. Const. amends. I, XIII, and XIV); and Count 4 (claiming breach of contract but also referencing 42 U.S.C. §§ 1981 & 1983, U.S. Const. art. VI § 1, 5 U.S.C. §§ 702 & 706, 42 U.S.C. 2000bb-1, and 28 U.S.C. §§ 1491). To the extent these claims are construed as state law claims, Notre Dame respectfully asks this Court to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) and dismiss them as frivolous.

4. Plaintiff's Complaint purports to assert various claims arising under the Constitution and laws of the United States, including, among others: the Free Exercise Clause of the First Amendment, U.S. Const. amend. I (Counts 1–3, 5); the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb (Count 3); the Privileges and Immunities and Due Process Clauses of the Fourteenth Amendment, U.S. Const. amend XIV, § 1 (Counts 6, 8); the Full Faith and Credit Clause, U.S. Const. art. IV, § 1 (Count 7); 42 U.S.C. § 1981 (Counts 1–4, 6, 17–18); 42 U.S.C. § 1983 (Counts 1–4, 6–8, 17–18); 18 U.S.C. § 241 (Counts 9, 12, 18); 18 U.S.C. § 242 (9–11, 17); 18 U.S.C. § 247 (11, 13); 18 U.S.C.§ 1951 (Counts 14–16); and the Americans with Disabilities Act, 42 U.S.C. § 2000a. These allegations purport to raise claims asserting federal questions under 28 U.S.C. § 1331. By removing this action to federal court, Notre Dame does not concede that any of the above claims are non-frivolous.

5. Defendant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the Notice of Removal is filed no later than thirty (30) days after Defendant received the Complaint which for the first time made the action removable. *See* 28 U.S.C. § 1446(b)(1).

6. The Parties have conducted no discovery and no substantive proceedings have occurred in the state court action.

### III. ORIGINAL JURISDICTION

7. The United States District Court for the Southern District of Indiana, Indianapolis Division, has original jurisdiction over this action under 28 U.S.C.

§ 1331 because it purports to assert claims arising in whole or in part under the Constitution, laws, or treaties of the United States.

8.  More specifically, this Court has jurisdiction over this matter as Plaintiff's Complaint includes allegations of conduct that Plaintiff claims violate various federal statutes and the federal constitution.

9.  This Court has supplemental jurisdiction over any of Plaintiff's claims that arise under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

### IV.  VENUE

10.  Venue is proper in this Court because this District embraces the Marion Superior Court, the forum from which the case has been removed. *See* 28 U.S.C. § 1441(a). By removing this action to this District, Notre Dame does not concede that venue was proper or preferred in Marion Superior Court.

### V.  NOTICE

11.  Concurrent with filing this Notice of Removal, Defendant will file a Notice of Removal to Federal Court with the Clerk of the Marion Superior Court and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit C**.

### VI.  MISCELLANEOUS

12.  This action has not previously been removed to federal court.

Dated:  July 5, 2022                    Respectfully submitted,

/s/ Stephen M. Judge
Paul Edgar Harold
Stephen M. Judge
SOUTHBANK LEGAL
100 E. Wayne St., Suite 300
South Bend, IN 46601
Tel. (574) 968-0760
Fax (574) 968-0761
pharold@southbank.legal
sjudge@southbank.legal

*Attorneys for Defendant
University of Notre Dame*

6