## IN THE SUPERIOR COURT OF THE STATE OF INDIANA
## MARION COUNTY

THE EXCELLENT THE EXCELLENT
RAJ K. PATEL, from all capacities,

*Plaintiff*

v.

THE UNIVERSITY OF NOTRE DAME
DU LAC

*Defendant*

No. _____

Dated: June 12, 2022

## TABLE OF CONTENTS

PARTIES ............................................................................................................ - 2 -
SUBJECT-MATTER JURISDICTION ......................................................... - 3 -
STATEMENT OF FACTS ............................................................................. - 4 -
CLAIMS ........................................................................................................... - 10 -
DEMAND FOR RELIEF ............................................................................... - 22 -
RELATED CASES .......................................................................................... - 25 -
CERTIFICATE OF SERVICE ...................................................................... - 27 -
EMAILS ...........................................................................................................
HOYNES CODE ..............................................................................................

## *PRO SE* COMPLAINT

I, T.E., T.E Raj K. Patel (*pro se*), respectfully move this Indiana Superior Court to overturn the University of Notre Dame Law School's decision not to re-"admit" me permanently, in or around July and August 2021, in order to complete my final 22 credit hours, once it discriminated against me for receiving a criminal charge of pointing a gun at another person (mother, who said she would said she would testify of not being pointed at her or anybody else) which dismissed and then expunged.  I.C. 35-38-9-

10(b)(4).  I.C. 35-47-4-3.  42 U.S.C. §§ 1981-83.  18 U.S.C. §§ 241, 242, 245(b)(2)(A)-(B) &

(F).  I.C. § 34-13-9-8 *et seq.*

Severably, I move to restore and use the privileges and/or immunities

(privileges and/or immunities during and after office and for all acts before taking

office, as privileges or immunities are "basic" protections, in other words for and

against inherently violent things, such as for allowing use of force without statutory

license and against a bio-tech stress-depression weapon) I hold under the United States

Constitution, including while I was the Representative to the Indiana State Bar

Association of the Great State of Indiana and which I carry as 2013-2014 Student

Government Association President of Emory University, Inc. (corporate sovereign 2013-

present) in Atlanta, Georgia and 2009-2010 Student Body President of the Brownsburg

Community School Corporation ("B.C.S.C.") (corporate sovereign 2009-present) in

Brownsburg, Indiana. 18 U.S.C. §§ 241, 242, 245(b)(2)(A)-(B) & (F), U.S. const., art. IV, §

2[1] & amend. XIV, § 1[2]; U.S. const., art. VI, § 1 and Grievances 21 & 23, Decl. of Indep.

(1776)[3]; U.S. const., art. IV, § 1; *United Building & Construction Trades Council v. Mayor

and Council of Camden*, 465 U.S. 208 (1984).

**PARTIES**

Plaintiff:

> **Raj Patel**
> 6850 East 21st Street
> Indianapolis, IN 46219
> 317-450-6651
> raj@rajpatel.live

---

1. "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."
2. "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States…" (includes state- and federal- created corporations, *see* Grievance 21, Decl. of Independence (1776) and U.S. const., art. VI, § 1).
3. Disengaging the bio-tech weapon is therefore a priority for T.H. (T.E.) President of the United States.

Defendant:

> **University of Notre Dame**
> 400 Main Building
> Notre Dame, IN 46556
> Phone: (574) 631-5000
>
> **University of Notre Dame**
> **c/o Rev. John I. Jenkins, C.S.C., President**
> 400 Main Building
> Notre Dame, IN 46556
> Tel: (574) 631-3903
> Fax: (574) 631-7428
> president@nd.edu
>
> **University of Notre Dame**
> **c/o Marianne Corr, J.D., Vice President & General Counsel**
> 204 Main Building
> Notre Dame, Indiana 46556
> Phone: 574-631-6411
> Fax: 574-631-8233
> Marianne.Corr.10@nd.edu
> gencoun@nd.edu
>
> **University of Notre Dame**
> **c/o G. Marcus Cole, J.D., Dean of the Law School**
> 2100 Eck Hall of Law
> Notre Dame, Indiana 46556
> Phone: 574-631-6789
> gcole2@nd.edu

## SUBJECT-MATTER JURISDICTION

**[1]** I.C. § 33-29-1.5-2

## WELL-PLEADED COMPLAINT STANDARDS

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ind. R. of Ct. 8(A).

Ind. R. of Ct. 8(F).

For the parts in a complaint related to R.I.C.O, *H.J. Inc. v. NW Bell Tel. Co.*, 492 U.S. 229, 248-250 (1989).

*See also* Paris Peace Treaty – Congressional Proclamation of Jan. 14, 1784 (every citizen should uphold the Treaty of Paris "sincerely, strictly, and completely"). *See also* U.S. const., amend. XI (states not immune). *See also Downs v. Bidwell*, 182 U.S. 244, 382 (1901) ("No higher duty rests upon this Court than to exert its full authority to prevent all violation of the principles of the Constitution."). *U.S. v. Lee*, 106 U.S. 196, 220 (1882) (Miller, J.):

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes upon the exercise of the authority which it gives…

> Courts of justice are established not only to decide upon the controverted rights of the citizens as against each other, but also upon rights in controversy between them and the government…[the] Secretary of War…[and] officer had no more authority to make than the humblest private citizen.

## STATEMENT OF FACTS

I am a resident of Indianapolis, Indiana. From 2009-2010, I was the Student Body President of the Brownsburg Community School Corporation ("B.C.S.C.") (corporate sovereign 2009-present) in Brownsburg, Indiana.  From 2013-2014, I was the Student Government Association President of Emory University, Inc. (corporate sovereign 2013-present) in Atlanta, Georgia.

I. In May 2014, I graduated from Emory University with a Bachelor of Arts in Political Science and with Honors in Religion and with a cumulative grade point average of 3.718 out of 4.0.

    A.   I also authored an honors thesis in the Department of Religion, called "Weight Loss as a Religion," and proposed a scientific method of racism in weight-loss politics.

    B.   The cumulative grade point average includes the grade deflation the stress weapon caused from almost every semester at Emory University. *See* Compl., *Patel v. United States*, No. 1:21-cv-02004-LAS (Fed. Cl. 2022), *aff'd on other grounds*, No. 22-1131 (Fed. Cir. 2022), *pending cert.*, No. _____ (U.S. 20__).

II.    Sometime between October 2014 to May 2015, I was admitted to the University of Notre Dame Law School on a scholarship funded by Notre Dame Law School.

III.    In or around May 2015, I received the Indiana Supreme Court Indiana Conference of Legal Education Opportunity (I.C.L.E.O.) scholarship to attend the University of Notre Dame Law School.  This scholarship is in addition to the scholarship I received from the University of Notre Dame.

IV.    Then, I attended the Summer 2015 I.C.L.E.O. 6-week conference hosted at the University of Notre Dame.

V.    Then, I received the Notre Dame Law School Barbri Scholarship to attend a pre-law course, which I accepted.

VI.    Then, I attended the three-day Barbri Scholarship Conference in New York, New York.

VII.    In August 2015, I enrolled at the University of Notre Dame Law School, in South Bend, Indiana, in its juris doctor program.

VIII.    In the summer of 2016, I worked as a summer associate at the City of Atlanta Law Department in Atlanta, Georgia.

IX.    I began the second year of law school at Notre Dame in August 2016.

X.      In the summer of 2017, I worked as a summer associate at Barnes & Thornburg LLP in Downtown Indianapolis, Indiana.

XI.     Before the beginning of third year of law school, in summer of 2017, I was asked for serve as an Assistant Rector at Kennan Hall, an all-boys undergraduate dormitory, which I agreed to. I was offered additional scholarship.

XII.    In September 2017, I was elected as the Notre Dame Law School Student Bar Association Representative to the Indiana State Bar Association.

XIII.   In or around September 2017, I was asked to resign from Keenan Hall, but I got to keep my scholarship and grant benefits.

XIV.    I e-mailed now-Her Honor Justice Amy Barrett, Associate Justice of the United States Supreme Court, on her University of Notre Dame e-mail from my University of Notre Dame student e-mail to explain to her that I was about to take a voluntary separation of leave, but I did not receive a response.

XV.     On or around November 11, 2017, I took a voluntary separation of leave in good standing from the University of Notre Dame Law School, after both the law school and the university administration approved of my leave in good standing. I also resigned from my Notre Dame Law School Student Bar Association representative position. I was also not subject to a refund as my tuition was covered by scholarships and grants.

XVI.    On or around December 7, 2017, I was put on emergency detention at the St. Vincent Stress Center in Indianapolis, Indiana for three days and charged with pointing a gun at another person by the Brownsburg Police Department in Brownsburg, Indiana.

    A.  Charmi Patel of Colonia, New Jersey, my dad's sister's daughter, and Nina Patel of Colonia, New Jersey, my dad's sister and Charmi's mother,

and Manisha Patel, my mother and Kartik's wife, were sleeping in master bedroom.

    B.  Nina communicates with Kartik about pointing a gun or that I am threatening to kill myself.

    C.  Kartik, my dad, calls the police from Indianapolis, where he was spending the night at his motel due to the occupancy in our house.

    D.  I called Professor Root then-of Granger, Indiana or now-of Durham, North Carolina at the University of Notre Dame Law School from the St. Vincent Stress Center to see if she could terminate these happenings.

XVII.    On or around December 20 and 21, 2017, I told Peter Horvath about my intentions to reapply to the University of Notre Dame Law School. Peter sent me the link to reapply. I filled out the application honestly, including the ongoing conviction about pointing a gun at another person. Peter writes to me, "At this point we want to let you know that you will not be readmitted to the University while this charge is pending. Further, you will not be considered for readmission unless the pending criminal charge is favorably resolved." He added, "Certainly you are welcome to keep us informed as the matter works toward resolution."

XVIII.    Around Christmas 2018, I moved to my apartment on North Capitol Avenue in downtown Indianapolis, Indiana. In January 2018, I receive a supportive letter of re-admission to the University of Notre Dame Law School from a female medical professional who was either a physician assistant or nurse partitioner. I submitted this letter to the University of Notre Dame.

XIX.    On April 30, 2018, the felony charge was dismissed. The police dispose of my gun.

XX.     In or around January 17, 2019, the felony charge was expunged. *Document available upon request.*

XXI.    I applied for re-admission for Fall 2019, and I completed the application material for re-admissions. I was denied re-admissions upon the recommendation of the University of Notre Dame University Counseling Center, although the ultimate authority for re-admissions into the law school lies with the Notre Dame Law School itself.

XXII.   For Fall 2020, I again re-applied for re-admissions. I was again denied re-admissions upon recommendation by the University of Notre Dame University Counseling Center.

     A.  Kevin O'Rear stated:

> I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your application will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the Law School is not guaranteed, although whether you have filed litigation against the University will not, in and of itself, prevent you from being admitted.

> We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have received many messages from you in the past few years that are disturbing and which raise serious questions about your ability to pass a character and fitness review. I flag this so that you may (1) guide your behavior going forward and (2) be aware that the Law School may decide in the future that, based upon your conduct, including

disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

B.   I responded by stating, "Why is this even a material consideration for re-admissions? Relationships with law school professors is not a part of application process. You're reprimanding me without trial by the Hoynes Code, which probably does not apply to the time I am not a law student. Further, it is retaliation for using my First Amendment rights." And, "per the law, I do not foresee any legal questions raised to pass a character and fitness test. *See* I.C. 35-38-9-10(b)(4)-(6), (d) & (e). In fact, I feel discriminated by your answer on my character and fitness." (Italics in original).

XXIII.   For Fall 2021, I again re-applied for re-admissions. This time, I was permanently denied re-admissions upon recommendation by the University of Notre Dame University Counseling Center. Contrary to prior communications with Jake Baska and Dean Kevin O'Rear, who are both agents of the University of Notre Dame Law School, I was told that I may only apply for as a first-year student to the University of Notre Dame Law School, which would require me to re-take the Law School Admissions Test, and that re-admissions application would not be considered for Spring 2022.

XXIV.   As far as I know, my grade point average is at or above the Notre Dame Law School grading curve.

XXV.   I am not subject to background checks, as I have omnipresent privileges and immunities. U.S. const. art. IV, § 2, cl. 1 & amend. XIV, § 1, cl. 2.  *See generally* Federalist 80 & *Printz v. United States*, 521 U.S. 898, 918 (1997) quoting *Principality*

*of Monaco v. Mississippi*, 292 U.S. 313, 322 (1934) (constitutional exemptions for local officials).

XXVI. Peter Horvath, Jake Baska, and Kevin O'Rear, J.D. no longer work at the University of Notre Dame Law School.

XXVII. The University of Notre Dame Law School gives out grades and issues transcripts to communicate about students' performance in its professional school.

XXVIII. As a compromise to be re-admitted to the University of Notre Dame Law School, I proposed that I would visit another law school to ease any tension or conflict-of-interest for readmissions. I was able to acquire two/two letters of recommendation from my from professors and faculty at the University of Notre Dame Law School.

XXIX. The University of Notre Dame Hoynes Code might be parole evidence for the contract and includes terms of our contracts.

XXX. This complaint to this Indiana State Court follows.

## <u>CLAIMS</u>

All paragraphs from above are incorporated into this section.

One. **I.C. 35-38-9-10(b)(4) – There is no reason why I should be denied re-admissions because I cleared for re-admissions by medical professionals. These facts lead me to believe that University of Notre Dame Law School admissions committee discriminated against me for pointing a gun at another person.**

    a. I had to fill out paperwork about non-expunged pending matters, which shows that there is intent to discriminate or gather needless information by the Notre Dame Law School. *Save the Dunes Council v. Alexander*, 584

F.2d 158, 162 (7th Cir. 1978) (a general rule of applicability which is invalid applied here )

b.  Based on this, I only agreed to spend a maximum 84 months behind a juris doctor degree.

c.  Even though I am not subject to background checks, I had to submit background information. *Printz v. United States*, 521 U.S. 898, 918 (1997) quoting *Principality of Monaco v. Mississippi*, 292 U.S. 313, 322 (1934).

d.  *See also Wood v. Moss* , No. 13 - 115, p. 5 & 16, 134 S. Ct. 2056, 2059, 2064 & 2066-67, 572 U.S. 744 (2014) ("substantive content " of the message, including political, is evaluated when there is a security risk of an elected or appointed official and that immunity applies for enforcement of limiting speech). *See also Id*. at 2067 quoting *Rubin v. United States*, 525 U.S. 990, 990 - 991 (1998) (Breyer, J., dissenting from denial of certiorari) ("The physical security of [an honorable or an excellent ] has a special legal role to play in our constitutional system."). *Id*. at 995 (but for privileges, there would be a loss of trust in enforcement). *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (not Fair Play "when Conscience-shocking behavior is ' so `brutal' and `offensive' that it [does] not comport with traditional ideas of fair play and decency.'")

e.  Relief:

    i.  Re-admit me to the University of Notre Dame; the United States Northern District of Indiana has construed university enrollment under contracts law. *See also* I.C. § 34-14-1-3.

    ii.  42 U.S.C. § 1981-1983.

    iii.  Dollar amount for loss of opportunity.

- 11 -

        iv.   Dollar amount.

Two.     **Indiana R.F.R.A., I.C. § 34-13-9-8** *et seq*. **– My religious freedoms to attend the University of Notre Dame du Lac has suffered from general rules of applicability. 42 U.S.C. 2000bb** *et seq*.

      a.   The University of Notre Dame is a body described in I.C. § 34-13-9-6.

      b.   My religion also requires me not to see mental health professionals, even for re-admissions. I.C. § 34-13-9-5. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 736-37 (2014) (Kennedy, J., concurring).

      c.   U.S. const. amend. I.

      d.   U.S. const. amend. XIV.

      e.   U.S. const. amend. XIII.

      f.   Indiana State Constitution.

      g.   Indiana State Law.

      h.   There is no reason why the University of Notre Dame Law School could not have refused to re-admit me if I had to attend a family funeral during finals weeks and took a voluntary separation of leave in good standing to attend the close family relationship.

      i.   Relief:

            i.   42 U.S.C. §§ 1981-83.

           ii.   I.C. § 34-13-9-10.

          iii.   Compensation.

          iv.   Dollar Amount.

Three.   **Federal R.F.R.A. of 1993, 42 U.S.C. 2000bb** *et seq*. **My religious freedoms to attend the University of Notre Dame du Lac has suffered from general rules of applicability.**

a. The University of Notre Dame is a body described in I.C. § 34-13-9-6.

b. My religion also requires me not to see mental health professionals, even for re-admissions. I.C. § 34-13-9-5. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 736-37 (2014) (Kennedy, J., concurring).

c. U.S. const. amend. I.

d. U.S. const. amend. XIII.

e. U.S. const. amend. XIV.

f. It is my human right under treaties to complete my education at the University of Notre Dame, as I was admitted. U.N. Decl. of Human Rts.

g. There is no reason why the University of Notre Dame Law School could not have refused to re-admit me if I had to attend a family funeral during finals weeks and took a voluntary separation of leave in good standing to attend the close family relationship.

h. Relief:

  i. 42 U.S.C. §§ 1981-83.

  ii. I.C. § 34-13-9-10.

  iii. Compensation.

  iv. Dollar Amount.

Four. **Breach of Contract – My contract with the University of Notre Dame Law School says that I have 84 months to complete the juris doctor program, as long as I remain in good standing.**

a. I submitted sufficient re-admissions applications which would allow me to complete the juris doctor program within 84 months.

b. Relief:

  i. Seek re-admissions

- 13 -

  ii. 42 U.S.C. § 1983.

  iii. Dollar amount.

 c. *See generally* U.S. const., art. VI, § 1 & amend. I and Decl. of Independence

  (1776).

 d. Relief:

  i. 5 U.S.C. §§ 702 & 706.

  ii. 42 U.S.C. §§ 1981 & 1983.

  iii. 42 U.S.C. § 2000bb-1(c).

  iv. 28 U.S.C. §§ 1491(a)(1)-(2).

Five. **42 U.S.C. § 2000bb-1 – The University of Notre Dame Notre Dame**
**substantially burdened my right to be re-admitted to the University of Notre**
**Dame Law School when it did not protect my right of Free Exercise of Religion**
**and/or Expression by allowing agents of the University of Notre Dame or**
**terrorists or other unconstitutional act to prevent me from exercising,**
**attending school, and interfering with the religious-side of my physical brain**
**by placing the stress weapon and stress noise there.**

 a. Paragraphs LXXXIII, LV(A), (B), & (F), and XCI and note 4.

 b. U.S. const., amend. I.

 c. Relief:

  i. 42 U.S.C. § 2000bb-1(c),

  ii. Compensation,

  iii. Dollar Amount

Six. **Privileges and/or Immunities Clause – The University of Notre Dame Law**
**School violated the privileges and immunities clause in the original**
**constitution and the privileges and immunities clause in the 14th Amendment**

**when it left me in peril or this situation after I attained my first student government presidency of the B.C.S.C. and thereafter as student government president of Emory University, Inc.**

a.  *See generally* paragraphs.

b.  As mentioned in Grievance 21, Decl. of Independence (1776), the Treaty of Paris (1783), and U.S. const., art. VI, § 1, I have constitutional immunity as The Excellent and The Excellent from weapons of the United States. I also have the privilege of knowing what caused the peril.

c.  Grievance 21, Decl. of Independence (1776) and U.S. const., art. VI, § 1 explain what the president's and executive's vested powers must be used for and what faithfully execute the office of the presidency means.

d.  *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 71, and 77-78 (1873) ("the clause was interpreted to convey limited protection pertinent to a small minority of rights, such as the right to seek federal office"; privileges of other "butchers," applied as well to students, student government presidents, and incumbent and former elected and appointed officials) (but privileges for elected or appointed officials who are not citizens of a state or the United States would not have the privileges of that office, i.e. executive privilege not applicable) (natural-born would have the precedent over naturalized for the same office).

e.  The Supreme Court, in *Corfield v. Coryell*, 6 F. Cas. 546 (1823), also states that the Privileges and Immunities Clause, United States Constitution Article IV, Section 2, Clause 2 also includes the "Protection by the government; the enjoyment of life and liberty, *with the right to acquire and possess property of every kind*, and to pursue and obtain happiness and

- 15 -

safety; subject nevertheless to such restraints as the government may justly prescribe for the general good of the whole." *Corfield v. Coryell*, 6 F. Cas. 546 (1823) (Washington, J.) (emphasis added) and U.S. const. art. IV, § 2, cl. 2 ("Privileges & Immunities Clause"); *see also* U.S. const. amend. XIV, § 1 ("Privileges or Immunities Clause") and 42 U.S.C. §§ 1981-1983.

f.  On July 12, 1816, Thomas Jefferson said to Samuel Kercheval, also known as H. Tompkinson, the following, which advocates for remedying the use of psychological weapons, such as the stress weapon:

   i.  I am certainly not an advocate for frequent and untried changes in laws and constitutions. I think moderate imperfections had better be borne with; because, when once known, we accommodate ourselves to them, and find practical means of correcting their ill effects. But I know also, that laws and institutions must go hand in hand with the progress of the human mind. As that becomes more developed, more enlightened, as new discoveries are made, new truths disclosed, and manners and opinions change with the change of circumstances, institutions must advance also, and keep pace with the times. We might as well require a man to wear still the coat which fitted him when a boy, as civilized society to remain ever under the regimen of their barbarous ancestors. Thomas Jefferson to Samuel Kercheval. *The Thomas Jefferson Papers at the Library of Congress*, Series 1: General Correspondence 1651 to 1827, Retrieved from the Library of Congress, https://www.loc.gov/item/mtjbib022494/.

g.  Relief:

      i.  5 U.S.C. §§ 702 & 706.

     ii.  18 U.S.C. § 242.

   iii.  28 U.S.C. §§ 1491(a)(1)-(2).

   iv.  42 U.S.C. §§ 1981-1983.

Seven.    **Full Faith and Credit Clause – The University of Notre Dame violated the Full Faith and Credit Clause when it put me in peril or this situation after I attained my first student government presidency of the B.C.S.C. and thereafter as student government president of Emory University, Inc., therefore, disrespecting my "public Act[s]," which are magistrate positions and give me the style of "The Excellent."**

    a.  *See generally* paragraphs & claims above.

    b.  This Clause gives me a constitutional right not to be battered or assaulted with taxpayer resources.

    c.  I felt like that my rights as a co-leader from The Declaration of Independence (U.S. 1776) (i.e. right to represent in a charter and freedom from interference in a charter) and my rights as a student from the Declaration of Independence (1776) (i.e. right to be represented in a charter) were violated, which are fundamentally essential for my "[S]afety and [H]appiness." The Declaration of Independence (U.S. 1776). U.S. const., art. VI, § 1.

    d.  The Congressional Proclamation Respecting the Treaty of Paris of 1783 (January 14, 1783) (full faith should be given). U.S. const., art. VI, § 1.

    e.  Relief:

      i.  42 U.S.C. §§ 1983.

     ii.  42 U.S.C. § 2000bb-1(c).

Eight.  **14ᵗʰ Amendment Due Process – Noter Dame violated my Fair Play norms be violated with its re-admissions procedure, both in my individual capacity and professional capacity when it did not re-admit me, and Notre Dame has an un-fair inquiry on re-admissions file.**

  a.  *See generally* paragraphs.

  b.  U.S. const., amend. V. & art. I, § 8.

  c.  42 U.S.C. §§ 2000a(c) & 2000a–2.

  d.  Relief:

  i.  5 U.S.C. §§ 702 & 706.

  ii.  28 U.S.C. §§ 1491(a)(1)-(2).

  iii.  42 U.S.C. § 1983.

Nine.  **18 U.S.C. § 241 – Notre Dame, its delegates, including teachers, faculty, and deans, and the Brownsburg Police Department conspired to "oppress" or "deprive" or "threaten" me of right of Free Exercise of Religion by causing unwanted changes in academic and physical and social performance.**

  a.  *See generally* paragraphs.

  b.  Conspiracy, overt act not required.

  c.  Relief:

  i.  18 U.S.C. § 242.

  ii.  42 U.S.C. § 2000bb-1(c), and

Ten.  **18 U.S.C. § 242 – Notre Dame deprived me of my right of religious free exercise because of my pornography videos I made, which countered the stress weapon, taking support away from "boots on the ground."**

  a.  *See generally* paragraphs.

  b.  Relief:

        i.   18 U.S.C. § 242.

        ii.   42 U.S.C. § 2000bb-1(c), and

Eleven.    **18 U.S.C. § 247(a)(2) – Notre Dame deprived me of my right of religious free exercise because of my pornography videos I made, which countered the stress weapon, taking support away from "boots on the ground."**

    a.  *See generally* paragraphs.

    b.  Relief:

        i.   18 U.S.C. § 242.

        ii.   42 U.S.C. § 2000bb-1(c), and

Twelve.    **18 U.S.C. § 241 – Notre Dame its delegates, including teachers, faculty, and deans conspired to "oppress" or "deprive" me of my privileges and immunities secured to me by the United States Constitution after attaining each of my political offices as student government president of the B.C.S.C. and Emory University, Inc.**

    a.  *See generally* paragraphs.

    b.  Conspiracy, overt act not required.

    c.  Relief:

        i.   18 U.S.C. § 241.

Thirteen.    **18 U.S.C. § 247(a)(2) – The University of Notre Dame intentionally obstructed, by force, Plaintiff in the enjoyment of his free exercise of religious beliefs, or attempted to do so, by using the psycho-bio-tech weapon with white rings/disks which caused a significant change in physical exercising and dieting and professional commitment.**

    a.  *See generally* paragraphs, especially paragraph I, XXII, LV, XXVII(A)-(C), XCI, and XCII.

      b.  *See supra*, note 4.

      c.  Relief:

          i.  18 U.S.C. § 247(d).

          ii.  28 U.S.C. §§ 1491(a)(1)-(2).

Fourteen.  **18 U.S.C. § 1951 – Notre Dame obstructed, delayed, or affected commerce by changing my commercial output by robbing or extorting me of my personal property right to attend specific colleges and law schools and committed physical violence towards me.**

      a.  *See generally* paragraphs.

      b.  Conspiracy, overt act not required.

      c.  Relief:

          i.  18 U.S.C. § 1951(a).

Fifteen.  **18 U.S.C. § 1951 – Notre Dame obstructed, delayed, or affected commerce by changing my transcript, an article or commodity of commerce, by robbing or extorting or conspiring to rob or extort me of my personal property right to attend specific colleges and law schools and committed physical violence towards me.**

      a.  *See generally* paragraphs.

      b.  Relief:

          i.  18 U.S.C. § 1951(a).

Sixteen.  **18 U.S.C. § 1951 – Notre Dame obstructed, delayed, or affected commerce by robbing or extorting or conspiring to rob or extort me of my verbatim word patterns and inserting them into news anchors, movies, and soap operas.**

      a.  *See generally* paragraphs.

      b.  Relief:

          i.   18 U.S.C. § 1951(a).

Seventeen.   **42 U.S.C. § 1981 – In my personal capacity, the Notre Dame did not give me full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and subject me to like punishment, pains, penalties, taxes, licenses, and exactions of every kind.**

    a.   *See generally* paragraphs.

    b.   Relief:

        i.   18 U.S.C. § 242.

        ii.   18 U.S.C. § 2383.

        iii.   42 U.S.C. § 1983.

        iv.   42 U.S.C. § 2000bb-1(c), and

Eighteen.   **42 U.S.C. § 1981 – In my official capacity(ies), Notre Dame did not give me full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and subject me to like punishment, pains, penalties, taxes, licenses, and exactions of every kind.**

    a.   *See generally* paragraphs.

    b.   Relief:

        i.   18 U.S.C. § 241.

        ii.   42 U.S.C. § 1983.

        iii.   42 U.S.C. § 2000bb-1(c), and

        iv.   28 U.S.C. §§ 1491(a)(1)-(2).

Nineteen.   **Extreme Emotional Distress – Notre Dame caused extreme emotional distress by leaving me unattended of its constitutional protection.**

    a.   Overall, since November 2017, I have taken unplanned and unwanted time off of law school which unduly and unwantedly effects my career

timeline and unjustly limits my career choices, which all also causes me extreme emotional distress

   b. *See generally* paragraphs.

   c. Relief:

      i. Dollar Amount

Twenty. **Promissory Estoppel – I detrimentally relied on the Notre Dame in upholding its contract with me when I used the method in approaching this situation.**

   a. *See generally* paragraphs.

   b. Relief:

      i. Dollar Amount

## DEMAND FOR RELIEF

WHEREFORE, The Excellent, The Excellent Raj K. Patel, with the interest of upholding the contract with the University of Notre Dame Law School and the Constitution, asks this Indiana State Court to enter judgement in his favor and grant either all or some of the following relief:

1. Relief described in the claims section above.

2. Give respective orders to fulfill the statutory and constitutional obligations required to me, including but not limited to *writ of mandamus*.

3. Enforcement and application of the privileges and immunities clauses and Full Faith and Credit Clauses. 28 U.S.C. §§ 1491(a)(1)-(2). 18 U.S.C. §§ 241 *et seq*. *See generally Arthrex, Inc.*, 594 U.S. ____ (2021).

4. Rectify academic information. 28 U.S.C. §§ 1491(a)(1)-(2). 18 U.S.C. §§ 1967.

5. Order Plaintiff back into the University of Notre Dame Law School, along with the order to require the law school to graduate Plaintiff with their J.D. degree. 28

U.S.C. §§ 1491(a)(1)-(2). *See* general reconstruction powers. *Brown v. Board of Education of Topeka II*, 349 U.S. 294 (1955) (courts may enforce school enrollment "with all deliberate speed.").

6. Award earned damages totaling multimillion or billions.

7. Due Process. Commerce Clauses. 18 U.S.C. §§ 1964-1968. U.S. const., amend. V.

8. Order Plaintiff back into the Notre Dame Law School to complete course of study for his J.D. candidacy, within the minimum time required, 1.2667 semesters. *Brown II*, 349 U.S. at 294 (courts may enforce school enrollment "with all deliberate speed."). *See also* 28 U.S.C. § 1631.

9. Briefing on the bio-tech weapon, including effects and risks on regressive human evolution of Plaintiff and Plaintiff's descendent, as all adversity impacts human evolution, and medicine/weaponry for forward-evolution. The antidote would be top-top secret or under lesser security clearances. 28 U.S.C. §§ 1491(a)(1)-(2). Due Process.

10. Award value of contracted money.

11. Re-distribution of advance weaponry to me, for Safety and Happiness. U.S. const., art. IV, §§ 1 & 2, cl. 1 & art. III, § 1.

12. Other remedies which the court might deem fit, including because of the attack on my celebrity.


Respectfully submitted,


/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street

Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


J.D. Candidate, Notre Dame L. Sch. 2022 (or permanently
    withdrew)
President/Student Body President, Student Gov't Ass'n of
    Emory U., Inc. 2013-2014 (corporate sovereign 2013-
    present)
Student Body President, Brownsburg Cmty. Sch.
    Corp./President, Brownsburg High Sch. Student Gov't
    2009-2010 (corporate sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the
    Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High
    Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
    2010
Vice President of Fin. (Indep.), Oxford C. Republicans of
    Emory U., Inc. 2011-2012

## <u>RELATED CASES</u>

**FEDERAL CASES**

1. *Patel v. United States*, No. 2022-1131 (Fed. Cir. Jun. 2, 2022).

    2. *T.E., T.E. Raj K. Patel v. United States*, No. 1:21-cv-2004-LAS (Fed. Cl. Nov. 5, 2021).

3. *Patel v. Biden et al.*, No. 22-5057 (D.C. Cir. Jun. 8, 2022).

    4. *Patel v. Biden et al.*, No. 22-cv-394-UNA (D.D.C. Mar. 9, 2022).

5. *Patel v. The White House*, CBCA 7419 (202_).

6. *Patel v. Biden et al.*, No. 1:22-cv-01658-UNA (D.D.C. 202_).

---

**Federal Courts Without Subject-Matter Jurisdiction**

7. *Patel v. Trump Corp.*, No. 20-1513 (June 14, 2021), *reh'g denied* (U.S. Aug. 2, 2021).

    8. *Doe v. Trump Corp.*, No. 20-1706 (2d Cir. Oct. 9, 2020).

    9. *Doe et al. v. The Trump Corp. et al.*, No. 1:18-cv-9936-LGS (S.D.N.Y. May 26, 2020), Dkt. 272.

10. *Patel v. F.B.I. et al.*, No. 1:18-cv-3441-RLY-DML (S.D.I.N. Nov. 13, 2018).

11. *Patel v. F.B.I. et al.*, No. 1:18-cv-3442-WTL-DML (S.D.I.N. Nov. 13, 2018).

12. *Patel v. F.B.I. et al.*, No. 1:18-cv-3443-TWP-MJD (S.D.I.N. Nov. 13, 2018).

13. *Patel v. Trump et al.*, No. 1:20-cv-454-SEB-DML (S.D.I.N. Feb. 19, 2020).

14. *Patel v. Trump et al.*, No. 1:20-cv-758-RLY-MJD (S.D.I.N. Apr. 14, 2020).

15. *Trump v. Vance, Jr. et al.*, No. 1:19-cv-8694-VM (S.D.N.Y. July 9, 2020), Dkt. 45.

16. *Patel v. Patel et al.*, No. 20-2713 (7th Cir. Jan. 21, 2021).

17. *Patel v. Patel et al.*, No. 1:20-cv-1772-TWP-MPB (Sept. 1, 2020).

18. *Carroll v. Trump*, No. 1:20-cv-7311-LAK (S.D.N.Y. Oct. 28, 2020), Dkt. 36.

19. *Patel v. Martinez et al.*, No. 3:21-cv-241 RLM-JPK (N.D.I.N. Apr. 8, 2021).

20. *Patel v. The President of the United States Joe Biden et al.*, No. 2:21-cv-01345-APG-EJY (D. Nev. Aug. 9, 2021).

21. *Patel v. United States*, No. 1:21-cv-22729-BB (S.D. Fla. Aug. 12, 2021).

22. *Patel v. United States et al.*, No. 1:21-cv-2219-JMS-TAB (S.D.I.N. Aug. 20, 2021).

23. *Patel v. United States et al.*, No. 1:21-cv-2263-UNA (D.D.C. Sept. 8, 2021).

24. *Patel v. United States et al.*, No. 2:21-cv-4160-NKL (W.D. Mo. Sept. 13, 2021).

25. *Patel v. United States et al.*, No. 2:21-cv-16029-SDW-CLW (D.N.J. Sept. 20, 2021).

26. *Patel v. The United States et al.*, No. 1:21-cv-6553-LTS (S.D.N.Y. Sept. 20, 2021).

27. *Patel v. The United States et al.*, No. 1:21-cv-2250-RLY-MG (S.D.I.N. Sept. 21, 2021).

28. *Patel v. United States et al.*, No. 1:21-cv-11429-LTS (D. Mass. Sept. 24, 2021).

29. *Patel v. Biden et al.*, No. 21-5155 (D.C. Cir. Sept. 27, 2021).

30. *In Re Raj K. Patel*, No. 21-5153 (D.C. Cir. Aug. 6, 2021).

31. *Patel v. Biden et al.*, No. 1:21-cv-1076-TSC (D.D.C. July 2, 2021).

32. *The Excellent Raj Patel v. The United States et al.*, No. 1:21-cv-3335-MLB (N.D. Ga. Oct. 5, 2021).

33. *The Excellent Raj Patel v. The United States et al.*, No. 1:21-cv-3376-MLB (N.D. Ga. Oct. 5, 2021).

34. *Patel v. United States et al.*, No. 3:21-cv-628-RLM-APR (N.D.I.N. Oct. 7, 2021).

35. *Patel v. Biden et al.*, No. 22-cv-465-JMS-MG (S.D.I.N. Mar. 24, 2022).

36. *In Re Raj Patel*, No. 22-mc-00024-TWP (S.D.I.N. 2022).

**STATE CASE**

37. *Patel v. Patel*, No. 32D05-1808-PO-000372 (Ind. Super. Ct. Aug. 21, 2018).

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Pro Se Complaint on 06/12/2022 to below individuals via the Indiana Court System e-filing and Sherriff Service:

**University of Notre Dame**
**c/o Rev. John I. Jenkins, C.S.C., President**
400 Main Building
Notre Dame, IN 46556
Tel: (574) 631-3903
Fax: (574) 631-7428
president@nd.edu

**University of Notre Dame**
**c/o Marianne Corr, J.D., Vice President & General Counsel**
204 Main Building
Notre Dame, Indiana 46556
Phone: 574-631-6411
Fax: 574-631-8233
Marianne.Corr.10@nd.edu
gencoun@nd.edu

**University of Notre Dame**
**c/o G. Marcus Cole, J.D., Dean of the Law School**
2100 Eck Hall of Law
Notre Dame, Indiana 46556
Phone: 574-631-6789
gcole2@nd.edu


Respectfully submitted,


/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


Dated: June 12, 2022

- 27 -

 Apps

Raj Patel <rpatel4@nd.edu>

---

## Readmission
17 messages

---

**Raj Patel** <rpatel4@nd.edu>                                              Thu, Dec 7, 2017 at 2:23 PM
To: Lloyd Mayer <lmayer@nd.edu>

Hello Professor Mayer,

As you know, I took a voluntary separation of leave this semester.  I was wondering if I can be readmitted next
spring.  I found the forms below on the internet. Do I know need to fill out the first form since it was on a voluntary
basis? I did not seek it to get medical help.

- (1) Student Readmission Questionnaire
- (2) Release of Information for Treatment Provider – ALL students
- (3) Release Of Information For Law Readmissions


Sincerely,



Raj Patel, JD Candidate
Notre Dame Law School 2018
rpatel4@nd.edu | 317-331-0008

---

**Lloyd Mayer** <lmayer@nd.edu>                                            Thu, Dec 7, 2017 at 4:12 PM
To: Raj Patel <rpatel4@nd.edu>

Hello Mr. Patel,

Thanks for contacting me. I actually do not handle readmissions any more - that was from when I was an Associate
Dean. I recommend that you contact Anne Hamilton, as she should be able to get your request to the right person.

All the best,

LHM

Lloyd Hitoshi Mayer
Professor of Law
Notre Dame Law School
P.O. Box 780
Notre Dame, IN 46556-0780
campus address:  3155 Eck Hall of Law
(574) 631-8057/cell:  (574) 598-0740/fax: (574) 631-8078
SSRN Author Page
[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                            Thu, Dec 7, 2017 at 5:07 PM

To: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Anne,

Please email below for details.

Best,

Raj Patel

**From:** Lloyd Mayer <lmayer@nd.edu>
**Sent:** Thursday, December 7, 2017 4:12:51 PM
**To:** Raj Patel
**Subject:** Re: Readmission

[Quoted text hidden]

---

**Anne Hamilton** <Anne.C.Hamilton.4@nd.edu>                    Thu, Dec 7, 2017 at 9:16 PM
To: Raj Patel <rpatel4@nd.edu>

Raj, please check with Peter Horvath on the procedures you need to follow for readmission consideration.
Thank you,
Anne
[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                    Thu, Dec 7, 2017 at 9:30 PM
To: Peter Horvath <phorvath@nd.edu>

Hello Peter,

Please see the email thread below.

**From:** Anne Hamilton <Anne.C.Hamilton.4@nd.edu>
**Sent:** Thursday, December 7, 2017 9:16:12 PM
**To:** Raj Patel
**Subject:** Re: Re: Readmission

[Quoted text hidden]

---

**Peter Horvath** <phorvath@nd.edu>                    Fri, Dec 8, 2017 at 8:37 AM
To: Raj Patel <rpatel4@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Raj,

Thanks for the note and I hope you're doing well.

As I know we discussed at the time you were considering withdrawing from school and you mentioned the possibility of returning in the Spring 2018 semester, do you feel that you've had enough time away to address the underlying reasons for why you withdrew in the first place?  I am very concerned that this return may be too soon and, if you have not had time to address properly the reasons for your withdrawal, you may experience the same issues in the

spring.  And we certainly do not want to be in a position of setting you up for a difficult or unmanageable semester.

Please let us know what you think and how you feel your situation has changed or improved over the last few weeks, such that you would be able to return so soon.

Regards,

Peter

[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                                    Fri, Dec 8, 2017 at 8:57 AM
To: Peter Horvath <phorvath@nd.edu>

Hello Peter,

Thank you for your quick response. I've spoken to my parents with this issue, and it's probably come to the best resolution.

The underlying reason was the family and technology issues which has been going on for a while. It caused a lack of motivation. I was only in 14 credits this semester, and 11 academics creidts when I took a voluntary seperation. I needed to maintain or raise my GPA, and I've never felt like this before. Therefore, I took a voluntary separation of leave.

I believe I will be ready to start the semester again this spring. I might need to stay for the fall too, but I was hoping we can discuss ways in which I might be able to complete in the spring by taking 7 pre-semester MBA credits before law school classes start.

Sincerely,


Raj Patel

---

**From:** Peter Horvath <phorvath@nd.edu>
**Sent:** Friday, December 8, 2017 8:37:07 AM
**To:** Raj Patel
**Cc:** Kevin O'Rear; Anne Hamilton
**Subject:** Re: Re: Re: Readmission

[Quoted text hidden]

---

**Peter Horvath** <phorvath@nd.edu>                                              Wed, Dec 13, 2017 at 11:45 AM
To: Raj Patel <rpatel4@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Raj,

If you would like to apply for readmission for the Spring 2018 semester, our standard procedure for students who wish to return includes providing to me or Dean O'Rear:

  1. An updated character-and-fitness questionnaire, which is below, and
  2. An official statement of what you did while you were away from school, as a separate document.

Additionally, we ask that you submit a letter from your most recent treatment provider(s) to the University Counseling Center for review.

Please send these items as soon as you are able so we have time to review them well in advance of when the Spring 2018 semester begins on January 15.

Regards,

Peter


Character and Fitness
Please check "Yes" or "No" for each question. If the answer to either question is "Yes," you must submit a full explanation of
circumstances involved and resolution of the situation(s) for each question so answered as an electronic attachment. Please
double-space your explanation and label the attachment with your name, LSAC account number, and use the title "Character
and Fitness" in the header.
If you answer "No" to these questions now but later engage in an action that would have caused you to answer "Yes" to either
of the Character and Fitness questions, you must immediately update the Office of Admissions regarding the incident. Please
send updates to bulletin@nd.edu.
In addition to a bar examination, there are character, fitness, and other qualifications for admission to the bar in every U.S.
jurisdiction. Applicants are encouraged to determine the requirements for any jurisdiction in which they intend to seek
admission by contacting the jurisdiction. Addresses for all relevant agencies are available through the National Conference of
Bar Examiners.
Have you ever been formally accused of or been suspended, dismissed, expelled, asked to withdraw, or placed on probation
for any academic, scholastic, disciplinary, or other misconduct by any school, college, or university?
_____ Yes
_____ No
Have you ever been arrested, charged with, or convicted of a misdemeanor, felony, or other crime? This includes charges
that are pending, or to which you have plead "guilty" or "no contest."
_____ Yes
_____ No
[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                                                    Wed, Dec 13, 2017 at 1:54 PM
To: Peter Horvath <phorvath@nd.edu>


Raj Patel, JD Candidate
Notre Dame Law School 2018
rpatel4@nd.edu | 317-331-0008

[Quoted text hidden]

---



**Character and Fitness.pdf**
42K

---

**Peter Horvath** <phorvath@nd.edu>                                    Wed, Dec 13, 2017 at 1:54 PM
To: Raj Patel <rpatel4@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Raj,

Specifically regarding the information needed by the University Counseling Center, please see
http://ucc.nd.edu/readmission/#lawschool, which reads:

**Law School Students**

You must contact the Associate Dean for Academic Affairs no later than April 15 (if you are eligible for fall semester
readmission) or by October 15 (if you are eligible for spring semester readmission). Please note that readmission is
not automatic.

The Law School will notify the UCC of your interest in readmission. Please print and complete the
required UCC readmission forms and procedures outlined within them. Links to the required UCC readmission forms
are listed below.

Your readiness to return and resume the pressures of academic life at Notre Dame Law School will be evaluated by
the UCC and a recommendation made to the Law School. The completed UCC readmission materials must be received
no later than **April 24 (if applying for the following fall semester) or November 12 (if applying for the
following spring semester)**. The UCC will be able to make a recommendation **only** after received all required
materials. The Law School makes the final decision regarding the student's readmission.

Peter

On Wed, Dec 13, 2017 at 11:45 AM, Peter Horvath <phorvath@nd.edu> wrote:
[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                         Wed, Dec 13, 2017 at 2:35 PM
To: Peter Horvath <phorvath@nd.edu>

Hello Peter, Please see the attached.

Raj Patel, JD Candidate
Notre Dame Law School 2018
rpatel4@nd.edu | 317-331-0008

[Quoted text hidden]

---

**2 attachments**

**readmission_questionnaire_to_be_completed_by_the_student_updated_12_11_17.pdf**
330K

**Seperation of Leave.pdf**

University of Notre Dame Mail - Readmission                                                                                                    4/26/18, 1:18 AM

 33K

---

**Peter Horvath** <phorvath@nd.edu>                                                                      Wed, Dec 13, 2017 at 5:25 PM
To: Raj Patel <rpatel4@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Raj,

We are aware that you were hospitalized while you've been away from NDLS.  As such, we must follow the University's established protocol, which means you must provide additional information about this hospitalization from your treatment provider(s), irrespective of the initial reason why you withdrew from school and that you did not indicate that you were withdrawing for health reasons.  This cannot merely be documentation from a doctor or caregiver you might have seen since the hospitalization, but it must be from the person(s) who treated you at the hospital.

Further, you must provide this information no later than 12:00 PM on Thursday, December 21, as it needs to be reviewed by a counselor in the University Counseling Center.  Even then, with counselors being away for the Holidays and considering the time it will take to evaluate information about the hospitalization, the decision on your readmission may be made as late as January 12, 2018.

Peter
[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                                                              Wed, Dec 13, 2017 at 6:23 PM
To: Peter Horvath <phorvath@nd.edu>

Hello Peter,

Can I ask how the law school was made aware? I'm just wondering.

Thanks,

Raj Patel

---

**From:** Peter Horvath <phorvath@nd.edu>
**Sent:** Wednesday, December 13, 2017 5:25:01 PM
[Quoted text hidden]

[Quoted text hidden]

---

**Peter Horvath** <phorvath@nd.edu>                                                                      Thu, Dec 14, 2017 at 10:29 AM
To: Raj Patel <rpatel4@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Raj,

I am not in a position to share that information.  The important thing is making sure you are all right and approved to return to school, which is why the University has established the process of getting supporting documentation from a treatment provider.  Let's focus on the process and the relevant items needed by 12 PM next Thursday, December 21.

Peter

[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                      Thu, Dec 14, 2017 at 2:46 PM
To: Peter Horvath <phorvath@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter, please see the attached.


Raj Patel, JD Candidate
Notre Dame Law School 2018
rpatel4@nd.edu | 317-331-0008

[Quoted text hidden]

---

**2 attachments**

 **updated_roi_for_the_law_school_updated_8_27_15.pdf**
171K

 **updated_roi_fortreating_agent_updated_8_27_15.pdf**
216K

---

**Peter Horvath** <phorvath@nd.edu>                                Thu, Dec 14, 2017 at 2:54 PM
To: Raj Patel <rpatel4@nd.edu>
Cc: Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Thank you, Raj.  I also want to make sure (1) you've reviewed the Readmission Memo and (2) you are in the process of having the Student Readmission Questionnaire and the Treatment Provider Questionnaire completed.

Regards,

Peter

[Quoted text hidden]

---

**Raj Patel** <rpatel4@nd.edu>                                      Thu, Dec 14, 2017 at 3:48 PM
To: Peter Horvath <phorvath@nd.edu>, Kevin O'Rear <korear@nd.edu>, Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter,

I have sent those things in. If re-admitted, I was hoping to take 6-7 business school credits before the law school semester; they will be on a S/U basis. I will then take 14-15 credits during the spring semester.  If I can do this, I will be able to graduate in Spring 2018.  I read Section 4.4.4.1.6 to be the exception to the 3 credit limitations per semester (4.4.4.1).  I was wondering if my voluntary separation of leave would constitute a "extraordinarily compelling reasons."  Therefore, I would like to see if the dean will waive the requirement per 4.4.4.1.


4.4.4.1. A student in the Law School may receive curricular academic credit for graduate-level courses taken in the Graduate School or the Mendoza College of Business ("Mendoza") as follows:

**4.4.4.1.1.** Up to three hours of curricular academic credit may count toward the minimum hour requirements in any

semester after the first year.

4.4.4.1.2. Up to nine hours of curricular academic credit may be credited toward the J.D. degree.

4.4.4.1.3. The determination of what constitutes a graduate- level course for purposes of this rule rests within the dean's discretion.

4.4.4.1.4. Students enrolled in joint degree programs described in section 4.7 are not subject to the limits imposed by section 4.4.4.1.1 and section 4.4.4.1.2 but are instead subject to the limits imposed by those programs.

4.4.4.1.5. For students enrolled in a second degree program at the University that is not part of a joint degree program described in section 4.7, the dean may waive the limits imposed by section 4.4.4.1.1 and section 4.4.4.1.2 for good cause.

**4.4.4.1.6.** For students not covered by section 4.4.4.1.4 or section 4.4.4.1.5, the dean may waive the limits imposed by section 4.4.4.1.1 and section 4.4.4.1.2, ***but only for extraordinarily compelling reasons***.

Best,

Raj Patel, JD Candidate
Notre Dame Law School 2018
rpatel4@nd.edu | 317-331-0008

[Quoted text hidden]

 Gmail

Raj Patel <raj@rajpatel.live>

---

**Application Analysis**
1 message

---

**Raj Patel** <raj@rajpatel.live>                                                        Wed, May 20, 2020 at 11:
To: Kevin Doyle O'Rear <korear@nd.edu>

Hello Dean O'Rear,

Have you ever been arrested, charged with, or convicted of a misdemeanor, felony, or other crime? This includes charges that are pending, or to which you plead "guilty" or "no contest." *

(1) For curiosity, does this question include charges which are expunged? Section (d) of Indiana Code (I.C.) 35-38-9-10 states that "In any application for employment, a license, or other right or privilege, a [le person may be questioned about a previous criminal record only in terms that exclude expunged convictions or arrests, such as: 'Have you ever been arrested for or convicted of a crime *that has not been expunge a court?'"* The current Notre Dame question is inclusive of expunged records. However, I.C. 35-38-9-10(d) qualifies questions a law school may ask for the right to re-apply in terms of non-expunged records only *Previous criminal records include, but are not limited to, charge records, arrests records, and mental health records.* Therefore, Notre Dame's question is invalid because it is too broad by being inclusive of non-expunged records and requiring a mental health evaluation. Notre Dame should change its question to include only non-expunged records.

http://iga.in.gov/static-documents/9/8/c/5/98c51072/TITLE35_AR38_ch9.pdf

(2) For clarification, according to my lawyer, if accusations from a prosecutor/charge are dismissed, then a person is never legally charged nor legally convicted. After legal expungement, individuals are given th explicit legal statutory right to say "no," to questions such as "are there expunged records." *See generally* I.C. 35-38-9-10(d) and (e). This includes law school applications. For the Fall 2020 application, I inadvertently marked "yes," when the answer should have been "no." Requiring me to go to the University Counseling Center is incriminating and in violation of I.C. 35-38-9-10(d) and (e).

(3) A.B.A. Standard 504 proposes two different times a law school should ask about character and fitness in the form of two different questions, one before admissions and one for students after matriculation. Therefore, maybe Notre Dame might consider updating the character and fitness test for admissions and re-admissions. The character and fitness test *before* admissions decisions and re-admissions can be limited non-expunged records. The character and fitness test *after* admissions and re-admissions can be more inclusive of expunged records because it will help the law school advice for bar admissions.

https://www.americanbar.org/content/dam/aba/administrative/legal_education_and_admissions_to_the_bar/standards/2019-2020/2019-2020-aba-standards-chapter5.pdf

Best,

Raj Patel

Raj K. Patel
Law, Notre Dame Law School 2021 (on a voluntary separation of leave, in good standing)

Political Science and Religious Studies (Honors), Emory University 2014

Student Body President, Emory University, Inc. 2013-2014
President, Emory University Student Government Association 2013-14

Assistant Chair, S.G.A. Governance Committee & Rep.-At-Large 2012-13

Student Body President, Brownsburg Community School Corporation 2009-2010
President, Brownsburg High School Student Council C.H.A.I.N. Link 2009-10

Representative from Notre Dame S.B.A. to the Indiana State Bar Association, 2017

501 N. Capitol Avenue, Apt. 2114-D
Indianapolis, IN 46204
U.S.A.
(m) 317-450-6651
raj@rajpatel.live
rajp2010@gmail.com

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherw be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copie the original message.

 **Gmail**

**Raj Patel <raj@rajpatel.live>**

## Follow Up Regarding Withdrawal Status and Readmission Procedure
1 message

**Kevin O'Rear** <korear@nd.edu>                                      Wed, May 20, 2020 at 10:36 AM
To: Raj Patel <raj@rajpatel.live>
Cc: "Jacob S. Baska" <jbaska@nd.edu>, Jennifer Fox <jenniferfox@nd.edu>

Dear Raj: The questions you submitted recently to Law Registrar Jenny Fox and Director of Admissions Jake Baska have been forwarded to me for response.

You asked Jenny about the form of your withdrawal. You withdrew during the semester separated from the university on November 17, 2017.

You asked Jake about the form(s) required for readmission. The form that you will be required to complete in order to be considered eligible for admission in Spring 2021 is available at: https://docs.google.com/forms/d/e/ 1FAIpQLSfYBtShGBBh8ehOFbPaPwdOppvw1ekgaxXtpge14JbthHB5bQ/viewform. The deadline for completing an application is October 15, 2020.

As Jake noted in his message to you on May 11, if you choose to reapply you must obtain a certification of readiness from the University Counseling Center. They will provide guidance on their paperwork and related requirements for readmission. You may find the necessary contact information at https://ucc.nd.edu/readmission/.

Please direct any further correspondence to my attention. Thank you.

**Kevin Doyle O'Rear**
*Assistant Dean*
The Law School
University of Notre Dame
law.nd.edu

574-631-5410 (direct)
574-261-7192 (mobile)

1106 Eck Hall of Law
Notre Dame, IN 46556

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Fwd: Appointment Request
1 message

---

**Raj Patel** <raj@rajpatel.live>                                                Fri, May 15, 2020 at 12:50 PM
To: Marianne Corr <mcorr1@nd.edu>

It looks like Dean ORear admitted to discriminating against me and violating explicit law of Indiana.

Best,

Raj Patel


---------- Forwarded message ---------
From: **Raj Patel** <raj@rajpatel.live>
Date: Thu, May 14, 2020, 10:17 PM
Subject: Re: Appointment Request
To: Kevin O'Rear <korear@nd.edu>
Cc: Jacob S. Baska <jbaska@nd.edu>


We have received many messages from you in the past few years that are disturbing and which raise serious questions about your ability to pass a character and fitness review.

^ Per the law, I do not foresee any legal questions raised to pass a character and fitness test. *See* I.C. 35-38-9-10(b)(4)-(6) and (d) and (e). In fact, I feel discriminated by your answer on my character and fitness.



Best,


Raj Patel


On Thu, May 14, 2020, 10:06 PM Raj Patel <raj@rajpatel.live> wrote:
  (2) be aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

  ^ Why is this even a material consideration for re-admissions? Relationships with law school professors is not a part of application process. You're reprimanding me without trial by the Hoynes Code, which probably does not apply to the time I am not a law student. Further, it is retaliation for using my First Amendment rights.

  On Thu, May 14, 2020, 8:49 PM Raj Patel <raj@rajpatel.live> wrote:
    **IC 35-38-9-10**
    Unlawful discrimination against a person whose record has been
    expunged; exceptions
    Sec. 10. (a) This section does not apply to a person to whom sealed records may be disclosed under section 6(a)(2)
    of this chapter.
    **(b) It is unlawful discrimination for any person to:**
    **(1) suspend;**
    **(2) expel;**
    **(3) refuse to employ;**
    **(4) refuse to admit;**
    **(5) refuse to grant or renew a license, permit, or certificate**
    **necessary to engage in any activity, occupation, or profession;**
    **or**

**(6) otherwise discriminate against;**
**any person because of a conviction or arrest record expunged or**
**sealed under this chapter.**
(c) Except as provided in section 6(f) of this chapter, the civil
rights of a person whose conviction has been expunged shall be fully
restored, including the right to vote, to hold public office, to be a
proper person under IC 35-47-1-7(2), and to serve as a juror.
**(d) In any application for employment, a license, or other <u>right or</u>**
**<u>privilege</u>, a person may be questioned about a previous criminal**
**record <u>only in terms that exclude expunged convictions or arrests</u>,**
**such as: "Have you ever been arrested for or convicted of a crime**
**that has not been expunged by a court?".**
(e) **A person whose record is expunged shall be treated as if the person had never been convicted of the**
**offense.** However, upon a
subsequent arrest or conviction for an unrelated offense, the prior
expunged...

http://www.state.in.us/ipdc/files/TITLE35_AR38_ch9.pdf&ved=2ahUKEwiWpIXqz7TpAhXiB50JHQZSA
D8QFjABegQIERAG&usg=AOvVaw0yFCqtPXLii1Wt622ipvv1

On Thu, May 14, 2020, 5:32 PM Kevin O'Rear <korear@nd.edu> wrote:
> Dear Raj: Thank you for your email. I do not believe a meeting or phone call is necessary or would be helpful at this
> time.
>
> You indicate that you believe you would forgo your J.D. candidacy if you do not re-enroll at Notre Dame by Spring
> 2021. That is not necessarily correct. While the Hoynes Code and ABA Standard 311(b) require a student to
> complete a JD degree within 84 months of beginning, it is important to note:
>
> - The 84-month requirement may be waived for extraordinary circumstances
> - You are not required to complete your studies at Notre Dame Law School in order to receive a J.D., and you
>   may apply for transfer admission to any other accredited law school.
>
> I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your
> application will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the
> Law School is not guaranteed, although whether you have filed litigation against the University will not, in and of
> itself, prevent you from being admitted.
>
> We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have
> received many messages from you in the past few years that are disturbing and which raise serious questions
> about your ability to pass a character and fitness review. I flag this so that you may (1) guide your behavior going
> forward and (2) be aware that the Law School may decide in the future that, based upon your conduct, including
> disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.
>
> Best wishes,
>
> **Kevin Doyle O'Rear**
> *Assistant Dean*
> The Law School
> University of Notre Dame
> law.nd.edu
>
> 574-631-5410 (direct)
> 574-261-7192 (mobile)
>
> 1106 Eck Hall of Law
> Notre Dame, IN 46556
>
>
> On Wed, May 13, 2020 at 10:58 AM Raj Patel <raj@rajpatel.live> wrote:
>> Hello Dean O'Rear,
>>
>> I applied for readmissions into the Law School for Fall 2020, but I was denied. If I do not re-enroll by Spring
>> 2021, I have to forgo my J.D. candidacy.

6/12/22, 9:08 PM
Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 40 of 201 PageID #: 268
Tajuana.live - Need to re-Appointment Request

I took a voluntary seperation of leave in good standing, and I have a 3.1/4.0 GPA at the Law School. I feel like some of my grades are deflated, and while I sued the university, the judge reasoned in my favor before dismissing the case. The judge said that I should receive the benefit of the doubt iny allegations.

Other students have sued universities without risking their attendance at that university.

I was hoping you can help me re-enroll in Fall 2020 or Spring 2021.

I am available for an in-person meeting.


Best,


Raj Patel
317-450-6651

 Gmail

**Raj Patel <raj@rajpatel.live>**

## Re: Appointment Request
1 message

**Raj Patel** <raj@rajpatel.live>                                          Thu, May 14, 2020 at 10:17 PM
To: Kevin O'Rear <korear@nd.edu>
Cc: "Jacob S. Baska" <jbaska@nd.edu>

We have received many messages from you in the past few years that are disturbing and which raise serious questions about your ability to pass a character and fitness review.

^ Per the law, I do not foresee any legal questions raised to pass a character and fitness test. *See* I.C. 35-38-9-10(b)(4)-(6) and (d) and (e). In fact, I feel discriminated by your answer on my character and fitness.


Best,


Raj Patel


On Thu, May 14, 2020, 10:06 PM Raj Patel <raj@rajpatel.live> wrote:
> (2) be aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.
>
> ^ Why is this even a material consideration for re-admissions? Relationships with law school professors is not a part of application process. You're reprimanding me without trial by the Hoynes Code, which probably does not apply to the time I am not a law student. Further, it is retaliation for using my First Amendment rights.

On Thu, May 14, 2020, 8:49 PM Raj Patel <raj@rajpatel.live> wrote:
> **IC 35-38-9-10**
> Unlawful discrimination against a person whose record has been expunged; exceptions
> Sec. 10. (a) This section does not apply to a person to whom sealed records may be disclosed under section 6(a)(2) of this chapter.
> **(b) It is unlawful discrimination for any person to:**
> **(1) suspend;**
> **(2) expel;**
> **(3) refuse to employ;**
> **(4) refuse to admit;**
> **(5) refuse to grant or renew a license, permit, or certificate necessary to engage in any activity, occupation, or profession; or**
> **(6) otherwise discriminate against;**
> **any person because of a conviction or arrest record expunged or sealed under this chapter.**
> (c) Except as provided in section 6(f) of this chapter, the civil rights of a person whose conviction has been expunged shall be fully restored, including the right to vote, to hold public office, to be a proper person under IC 35-47-1-7(2), and to serve as a juror.
> **(d) In any application for employment, a license, or other <u>right or privilege</u>, a person may be questioned about a previous criminal record <u>only in terms that exclude expunged convictions or arrests</u>, such as: "Have you ever been arrested for or convicted of a crime that has not been expunged by a court?".**
> **(e) A person whose record is expunged shall be treated as if the person had never been convicted of the offense.** However, upon a
> subsequent arrest or conviction for an unrelated offense, the prior

expunged...

http://www.state.in.us/ipdc/files/TITLE35_AR38_ch9.pdf&ved=2ahUKEwiWpIXqz7TpAhXiB50JHQZSA
D8QFjABegQIERAG&usg=AOvVaw0yFCqtPXLii1Wt622ipvv1

On Thu, May 14, 2020, 5:32 PM Kevin O'Rear <korear@nd.edu> wrote:
Dear Raj: Thank you for your email. I do not believe a meeting or phone call is necessary or would be helpful at this
time.

You indicate that you believe you would forgo your J.D. candidacy if you do not re-enroll at Notre Dame by Spring
2021. That is not necessarily correct. While the Hoynes Code and ABA Standard 311(b) require a student to
complete a JD degree within 84 months of beginning, it is important to note:

- The 84-month requirement may be waived for extraordinary circumstances
- You are not required to complete your studies at Notre Dame Law School in order to receive a J.D., and you
  may apply for transfer admission to any other accredited law school.

I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your
application will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the
Law School is not guaranteed, although whether you have filed litigation against the University will not, in and of
itself, prevent you from being admitted.

We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have
received many messages from you in the past few years that are disturbing and which raise serious questions
about your ability to pass a character and fitness review. I flag this so that you may (1) guide your behavior going
forward and (2) be aware that the Law School may decide in the future that, based upon your conduct, including
disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

Best wishes,

**Kevin Doyle O'Rear**
*Assistant Dean*
The Law School
University of Notre Dame
law.nd.edu

574-631-5410 (direct)
574-261-7192 (mobile)

1106 Eck Hall of Law
Notre Dame, IN 46556


On Wed, May 13, 2020 at 10:58 AM Raj Patel <raj@rajpatel.live> wrote:

Hello Dean O'Rear,

I applied for readmissions into the Law School for Fall 2020, but I was denied. If I do not re-enroll by Spring
2021, I have to forgo my J.D. candidacy.

I took a voluntary seperation of leave in good standing, and I have a 3.1/4.0 GPA at the Law School. I feel like
some of my grades are deflated, and while I sued the university, the judge reasoned in my favor before
dismissing the case. The judge said that I should receive the benefit of the doubt iny allegations.

Other students have sued universities without risking their attendance at that university.

I was hoping you can help me re-enroll in Fall 2020 or Spring 2021.

I am available for an in-person meeting.


Best,

Raj Patel
317-450-6651

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: Appointment Request
1 message

---

**Raj Patel** <raj@rajpatel.live>                                    Thu, May 14, 2020 at 10:06 PM
To: Kevin O'Rear <korear@nd.edu>
Cc: "Jacob S. Baska" <jbaska@nd.edu>

(2) be aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

^ Why is this even a material consideration for re-admissions? Relationships with law school professors is not a part of application process. You're reprimanding me without trial by the Hoynes Code, which probably does not apply to the time I am not a law student. Further, it is retaliation for using my First Amendment rights.

On Thu, May 14, 2020, 8:49 PM Raj Patel <raj@rajpatel.live> wrote:
**IC 35-38-9-10**
Unlawful discrimination against a person whose record has been
expunged; exceptions
Sec. 10. (a) This section does not apply to a person to whom sealed records may be disclosed under section 6(a)(2) of this chapter.
**(b) It is unlawful discrimination for any person to:**
**(1) suspend;**
**(2) expel;**
**(3) refuse to employ;**
**(4) refuse to admit;**
**(5) refuse to grant or renew a license, permit, or certificate**
**necessary to engage in any activity, occupation, or profession;**
**or**
**(6) otherwise discriminate against;**
**any person because of a conviction or arrest record expunged or**
**sealed under this chapter.**
(c) Except as provided in section 6(f) of this chapter, the civil
rights of a person whose conviction has been expunged shall be fully
restored, including the right to vote, to hold public office, to be a
proper person under IC 35-47-1-7(2), and to serve as a juror.
**(d) In any application for employment, a license, or other <u>right or</u>**
**<u>privilege</u>, a person may be questioned about a previous criminal**
**record <u>only in terms that exclude expunged convictions or arrests</u>,**
**such as: "Have you ever been arrested for or convicted of a crime**
**that has not been expunged by a court?".**
(e) **A person whose record is expunged shall be treated as if the person had never been convicted of the offense.** However, upon a
subsequent arrest or conviction for an unrelated offense, the prior
expunged...

http://www.state.in.us/ipdc/files/TITLE35_AR38_ch9.pdf?ved=2ahUKEwiWpIXqz7TpAhXiB50JHQZSA
D8QFjABegQIERAG&usg=AOvVaw0yFCqtPXLii1Wt622ipvv1

On Thu, May 14, 2020, 5:32 PM Kevin O'Rear <korear@nd.edu> wrote:
Dear Raj: Thank you for your email. I do not believe a meeting or phone call is necessary or would be helpful at this time.

You indicate that you believe you would forgo your J.D. candidacy if you do not re-enroll at Notre Dame by Spring 2021. That is not necessarily correct. While the Hoynes Code and ABA Standard 311(b) require a student to complete a JD degree within 84 months of beginning, it is important to note:

- The 84-month requirement may be waived for extraordinary circumstances
- You are not required to complete your studies at Notre Dame Law School in order to receive a J.D., and you may apply for transfer admission to any other accredited law school.

I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your application will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the Law School is not guaranteed, although whether you have filed litigation against the University will not, in and of itself, prevent you from being admitted.

We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have received many messages from you in the past few years that are disturbing and which raise serious questions about your ability to pass a character and fitness review. I flag this so that you may (1) guide your behavior going forward and (2) be aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

Best wishes,

**Kevin Doyle O'Rear**
*Assistant Dean*
The Law School
University of Notre Dame
law.nd.edu

574-631-5410 (direct)
574-261-7192 (mobile)

1106 Eck Hall of Law
Notre Dame, IN 46556

On Wed, May 13, 2020 at 10:58 AM Raj Patel <raj@rajpatel.live> wrote:

> Hello Dean O'Rear,
>
> I applied for readmissions into the Law School for Fall 2020, but I was denied. If I do not re-enroll by Spring 2021, I have to forgo my J.D. candidacy.
>
> I took a voluntary seperation of leave in good standing, and I have a 3.1/4.0 GPA at the Law School. I feel like some of my grades are deflated, and while I sued the university, the judge reasoned in my favor before dismissing the case. The judge said that I should receive the benefit of the doubt iny allegations.
>
> Other students have sued universities without risking their attendance at that university.
>
> I was hoping you can help me re-enroll in Fall 2020 or Spring 2021.
>
> I am available for an in-person meeting.
>
>
> Best,
>
>
> Raj Patel
> 317-450-6651



**Raj Patel <raj@rajpatel.live>**

---

## Re: Appointment Request
1 message

---

**Raj Patel** <raj@rajpatel.live>                                                    Thu, May 14, 2020 at 8:49 PM
To: Kevin O'Rear <korear@nd.edu>
Cc: "Jacob S. Baska" <jbaska@nd.edu>

> **IC 35-38-9-10**
> Unlawful discrimination against a person whose record has been
> expunged; exceptions
> Sec. 10. (a) This section does not apply to a person to whom sealed records may be disclosed under section 6(a)(2) of
> this chapter.
> **(b) It is unlawful discrimination for any person to:**
> **(1) suspend;**
> **(2) expel;**
> **(3) refuse to employ;**
> **(4) refuse to admit;**
> **(5) refuse to grant or renew a license, permit, or certificate**
> **necessary to engage in any activity, occupation, or profession;**
> **or**
> **(6) otherwise discriminate against;**
> **any person because of a conviction or arrest record expunged or**
> **sealed under this chapter.**
> (c) Except as provided in section 6(f) of this chapter, the civil
> rights of a person whose conviction has been expunged shall be fully
> restored, including the right to vote, to hold public office, to be
> a proper person under IC 35-47-1-7(2), and to serve as a juror.
> **(d) In any application for employment, a license, or other right or**
> **privilege, a person may be questioned about a previous criminal**
> **record only in terms that exclude expunged convictions or arrests,**
> **such as: "Have you ever been arrested for or convicted of a crime**
> **that has not been expunged by a court?".**
> (e) **A person whose record is expunged shall be treated as if the person had never been convicted of the offense.**
> However, upon a
> subsequent arrest or conviction for an unrelated offense, the prior
> expunged...
>
> http://www.state.in.us/ipdc/files/TITLE35_AR38_ch9.pdf&ved=2ahUKEwiWpIXqz7TpAhXiB50JHQZSA
> D8QFjABegQIERAG&usg=AOvVaw0yFCqtPXLii1Wt622ipvv1
>
> On Thu, May 14, 2020, 5:32 PM Kevin O'Rear <korear@nd.edu> wrote:
>> Dear Raj: Thank you for your email. I do not believe a meeting or phone call is necessary or would be helpful at this
>> time.
>>
>> You indicate that you believe you would forgo your J.D. candidacy if you do not re-enroll at Notre Dame by Spring 2021.
>> That is not necessarily correct. While the Hoynes Code and ABA Standard 311(b) require a student to complete a JD
>> degree within 84 months of beginning, it is important to note:
>>
>>   • The 84-month requirement may be waived for extraordinary circumstances
>>   • You are not required to complete your studies at Notre Dame Law School in order to receive a J.D., and you may
>>     apply for transfer admission to any other accredited law school.
>>
>> I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your application
>> will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the Law School is not
>> guaranteed, although whether you have filed litigation against the University will not, in and of itself, prevent you from
>> being admitted.
>>
>> We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have received
>> many messages from you in the past few years that are disturbing and which raise serious questions about your ability

to pass a character and fitness review. I flag this so that you may (1) guide your behavior going forward and (2) be aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

Best wishes,

**Kevin Doyle O'Rear**
*Assistant Dean*
The Law School
University of Notre Dame
law.nd.edu

574-631-5410 (direct)
574-261-7192 (mobile)

1106 Eck Hall of Law
Notre Dame, IN 46556

On Wed, May 13, 2020 at 10:58 AM Raj Patel <raj@rajpatel.live> wrote:

> Hello Dean O'Rear,
>
> I applied for readmissions into the Law School for Fall 2020, but I was denied. If I do not re-enroll by Spring 2021, I have to forgo my J.D. candidacy.
>
> I took a voluntary seperation of leave in good standing, and I have a 3.1/4.0 GPA at the Law School. I feel like some of my grades are deflated, and while I sued the university, the judge reasoned in my favor before dismissing the case. The judge said that I should receive the benefit of the doubt iny allegations.
>
> Other students have sued universities without risking their attendance at that university.
>
> I was hoping you can help me re-enroll in Fall 2020 or Spring 2021.
>
> I am available for an in-person meeting.
>
>
> Best,
>
>
> Raj Patel
> 317-450-6651

 Gmail

**Raj Patel <raj@rajpatel.live>**

## Re: Appointment Request
1 message

**Raj Patel** <raj@rajpatel.live>                                                              Thu, May 14, 2020 at 7:08 PM
To: Kevin O'Rear <korear@nd.edu>
Cc: "Jacob S. Baska" <jbaska@nd.edu>

For clarification, according to my lawyer, if accusations from a prosecutor/charge are dismissed, then a person is never legally charged nor legally convicted. After legal expungement, individuals are given the explicit legal statutory right to say "no," to questions such as "are there expunged records." This includes the bar.

However, for intregrity, I have disclosed all of my convictions -- speeding tickets.

I have a citizen of Indiana and live in Indiana.

Best,

Raj Patel

On Thu, May 14, 2020, 5:32 PM Kevin O'Rear <korear@nd.edu> wrote:
Dear Raj: Thank you for your email. I do not believe a meeting or phone call is necessary or would be helpful at this time.

You indicate that you believe you would forgo your J.D. candidacy if you do not re-enroll at Notre Dame by Spring 2021. That is not necessarily correct. While the Hoynes Code and ABA Standard 311(b) require a student to complete a JD degree within 84 months of beginning, it is important to note:

- The 84-month requirement may be waived for extraordinary circumstances
- You are not required to complete your studies at Notre Dame Law School in order to receive a J.D., and you may apply for transfer admission to any other accredited law school.

I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your application will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the Law School is not guaranteed, although whether you have filed litigation against the University will not, in and of itself, prevent you from being admitted.

We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have received many messages from you in the past few years that are disturbing and which raise serious questions about your ability to pass a character and fitness review. I flag this so that you may (1) guide your behavior going forward and (2) be aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

Best wishes,

**Kevin Doyle O'Rear**
*Assistant Dean*
The Law School
University of Notre Dame
law.nd.edu

574-631-5410 (direct)
574-261-7192 (mobile)

1106 Eck Hall of Law
Notre Dame, IN 46556

On Wed, May 13, 2020 at 10:58 AM Raj Patel <raj@rajpatel.live> wrote:

Hello Dean O'Rear,

I applied for readmissions into the Law School for Fall 2020, but I was denied. If I do not re-enroll by Spring 2021, I have to forgo my J.D. candidacy.

I took a voluntary seperation of leave in good standing, and I have a 3.1/4.0 GPA at the Law School. I feel like some of my grades are deflated, and while I sued the university, the judge reasoned in my favor before dismissing the case. The judge said that I should receive the benefit of the doubt iny allegations.

Other students have sued universities without risking their attendance at that university.

I was hoping you can help me re-enroll in Fall 2020 or Spring 2021.

I am available for an in-person meeting.


Best,


Raj Patel
317-450-6651



**Raj Patel <raj@rajpatel.live>**

## Re: Appointment Request
1 message

**Raj Patel** <raj@rajpatel.live>                                                      Thu, May 14, 2020 at 6:44 PM
To: Kevin O'Rear <korear@nd.edu>
Cc: "Jacob S. Baska" <jbaska@nd.edu>

Hello Dean O'Rear,

I would like to say that prior to enrollment at Notre Dame Law School, I did not have disclosures except for speeding tickets. That also remains the legal facts to this day, after consulting my attorney. Please note there should not be anything vaild in character and fitness that would prevent me from passing a character and fitness test. I have no conviction ever, on or off my record.

I filed civil litigation against the university. For this fact, to the extent it is detrimental to my re-enrollment, I would like to be in the loop with President Jenkins and the General Counsel. I was simply exercising my constitutional rights. Please note that the judge reasoned in my favor before dismissing, that my claims while legally unprovable, at the moment, are possible (See attached resume). F.B.I. also favors me in that I have the side effects of bio-hacking (i.e. a supervirus), which could have began before enrolling at the law school.

For the fact that I have to complete my law degree without 84 months (7 years). I enrolled in August 2015, and 7 years, puts me requiree completion date of August 2021, unless this requirement is waived. If this is not true, can you please guide.

I have completed 2+ of the 3 years required for a J.D. All schools, except for the University of the Chicago, require a 2 year residency date. If I do not attend Notre Dame, I will have to attend another law school for 2 years. Therefore, because I sued the law school, I was wondering, after re-enrollement at Notre Dame, that I can visit another law school, as a possibility. I have 1 semester of law school left. It makes the most sense for me to re-attend Notre Dame.

Per my messages to faculty, they have been either seeking representation for the civil matters or discussing re-grading options because of the law suit.

If not in Fall 2020, I would really like to re-attend Notre Dame by Spring 2021. I chose Notre Dame to help further my legal and political career. I am interested in working in a quasi-governmental opportunity post graduation. I need to complete my final semester of law school at Notre Dame or attend another 4 semesters at a different law school.

Are there other facts in general are preventing me from re-admissions?

On Thu, May 14, 2020, 5:32 PM Kevin O'Rear <korear@nd.edu> wrote:
> Dear Raj: Thank you for your email. I do not believe a meeting or phone call is necessary or would be helpful at this
> time.
>
> You indicate that you believe you would forgo your J.D. candidacy if you do not re-enroll at Notre Dame by Spring 2021.
> That is not necessarily correct. While the Hoynes Code and ABA Standard 311(b) require a student to complete a JD
> degree within 84 months of beginning, it is important to note:
>
> • The 84-month requirement may be waived for extraordinary circumstances
> • You are not required to complete your studies at Notre Dame Law School in order to receive a J.D., and you may
>   apply for transfer admission to any other accredited law school.
>
> I also want to note that, if you choose to apply for readmission to Notre Dame Law School in the future, your application
> will be reviewed on the basis of all of the facts of which we are aware at the time. Readmission to the Law School is not
> guaranteed, although whether you have filed litigation against the University will not, in and of itself, prevent you from
> being admitted.
>
> We are, however, required to review each applicant's character and fitness to be admitted to the bar. We have received
> many messages from you in the past few years that are disturbing and which raise serious questions about your ability
> to pass a character and fitness review. I flag this so that you may (1) guide your behavior going forward and (2) be

aware that the Law School may decide in the future that, based upon your conduct, including disturbing notes to University faculty and officials since your withdrawal, you are not eligible for readmission.

Best wishes,

**Kevin Doyle O'Rear**
*Assistant Dean*
The Law School
University of Notre Dame
law.nd.edu

574-631-5410 (direct)
574-261-7192 (mobile)

1106 Eck Hall of Law
Notre Dame, IN 46556

On Wed, May 13, 2020 at 10:58 AM Raj Patel <raj@rajpatel.live> wrote:

> Hello Dean O'Rear,
>
> I applied for readmissions into the Law School for Fall 2020, but I was denied. If I do not re-enroll by Spring 2021, I have to forgo my J.D. candidacy.
>
> I took a voluntary seperation of leave in good standing, and I have a 3.1/4.0 GPA at the Law School. I feel like some of my grades are deflated, and while I sued the university, the judge reasoned in my favor before dismissing the case. The judge said that I should receive the benefit of the doubt iny allegations.
>
> Other students have sued universities without risking their attendance at that university.
>
> I was hoping you can help me re-enroll in Fall 2020 or Spring 2021.
>
> I am available for an in-person meeting.
>
>
> Best,
>
>
> Raj Patel
> 317-450-6651

 **RajPatelResume2020.8 (1).pdf**
519K



**Raj Patel <raj@rajpatel.live>**

___

## Re: Letter for Re-admissions
1 message

**Jake Baska** <jbaska@nd.edu>                                          Wed, Apr 1, 2020 at 11:32 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your email and follow-up questions:
1) I believe that all credits that count towards your diploma count towards the 18 credit hour per semester limit. Thus, if you are a JD/MBA student, MBA credit hours would count toward that limit.
2) I cannot comment on chances for readmission because your application is incomplete. To this point, we just have your readmission form. I have not forwarded any materials to other members of the admissions committee. I will do so after your application is complete.
3) The deadline to apply for readmission for the fall semester is April 15. We have to have all documents in by that date.

Thank you and please let me know if I can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Apr 1, 2020 at 9:42 AM Raj Patel <raj@rajpatel.live> wrote:
Thank you for the information.

Many M.B.A. courses are half-semester long rather than an entire semester; I would be enrolled in 18 credits at one point in time, after final-exams in October, I will have a brand new course until December.

To be quite frank, what are the chances of re-admissions while a pending lawsuit is happening against Notre Dame? What is the deadline to apply for re-admissions?

Best,

Raj Patel

On Wed, Apr 1, 2020 at 6:41 AM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Thank you for your emails. To be frank, I think this is a larger discussion you should have directly with Law School leadership if you are readmitted. I do not have the ability to authorize academic plans. Based on my knowledge from conversations with leadership:
- From your email from 10:56AM yesterday, no, you may not take 20 credits in a semester. 20% of 90 total credits is 18 credits. 18 credits is the maximum you can take in a semester.
a) I believe that credits from another graduate program (in the case of a dual degree program) count towards the 18 credit maximum in a semester. You would not be able to pursue 12 law credits and 7 MBA credits in a semester without an exception from NDLS leadership.
b) This would be a conversation post-readmission.

Have a good morning and please let me know if you would like to continue pursuing your readmission application. If so, we would require a personal statement and medical clearance from the UCC/UHS (if your withdraw was due to medical reasons).

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Apr 1, 2020 at 4:10 AM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake

I have another question for you. The ABA requires 83 credit hour minimum, 64 credit hours which are to be completed in the law school. I have satisfied the 64 credit hour requirements because I have 68 credit hours completed. Can my graduation requirement be reduced from 90 credit hours to 83 credit hours? See 311(a). Interpretation 311-2 says that "family exigency" is an extraordinary circumstance.

(a) Fall 2020 Semester - 12 law school hours + 7 business school credit hours (I can probably take a few the MBA credit hours before free-Fall semester).

(b) My previous plan for Fall 2020 and Winter 2021 seems amazing to me. I will have 90 credit hours completed and I'd be able to take some classes pass/fail. Maybe the Dean can allow exception to the pass/fail rule and allow me to take 8 law school credit hours for pass/fail and allow me to transfer-in upto 5 MBA credit hours in Fall 2020.

(c) If the Dean approves "Option a" above, then "option b" will be satisfied.

I know this is a lot of information, but I have separated the questions amongst several e-mails which should allow for ease of communications.


Best,


Raj Patel


On Tue, Mar 31, 2020, 10:23 AM Jake Baska <jbaska@nd.edu> wrote:
> Raj,
>
> To follow-up on my earlier message, I presented your request to NDLS leadership to be able to take your remaining 22 credit hours in one semester so that you may graduate as quickly as possible. They politely declined this request due to ABA Standard 311 (c): "A law school shall not permit a student to be enrolled at any time in coursework that exceeds 20 percent of the total credit hours required by that school for graduation." Given our requirement to take 90 credit hours in order to graduate, 20% of that total is 18 credit hours.
>
> Please advise if you would like to continue with your readmission application.
>
> Sincerely,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.
>
> 
>
>
> On Tue, Mar 31, 2020 at 8:24 AM Jake Baska <jbaska@nd.edu> wrote:
>> Raj,
>>
>> Thank you for your email and the attached resume. I can confirm receipt.
>>
>> I am awaiting advice on you being allowed to take the necessary 22 credits to graduate in one semester. I understand that that may dictate whether you complete the rest of your readmission application. Please let our office know if we can be of further assistance in the meantime.
>>
>> Sincerely,
>> Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, Mar 31, 2020 at 8:02 AM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake,
>
> Please see below for yet another updated resume for my application file.
>
> Best,
>
> Raj Patel
>
> On Mon, Mar 30, 2020 at 3:04 PM Raj Patel <raj@rajpatel.live> wrote:
>> Hello Jake,
>>
>> Thank you. In regards to #4, can this issue be specified more with the Office of the Dean of the Law School? I'd like to go through my options for question #4 prior to re-applying.
>>
>>
>> Best,
>>
>>
>> Raj Patel
>>
>>
>> Sent from my Verizon, Samsung Galaxy smartphone
>> Get Outlook for Android
>>
>> ---
>>
>> **From:** Jake Baska <jbaska@nd.edu>
>> **Sent:** Monday, March 30, 2020, 2:41 PM
>> **To:** Raj Patel
>> **Subject:** Re: Letter for Re-admissions
>>
>> Hi Raj,
>>
>> Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons.  If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the
student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University
for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons
beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals.  This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474


Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter


Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not "withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve this matter as soon as possible. The judicary has neither dismissed nor deemed my latest complaint as being frivolous. The other material parties are President Trump, the United States, and Emory University, Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But, I will send additional documents as needed.


Best,


Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement. Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the
intended recipient,
please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
> Hi Raj,
>
> Thank you for your application for readmission. I wanted to touch base with you regarding your
> required documents. To ensure that we're on the same page, you can find the requirements I'm
> about to mention on our readmission application here.
>
> You indicated on your readmission application that you withdrew for health reasons. As such, we
> require that you submit the following:
> A) This application form, including an updated Character and Fitness report
> B) A certification of readiness from the University Health Center and/or University
> Counseling Center. You may find the UHC form at the following page:
> https://uhs.nd.edu/about-us/readmission-to-notre-dame/.
> You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
> C) A certification of readiness from the student's treating licensed health care professional
> D) A personal statement of no more than 500 words outlining the reasons for their
> withdrawal, what they have done since leaving the Law School, and their current
> personal/professional
> goals.
>
> You have already submitted your application ("A").
>
> Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may
> receive a certification of readiness from your personal physician ("C")?
>
> Could you advise if you would like the attachment you sent us to serve as your personal statement
> ("D")? Given that the document is two years old and doesn't directly address what you have done
> since leaving the Law School, nor your current personal/professional goals, it may be best to
> submit another document instead.
>
> Thank you and please let me know if you have any questions.
>
> Sincerely,
> Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
[law.nd.edu/admissions/](law.nd.edu/admissions/)
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
[Facebook](Facebook)
:: [Instagram](Instagram)
:: [Twitter](Twitter)

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not
the intended recipient,
please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN  46556
574-631-6626
Bulletin@nd.edu
Law.nd.edu

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com


---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>


Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.


Best,


Raj Patel
rajp2010@gmail.com
--
Raj Patel

                                                                      **Raj Patel <raj@rajpatel.live>**

---

## Applying for 1L admission
1 message

---

**Jake Baska** <jbaska@nd.edu>                                          Wed, Aug 11, 2021 at 9:03 AM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thanks for your email from over the weekend regarding the requirements to apply for first year JD admission.  I hope I can be of assistance.

You can find the complete application instructions here.

As noted in the application instructions, the oldest standardized tests that may be used for this year's application cycle are June 2016 LSAT and GREs taken on are after July 1, 2016.  Neither LSAC nor ETS will provide score reports for exams taken prior to those dates.

Regarding letters of recommendation, I would advise that submitting more current letters of recommendation would be better than re-submitting your original letters.  A great deal of time has passed since when you originally applied and the members of the Admission Committee would likely appreciate hearing from more recent colleagues, instructors, supervisors, etc.

Have a good day and please let me know if you have any further questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: [19-034] Re: Applying for 1L admission
1 message

**Jake Baska** <jbaska@nd.edu>                                    Wed, Aug 11, 2021 at 1:42 PM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your email and question.

As noted on the application instructions, we require either the LSAT or GRE. We are not test optional. This is per ABA Standard 503 regarding standardized tests for law school admissions.

Standard 503 notes that "a law school shall use the test results in a manner that is consistent with the current guidelines regarding the proper use of the test results provided by the agency that developed the test." Both LSAC and ETS consider their exams valid for five years. They would not consider an exam done prior to the summer of 2016 to be valid. As such, we cannot use those exams without violating this ABA Standard.

Please let me know if you have any other questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



---------- Forwarded message ---------
From: **Raj Patel** <raj@rajpatel.live>
Date: Wed, Aug 11, 2021 at 9:09 AM
Subject: [19-034] Re: Applying for 1L admission
To: Jake Baska <jbaska@nd.edu>

Hello Jake,

Is admissions test optional, like some other law schools? I am not ready to re-take the LSAT, and it is unfair to require me to do that. You already have my scores on file (157).

Sincerely,

Raj Patel

On Wed, Aug 11, 2021 at 9:03 AM Jake Baska <jbaska@nd.edu> wrote:
> Hi Raj,
>
> Thanks for your email from over the weekend regarding the requirements to apply for first year JD admission.  I hope I can be of assistance.
>
> You can find the complete application instructions here.
>
> As noted in the application instructions, the oldest standardized tests that may be used for this year's application cycle are June 2016 LSAT and GREs taken on are after July 1, 2016.  Neither LSAC nor ETS will provide score reports for exams taken prior to those dates.
>
> Regarding letters of recommendation, I would advise that submitting more current letters of recommendation would be better than re-submitting your original letters.  A great deal of time has passed since when you originally applied and the members of the Admission Committee would likely appreciate hearing from more recent colleagues, instructors, supervisors, etc.
>
> Have a good day and please let me know if you have any further questions,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



--

# Keri Kei Shibata  (she / her / hers)

*Chief of Police and Executive Director of Emergency Management*

Police Department

University of Notre Dame

https://police.nd.edu/

(574) 631-8338 (phone)

(574) 631-3597 (fax)

240 Hammes Mowbray Hall

Notre Dame, IN 46556

 Gmail

**Raj Patel <raj@rajpatel.live>**

## Readmission Question
1 message

**Amy Spanopoulos** <aspanopo@nd.edu>                                    Mon, Apr 5, 2021 at 3:59 PM
To: Raj Patel <raj@rajpatel.live>
Cc: Jake Baska <jbaska@nd.edu>

Raj,

Hello!  I appreciate your inquiry regarding Readmission to the Law School. I have cc: Jake Baska to this response as you
included him in your inquiry.  For the University Counseling Center (UCC), you are expected to complete and submit all of
the information as outlined for Readmissions here: https://ucc.nd.edu/returning/.  It is necessary that you provide updated
clinical information in your Readmission Application as our strong recommendation to you was to engage in on-going
treatment with a consistent mental health provider.

Thank you, Amy

Amy Spanopoulos, LCSW, LCAC
Associate Director, Clinical Services
University Counseling Center
St. Liam Hall
University of Notre Dame
Notre Dame, IN 46556

Pronouns: She/Her/Hers
mypronouns.org

Phone: 574-631-7336
Fax: 574-631-5643

aspanopo@nd.edu



**NOTICE:**  Because e-mail is not a secure medium, confidentiality of e-mail messages cannot be
guaranteed.

To help ensure privacy, clients are cautioned against sending sensitive, detailed or personal information to
UCC staff via e-mail.  **E-mail should never be used to convey information of an urgent nature** as we
cannot guarantee prompt responses to e-mail messages.  Our staff does not maintain 24-hour access to e-
mail accounts and may only check e-mail infrequently, and not at all on weekends or holidays.

**To discuss any concerns**, please call the counseling center (574-631-7336) during center business hours.

If this message has been sent to you in error, please notify the sender by replying to this transmission.
Thank you for helping to maintain privacy.

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: [19-034] Re: Notre Dame Law School - Readmission Decision
1 message

**Jake Baska** <jbaska@nd.edu>                           Thu, Dec 17, 2020 at 9:51 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your emails and question.

I do not believe that the results of this lie detector test would have affected the discussions of the Admissions Committee.

In another email, you mentioned that you would not seek readmission at a later time if you were denied readmission now. Please know that the decision regarding your readmission file for the Spring 2021 semester is final per my message of December 15.

Please let our office know if you have further questions or if we can be of additional assistance.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



```
---------- Forwarded message ---------
From: Raj Patel <raj@rajpatel.live>
Date: Tue, Dec 15, 2020 at 9:12 PM
Subject: [19-034] Re: Notre Dame Law School - Readmission Decision
To: Jake Baska <jbaska@nd.edu>, Kevin O'Rear <korear@nd.edu>, <president@nd.edu>, <mcorr1@nd.edu>,
<Marianne.Corr.10@nd.edu>, <gcole2@nd.edu>
```

Hello Jake,

Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 67 of 201 PageID #: 295

I took a lie detector test, and one of the questions is whether I took drugs illegally pertaining to this stress situation (before, during, and after law school). I answered "no," and the lie detector test found that I gave "no deception" in my answer. I was also asked if the federal government was stressing me out. I answered "yes," and the lie detector test found that I gave "no deception."

I will send the results to you once I have the final report.

Is this sufficient to knowledge for you to reconsider my re-admissions decisions?


Best,



Raj Patel
(c)   317-450-6651
raj@rajpatel.live


CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

On Dec 15, 2020, at 3:53 PM, Jake Baska <jbaska@nd.edu> wrote:


Raj,

Thank you for submitting your application for readmission to Notre Dame Law School. We appreciate the time and effort you put into your application as well as your continued desire to return to your legal studies. Unfortunately, the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the Spring 2021 semester. A prerequisite of your readmission is to receive a recommendation for readmission from the University Counseling Center (UCC). The UCC did not approve your application materials. As such, the Admissions Committee could not consider your application further. If you wish to apply for future readmission, I strongly encourage you to contact the UCC to receive guidance on their decision and recommendations for further treatment.

Per ABA Standard 311 (b), law students must complete their studies within 84 months. You began your studies at Notre Dame Law School in August 2015. Your 84 month window expires in August 2022. Per our records, you have completed 68 credits and would need to complete another 22 credits in order to graduate. You would need two semesters in order to complete those credit hours. As such, you would need to be readmitted for Fall 2021 in order to be eligible to graduate per ABA standards. Should you apply and fail to be readmitted for the fall 2021, you would be ineligible to resume your studies at Notre Dame Law School. In such a case, your only avenue to return to NDLS would be to reapply for admission as an incoming first-year (i.e., 1L) student. The deadline to apply for Fall 2021 readmission is April 15.

Given that you may only apply for readmission once more, the Admissions Committee feels that it is relevant to share our apprehensions regarding troubling communications that you have sent and frivolous lawsuits you have filed during your time away from the University, including during your most recent readmission application process. ABA Admissions Standard 501(b) provides that "A law school shall only admit applicants who appear capable of satisfactorily completing its program of legal education and being admitted to the bar." Your conduct raises serious concerns about your ability to satisfy the character and fitness requirements for admission to the bar. Should you apply this spring for readmission in Fall 2021 and should you receive a positive recommendation from the UCC, please know that the behavior and conduct noted above - and its potential impact on whether you may be capable of satisfying the character and fitness requirements attendant to admission to the bar - will be considered in the Law School's evaluation of your application.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued health and well-being.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



 **Gmail**

**Raj Patel <raj@rajpatel.live>**

---

# Notre Dame Law School - Readmission Decision
1 message

---

**Jake Baska** <jbaska@nd.edu>                                             Tue, Dec 15, 2020 at 3:53 PM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for submitting your application for readmission to Notre Dame Law School. We appreciate the time and effort you put into your application as well as your continued desire to return to your legal studies. Unfortunately, the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the Spring 2021 semester. A prerequisite of your readmission is to receive a recommendation for readmission from the University Counseling Center (UCC). The UCC did not approve your application materials. As such, the Admissions Committee could not consider your application further. If you wish to apply for future readmission, I strongly encourage you to contact the UCC to receive guidance on their decision and recommendations for further treatment.

Per ABA Standard 311 (b), law students must complete their studies within 84 months. You began your studies at Notre Dame Law School in August 2015. Your 84 month window expires in August 2022. Per our records, you have completed 68 credits and would need to complete another 22 credits in order to graduate. You would need two semesters in order to complete those credit hours. As such, you would need to be readmitted for Fall 2021 in order to be eligible to graduate per ABA standards. Should you apply and fail to be readmitted for the fall 2021, you would be ineligible to resume your studies at Notre Dame Law School. In such a case, your only avenue to return to NDLS would be to reapply for admission as an incoming first-year (i.e., 1L) student. The deadline to apply for Fall 2021 readmission is April 15.

Given that you may only apply for readmission once more, the Admissions Committee feels that it is relevant to share our apprehensions regarding troubling communications that you have sent and frivolous lawsuits you have filed during your time away from the University, including during your most recent readmission application process. ABA Admissions Standard 501(b) provides that "A law school shall only admit applicants who appear capable of satisfactorily completing its program of legal education and being admitted to the bar." Your conduct raises serious concerns about your ability to satisfy the character and fitness requirements for admission to the bar. Should you apply this spring for readmission in Fall 2021 and should you receive a positive recommendation from the UCC, please know that the behavior and conduct noted above - and its potential impact on whether you may be capable of satisfying the character and fitness requirements attendant to admission to the bar - will be considered in the Law School's evaluation of your application.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued health and well-being.

Sincerely,
Jacob Baska


**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
[law.nd.edu/admissions/](law.nd.edu/admissions/)

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
[Facebook](Facebook) :: [Instagram](Instagram) :: [Twitter](Twitter)

Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 70 of 201 PageID #: 298

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



**Raj Patel <raj@rajpatel.live>**

---

## Re: FW: [19-034] Re: Readmission Form
1 message

---

**Jake Baska** <jbaska@nd.edu>                                Thu, Sep 17, 2020 at 5:05 PM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thanks for your email and questions.  Happy to help.

Regarding the documentation you should provide, I think those listed under "Health Reasons" probably better suffices for your circumstances.  "Withdrawal Between Semesters" is more appropriate for someone who left with no intention of returning to law school in the future.  Given that and given the communications you have had with members of the ND and NDLS community, we do politely ask that you work with the UCC regarding clearance.  We want to make sure that you are in a position to be a healthy and contributing member of the larger University.

Please be in touch if you have other questions or if our office can be of further assistance.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



---------- Forwarded message ---------
From: **Raj Patel** <raj@rajpatel.live>
Date: Wed, Sep 16, 2020 at 7:46 PM
Subject: [19-034] Re: Readmission Form
To: Jake Baska <jbaska@nd.edu>

Hello Jake,

The most recent version of the re-admissions form is different from last spring's. This version includes an option for "Between or During Semester," especially because it will be over three years since my withdrawal. I selected that option, although I can select the "Health Reasons" option too. I have not violated the conditions on the form.

Per my recent selection of "Between or During Semester," do I need to still be cleared by UCC?

If so, why? And, UCC has not uploaded their law school forms.

Best,

Raj Patel

On Mon, Sep 14, 2020 at 11:49 AM Jake Baska <jbaska@nd.edu> wrote:

> Hi Raj,
>
> Per your previous emails, please find the readmission application here.  Please note that October 15 is the deadline to submit your materials to be considered to reenroll in the spring semester.
>
> Also, per our email exchange from last spring, please be in touch with the University Counseling Center regarding your paperwork with them.  Being cleared by the UCC is a prerequisite for readmission.  I am confident they will be happy to assist you.
>
> Sincerely,
>
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
> 1329 Biolchini Hall
> Notre Dame, IN 46556
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



**Raj Patel <raj@rajpatel.live>**

---

# Readmission Form
1 message

---

**Jake Baska** <jbaska@nd.edu>                                              Mon, Sep 14, 2020 at 11:48 AM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Per your previous emails, please find the readmission application here.  Please note that October 15 is the deadline to submit your materials to be considered to reenroll in the spring semester.

Also, per our email exchange from last spring, please be in touch with the University Counseling Center regarding your paperwork with them.  Being cleared by the UCC is a prerequisite for readmission.  I am confident they will be happy to assist you.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



 **Gmail**

**Raj Patel <raj@rajpatel.live>**

## Re: Appointment Request
1 message

**Office of the President** <president@nd.edu>                                            Wed, May 13, 2020 at 10:40 AM
To: raj@rajpatel.live

Thank you for your comments and for taking the time to share your thoughts with us. Please know that we will read your message carefully and we appreciate hearing from you.

If your email is regarding the University's response to the COVID-19 pandemic, we are monitoring the situation closely. The University provides regular updates here: https://coronavirus.nd.edu/. Please be assured that the health, safety, and well-being of our students, faculty, staff, and community remain our top priority. All those impacted by the pandemic are in our thoughts and prayers.

Sincerely,

Ann Firth
Vice President and Chief of Staff to the President





**Raj Patel <raj@rajpatel.live>**

---

## Re: NDLS, Readmission Decision
1 message

---

**Jake Baska** <jbaska@nd.edu>                                                    Mon, May 11, 2020 at 5:32 PM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thanks for your email and follow up.  I would advise being directly in touch with the University Counseling Center with
your question.  You may reach out to Amy Spanopoulos at the general UCC phone number of 574-631-7336.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Mon, May 11, 2020 at 4:31 PM Raj Patel <raj@rajpatel.live> wrote:

  Hello Jake,

  Thank you. I dont understand the decision. My Psychiatrist said I am able to return to school.

  Best,

  Raj Patel

  On Mon, May 11, 2020, 3:18 PM Jake Baska <jbaska@nd.edu> wrote:

    Raj,

    Thank you for submitting your application for readmission to Notre Dame Law School.  We appreciate the time and
    effort you put into your application, your continued updates, as well as your desire to return to campus to resume
    your legal studies.

After consultation with the University Counseling Center (UCC), the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the 2020 fall semester. We all want you to return to campus when you are ready and able to contribute to the NDLS community in the positive manner of which we know you are capable.

Although the decision is final for this upcoming semester, you may apply for a future term. If you would like to reapply again, you must contact the University Counseling Center. They will provide guidance on their paperwork and related requirements for readmission.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued recovery.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: Visit another school
1 message

---

**Jake Baska** <jbaska@nd.edu>                                                    Wed, May 13, 2020 at 8:37 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

A quick reply to this message - students may only visit another school if they are presently enrolled at NDLS.  You would have to be cleared by the readmission process first.

Let me know if you have other questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, May 12, 2020 at 7:39 PM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake,
>
> May I visit IUPUI McKinney Law School this upcoming year and transfer my credits back to Notre Dame for graduation?
>
>
> Best,
>
>
> Raj Patel

 **Gmail**

**Raj Patel <raj@rajpatel.live>**

---

### NDLS, Readmission Decision
1 message

---

**Jake Baska** <jbaska@nd.edu>                                    Mon, May 11, 2020 at 3:18 PM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for submitting your application for readmission to Notre Dame Law School. We appreciate the time and effort you put into your application, your continued updates, as well as your desire to return to campus to resume your legal studies.

After consultation with the University Counseling Center (UCC), the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the 2020 fall semester. We all want you to return to campus when you are ready and able to contribute to the NDLS community in the positive manner of which we know you are capable.

Although the decision is final for this upcoming semester, you may apply for a future term. If you would like to reapply again, you must contact the University Counseling Center. They will provide guidance on their paperwork and related requirements for readmission.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued recovery.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



**Raj Patel <raj@rajpatel.live>**

---

## Re: Personal Statement for Re-Admissions
1 message

---

**Jake Baska** <jbaska@nd.edu>                                    Wed, Apr 8, 2020 at 8:29 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

I can confirm receipt of this email and your personal statement, as well as your subsequent email with your attached updated resume.  Thank you.

The only further materials we need are the proper sign-offs from University Health Services and/or the University Counseling Center, as well as your treating physician.  This is because your readmission application indicated that you withdrew due to health reasons.  We received your phone voice message asking if your documentation from 2018 would suffice to fulfill this requirement.  Given that those documents are from two years ago, we politely request updated copies. Thank you for your understanding.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:

Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Sat, Apr 4, 2020 at 10:43 AM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake,

Please see the personal statement attached below. I also have an updated resume for your reference.

Best,

Raj Patel

In Indianapolis,

*President President Raj K. Patel, Student Body President of Emory University, Inc., Student Body President of Brownsburg Community School Corporation, His Excellency, His Excellency, Doctor (Prospective), Mister*

**H.E. Raj K. Patel**
Law, Notre Dame Law School 2021 (on a voluntary seperation of leave, in good standing)
Political Science and Religious Studies (Honors), Emory University 2014

Student Body President, Emory University, Inc. 2013-2014

President, Emory University Student Government Association 2013-14
Assistant Chair, S.G.A. Governance Committee & Rep.-At-Large 2012-13

Student Body President, Brownsburg Community School Corporation 2009-2010
President, Brownsburg High School Student Council C.H.A.I.N. Link 2009-10

501 N. Capitol Avenue, Apt. 4126A
Indianapolis, IN 46204
U.S.A.
(c) 317-450-6651
rajkp@me.com

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.



**Raj Patel <raj@rajpatel.live>**

---

# Re: Letter for Re-admissions
1 message

---

**Jake Baska** <jbaska@nd.edu>                                    Wed, Apr 1, 2020 at 11:32 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your email and follow-up questions:
1) I believe that all credits that count towards your diploma count towards the 18 credit hour per semester limit.  Thus, if you are a JD/MBA student, MBA credit hours would count toward that limit.
2) I cannot comment on chances for readmission because your application is incomplete.  To this point, we just have your readmission form.  I have not forwarded any materials to other members of the admissions committee.  I will do so after your application is complete.
3) The deadline to apply for readmission for the fall semester is April 15.  We have to have all documents in by that date.

Thank you and please let me know if I can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
[law.nd.edu/admissions/](law.nd.edu/admissions/)

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
[Facebook](Facebook) :: [Instagram](Instagram) :: [Twitter](Twitter)

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Apr 1, 2020 at 9:42 AM Raj Patel <raj@rajpatel.live> wrote:
Thank you for the information.

Many M.B.A. courses are half-semester long rather than an entire semester; I would be enrolled in 18 credits at one point in time, after final-exams in October, I will have a brand new course until December.

To be quite frank, what are the chances of re-admissions while a pending lawsuit is happening against Notre Dame? What is the deadline to apply for re-admissions?

Best,

Raj Patel

On Wed, Apr 1, 2020 at 6:41 AM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Thank you for your emails. To be frank, I think this is a larger discussion you should have directly with Law School leadership if you are readmitted. I do not have the ability to authorize academic plans. Based on my knowledge from conversations with leadership:
- From your email from 10:56AM yesterday, no, you may not take 20 credits in a semester. 20% of 90 total credits is 18 credits. 18 credits is the maximum you can take in a semester.
a) I believe that credits from another graduate program (in the case of a dual degree program) count towards the 18 credit maximum in a semester. You would not be able to pursue 12 law credits and 7 MBA credits in a semester without an exception from NDLS leadership.
b) This would be a conversation post-readmission.

Have a good morning and please let me know if you would like to continue pursuing your readmission application. If so, we would require a personal statement and medical clearance from the UCC/UHS (if your withdraw was due to medical reasons).

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Apr 1, 2020 at 4:10 AM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake

I have another question for you. The ABA requires 83 credit hour minimum, 64 credit hours which are to be completed in the law school. I have satisfied the 64 credit hour requirements because I have 68 credit hours completed. Can my graduation requirement be reduced from 90 credit hours to 83 credit hours? See 311(a). Interpretation 311-2 says that "family exigency" is an extraordinary circumstance.

(a) Fall 2020 Semester - 12 law school hours + 7 business school credit hours (I can probably take a few the MBA credit hours before free-Fall semester).

(b) My previous plan for Fall 2020 and Winter 2021 seems amazing to me. I will have 90 credit hours completed and I'd be able to take some classes pass/fail. Maybe the Dean can allow exception to the pass/fail rule and allow me to take 8 law school credit hours for pass/fail and allow me to transfer-in upto 5 MBA credit hours in Fall 2020.

(c) If the Dean approves "Option a" above, then "option b" will be satisfied.

I know this is a lot of information, but I have separated the questions amongst several e-mails which should allow for ease of communications.


Best,


Raj Patel


On Tue, Mar 31, 2020, 10:23 AM Jake Baska <jbaska@nd.edu> wrote:
> Raj,
>
> To follow-up on my earlier message, I presented your request to NDLS leadership to be able to take your remaining 22 credit hours in one semester so that you may graduate as quickly as possible.  They politely declined this request due to ABA Standard 311 (c): "A law school shall not permit a student to be enrolled at any time in coursework that exceeds 20 percent of the total credit hours required by that school for graduation." Given our requirement to take 90 credit hours in order to graduate, 20% of that total is 18 credit hours.
>
> Please advise if you would like to continue with your readmission application.
>
> Sincerely,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.
>
> 
>
> On Tue, Mar 31, 2020 at 8:24 AM Jake Baska <jbaska@nd.edu> wrote:
>> Raj,
>>
>> Thank you for your email and the attached resume.  I can confirm receipt.
>>
>> I am awaiting advice on you being allowed to take the necessary 22 credits to graduate in one semester.  I understand that that may dictate whether you complete the rest of your readmission application.  Please let our office know if we can be of further assistance in the meantime.
>>
>> Sincerely,
>> Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, Mar 31, 2020 at 8:02 AM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake,
>
> Please see below for yet another updated resume for my application file.
>
> Best,
>
> Raj Patel
>
> On Mon, Mar 30, 2020 at 3:04 PM Raj Patel <raj@rajpatel.live> wrote:
>> Hello Jake,
>>
>> Thank you. In regards to #4, can this issue be specified more with the Office of the Dean of the Law School? I'd like to go through my options for question #4 prior to re-applying.
>>
>>
>> Best,
>>
>>
>> Raj Patel
>>
>> Sent from my Verizon, Samsung Galaxy smartphone
>> Get Outlook for Android
>>
>> ---
>>
>> **From:** Jake Baska <jbaska@nd.edu>
>> **Sent:** Monday, March 30, 2020, 2:41 PM
>> **To:** Raj Patel
>> **Subject:** Re: Letter for Re-admissions
>>
>> Hi Raj,
>>
>> Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons.  If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the
student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University
for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons
beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals.  This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not "withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve this matter as soon as possible. The judicary has neither dismissed nor deemed my latest complaint as being frivolous. The other material parties are President Trump, the United States, and Emory University, Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But, I will send additional documents as needed.


Best,


Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement. Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
[Facebook](#)
:: [Instagram](#)
:: [Twitter](#)

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the
intended recipient,
please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Thank you for your application for readmission.  I wanted to touch base with you regarding your
required documents.  To ensure that we're on the same page, you can find the requirements I'm
about to mention on our readmission application here.

You indicated on your readmission application that you withdrew for health reasons.  As such, we
require that you submit the following:
A) This application form, including an updated Character and Fitness report
B) A certification of readiness from the University Health Center and/or University
Counseling Center. You may find the UHC form at the following page:
https://uhs.nd.edu/about-us/readmission-to-notre-dame/.
You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
C) A certification of readiness from the student's treating licensed health care professional
D) A personal statement of no more than 500 words outlining the reasons for their
withdrawal, what they have done since leaving the Law School, and their current
personal/professional
goals.

You have already submitted your application ("A").

Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may
receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement
("D")?  Given that the document is two years old and doesn't directly address what you have done
since leaving the Law School, nor your current personal/professional goals, it may be best to
submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not
the intended recipient,
please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN  46556
574-631-6626
Bulletin@nd.edu
Law.nd.edu

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.

Best,

Raj Patel
rajp2010@gmail.com
--
Raj Patel

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

### Re: Letter for Re-admissions
1 message

**Jake Baska** <jbaska@nd.edu>                                               Wed, Apr 1, 2020 at 6:40 AM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thank you for your emails.  To be frank, I think this is a larger discussion you should have directly with Law School leadership if you are readmitted.  I do not have the ability to authorize academic plans.  Based on my knowledge from conversations with leadership:
- From your email from 10:56AM yesterday, no, you may not take 20 credits in a semester.  20% of 90 total credits is 18 credits.  18 credits is the maximum you can take in a semester.
a) I believe that credits from another graduate program (in the case of a dual degree program) count towards the 18 credit maximum in a semester.  You would not be able to pursue 12 law credits and 7 MBA credits in a semester without an exception from NDLS leadership.
b) This would be a conversation post-readmission.

Have a good morning and please let me know if you would like to continue pursuing your readmission application.  If so, we would require a personal statement and medical clearance from the UCC/UHS (if your withdraw was due to medical reasons).

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Wed, Apr 1, 2020 at 4:10 AM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake
>
> I have another question for you. The ABA requires 83 credit hour minimum, 64 credit hours which are to be completed in the law school. I have satisfied the 64 credit hour requirements because I have 68 credit hours completed. Can my

graduation requirement be reduced from 90 credit hours to 83 credit hours? See 311(a). Interpretation 311-2 says that "family exigency" is an extraordinary circumstance.

(a) Fall 2020 Semester - 12 law school hours + 7 business school credit hours (I can probably take a few the MBA credit hours before free-Fall semester).

(b) My previous plan for Fall 2020 and Winter 2021 seems amazing to me. I will have 90 credit hours completed and I'd be able to take some classes pass/fail. Maybe the Dean can allow exception to the pass/fail rule and allow me to take 8 law school credit hours for pass/fail and allow me to transfer-in upto 5 MBA credit hours in Fall 2020.

(c) If the Dean approves "Option a" above, then "option b" will be satisfied.

I know this is a lot of information, but I have separated the questions amongst several e-mails which should allow for ease of communications.


Best,


Raj Patel


On Tue, Mar 31, 2020, 10:23 AM Jake Baska <jbaska@nd.edu> wrote:
> Raj,
>
> To follow-up on my earlier message, I presented your request to NDLS leadership to be able to take your remaining 22 credit hours in one semester so that you may graduate as quickly as possible. They politely declined this request due to ABA Standard 311 (c): "A law school shall not permit a student to be enrolled at any time in coursework that exceeds 20 percent of the total credit hours required by that school for graduation." Given our requirement to take 90 credit hours in order to graduate, 20% of that total is 18 credit hours.
>
> Please advise if you would like to continue with your readmission application.
>
> Sincerely,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.
>
>
> 
>
>
> On Tue, Mar 31, 2020 at 8:24 AM Jake Baska <jbaska@nd.edu> wrote:

Raj,

Thank you for your email and the attached resume. I can confirm receipt.

I am awaiting advice on you being allowed to take the necessary 22 credits to graduate in one semester. I understand that that may dictate whether you complete the rest of your readmission application. Please let our office know if we can be of further assistance in the meantime.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, Mar 31, 2020 at 8:02 AM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

Please see below for yet another updated resume for my application file.

Best,

Raj Patel

On Mon, Mar 30, 2020 at 3:04 PM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

Thank you. In regards to #4, can this issue be specified more with the Office of the Dean of the Law School? I'd like to go through my options for question #4 prior to re-applying.

Best,

Raj Patel

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Jake Baska <jbaska@nd.edu>
**Sent:** Monday, March 30, 2020, 2:41 PM
**To:** Raj Patel
**Subject:** Re: Letter for Re-admissions

Hi Raj,

Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons.  If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the
student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University
for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons
beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals.  This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:

[Facebook](#)
:: [Instagram](#)
:: [Twitter](#)

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not "withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve this matter as soon as possible. The judiciary has neither dismissed nor deemed my latest complaint as being frivolous. The other material parties are President Trump, the United States, and Emory University, Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But, I will send additional documents as needed.


Best,


Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <[jbaska@nd.edu](mailto:jbaska@nd.edu)> wrote:
Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement.  Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential
information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended
recipient,
please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
> Hi Raj,
>
> Thank you for your application for readmission.  I wanted to touch base with you regarding your
> required documents.  To ensure that we're on the same page, you can find the requirements I'm about to
> mention on our readmission application here.
>
> You indicated on your readmission application that you withdrew for health reasons.  As such, we
> require that you submit the following:
> A) This application form, including an updated Character and Fitness report
> B) A certification of readiness from the University Health Center and/or University Counseling
> Center. You may find the UHC form at the following page:
> https://uhs.nd.edu/about-us/readmission-to-notre-dame/.
> You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
> C) A certification of readiness from the student's treating licensed health care professional
> D) A personal statement of no more than 500 words outlining the reasons for their withdrawal,
> what they have done since leaving the Law School, and their current personal/professional
> goals.
>
> You have already submitted your application ("A").
>
> Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may
> receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement ("D")? Given that the document is two years old and doesn't directly address what you have done since leaving the Law School, nor your current personal/professional goals, it may be best to submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN 46556
574-631-6626
Bulletin@nd.edu
Law.nd.edu

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>


Raj Patel
rajp2010@gmail.com


---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>


Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.


Best,


Raj Patel
rajp2010@gmail.com
--
Raj Patel



**Raj Patel <raj@rajpatel.live>**

---

### Re: Letter for Re-admissions
1 message

---

**Jake Baska** <jbaska@nd.edu>                                     Mon, Mar 30, 2020 at 2:40 PM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons.  If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals.  This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not "withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve this matter as soon as possible. The judicary has neither dismissed nor deemed my latest complaint as being frivolous. The other material parties are President Trump, the United States, and Emory University, Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But, I will send additional documents as needed.


Best,


Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement.  Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Thank you for your application for readmission. I wanted to touch base with you regarding your required documents. To ensure that we're on the same page, you can find the requirements I'm about to mention on our readmission application here.

You indicated on your readmission application that you withdrew for health reasons. As such, we require that you submit the following:
A) This application form, including an updated Character and Fitness report
B) A certification of readiness from the University Health Center and/or University Counseling Center. You may find the UHC form at the following page: https://uhs.nd.edu/about-us/readmission-to-notre-dame/. You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
C) A certification of readiness from the student's treating licensed health care professional
D) A personal statement of no more than 500 words outlining the reasons for their withdrawal, what they have done since leaving the Law School, and their current personal/professional goals.

You have already submitted your application ("A").

Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement ("D")? Given that the document is two years old and doesn't directly address what you have done since leaving the Law School, nor your current personal/professional goals, it may be best to submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN  46556
574-631-6626
Bulletin@nd.edu
Law.nd.edu

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.

Best,

Raj Patel
rajp2010@gmail.com

Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 103 of 201 PageID #: 331

--
Raj Patel



**Raj Patel <raj@rajpatel.live>**

---

## Re: Letter for Re-admissions
1 message

---

**Jake Baska** <jbaska@nd.edu>                                      Mon, Mar 30, 2020 at 2:15 PM
To: Raj Patel <rajp2010@gmail.com>, raj@rajpatel.live

Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement.  Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Thank you for your application for readmission.  I wanted to touch base with you regarding your required documents.  To ensure that we're on the same page, you can find the requirements I'm about to mention on our readmission application here.

You indicated on your readmission application that you withdrew for health reasons.  As such, we require that you submit the following:
A) This application form, including an updated Character and Fitness report
B) A certification of readiness from the University Health Center and/or University Counseling Center. You may find the UHC form at the following page: https://uhs.nd.edu/about-us/readmission-to-notre-dame/. You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.

C) A certification of readiness from the student's treating licensed health care professional
D) A personal statement of no more than 500 words outlining the reasons for their withdrawal, what they have done since leaving the Law School, and their current personal/professional goals.

You have already submitted your application ("A").

Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement ("D")?  Given that the document is two years old and doesn't directly address what you have done since leaving the Law School, nor your current personal/professional goals, it may be best to submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

> Sincerely,
>
> Notre Dame Law School
> Office of Admissions
> 1329 Biolchini Hall
> Notre Dame, IN  46556
> 574-631-6626
> Bulletin@nd.edu
> Law.nd.edu
>
>
> ---------- Forwarded message ---------
> From: **Raj Patel** <rajp2010@gmail.com>
> Date: Tue, Mar 10, 2020 at 8:25 PM

Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.

Best,

Raj Patel
rajp2010@gmail.com
--
Raj Patel



**Raj Patel <raj@rajpatel.live>**

---

## Re: [19-034] Re: Applying for 1L admission
1 message

**Jake Baska** <jbaska@nd.edu>                                    Wed, Aug 11, 2021 at 1:42 PM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your email and question.

As noted on the application instructions, we require either the LSAT or GRE.  We are not test optional.  This is per ABA Standard 503 regarding standardized tests for law school admissions.

Standard 503 notes that "a law school shall use the test results in a manner that is consistent with the current guidelines regarding the proper use of the test results provided by the agency that developed the test."  Both LSAC and ETS consider their exams valid for five years.  They would not consider an exam done prior to the summer of 2016 to be valid.  As such, we cannot use those exams without violating this ABA Standard.

Please let me know if you have any other questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



---------- Forwarded message ---------
From: **Raj Patel** <raj@rajpatel.live>
Date: Wed, Aug 11, 2021 at 9:09 AM
Subject: [19-034] Re: Applying for 1L admission
To: Jake Baska <jbaska@nd.edu>

Hello Jake,

Is admissions test optional, like some other law schools? I am not ready to re-take the LSAT, and it is unfair to require me to do that. You already have my scores on file (157).

Sincerely,

Raj Patel

On Wed, Aug 11, 2021 at 9:03 AM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Thanks for your email from over the weekend regarding the requirements to apply for first year JD admission.  I hope I can be of assistance.

You can find the complete application instructions here.

As noted in the application instructions, the oldest standardized tests that may be used for this year's application cycle are June 2016 LSAT and GREs taken on are after July 1, 2016.  Neither LSAC nor ETS will provide score reports for exams taken prior to those dates.

Regarding letters of recommendation, I would advise that submitting more current letters of recommendation would be better than re-submitting your original letters.  A great deal of time has passed since when you originally applied and the members of the Admission Committee would likely appreciate hearing from more recent colleagues, instructors, supervisors, etc.

Have a good day and please let me know if you have any further questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



--

# **Keri Kei Shibata**  (she / her / hers)

*Chief of Police and Executive Director of Emergency Management*

Police Department

University of Notre Dame

6/12/22, 6:35 PM

Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 109 of 201 PageID #: 337
Imperative Mail - RE: Q&A/Applying to graduation

https://police.nd.edu/

(574) 631-8338 (phone)

(574) 631-3597 (fax)

240 Hammes Mowbray Hall

Notre Dame, IN 46556

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Applying for 1L admission
1 message

---

**Jake Baska** <jbaska@nd.edu>                                    Wed, Aug 11, 2021 at 9:03 AM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thanks for your email from over the weekend regarding the requirements to apply for first year JD admission.  I hope I can be of assistance.

You can find the complete application instructions here.

As noted in the application instructions, the oldest standardized tests that may be used for this year's application cycle are June 2016 LSAT and GREs taken on are after July 1, 2016.  Neither LSAC nor ETS will provide score reports for exams taken prior to those dates.

Regarding letters of recommendation, I would advise that submitting more current letters of recommendation would be better than re-submitting your original letters.  A great deal of time has passed since when you originally applied and the members of the Admission Committee would likely appreciate hearing from more recent colleagues, instructors, supervisors, etc.

Have a good day and please let me know if you have any further questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



**Raj Patel <raj@rajpatel.live>**

---

## Re: [19-034] Re: Notre Dame Law School - Readmission Decision
1 message

**Jake Baska** <jbaska@nd.edu>                                                    Thu, Dec 17, 2020 at 9:51 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your emails and question.

I do not believe that the results of this lie detector test would have affected the discussions of the Admissions Committee.

In another email, you mentioned that you would not seek readmission at a later time if you were denied readmission now. Please know that the decision regarding your readmission file for the Spring 2021 semester is final per my message of December 15.

Please let our office know if you have further questions or if we can be of additional assistance.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



> ---------- Forwarded message ---------
> From: **Raj Patel** <raj@rajpatel.live>
> Date: Tue, Dec 15, 2020 at 9:12 PM
> Subject: [19-034] Re: Notre Dame Law School - Readmission Decision
> To: Jake Baska <jbaska@nd.edu>, Kevin O'Rear <korear@nd.edu>, <president@nd.edu>, <mcorr1@nd.edu>,
> <Marianne.Corr.10@nd.edu>, <gcole2@nd.edu>
>
> Hello Jake,

I took a lie detector test, and one of the questions is whether I took drugs illegally pertaining to this stress situation (before, during, and after law school). I answered "no," and the lie detector test found that I gave "no deception" in my answer. I was also asked if the federal government was stressing me out. I answered "yes," and the lie detector test found that I gave "no deception."

I will send the results to you once I have the final report.

Is this sufficient to knowledge for you to reconsider my re-admissions decisions?


Best,



Raj Patel
(c)  317-450-6651
raj@rajpatel.live


CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

On Dec 15, 2020, at 3:53 PM, Jake Baska <jbaska@nd.edu> wrote:


Raj,

Thank you for submitting your application for readmission to Notre Dame Law School.  We appreciate the time and effort you put into your application as well as your continued desire to return to your legal studies.  Unfortunately, the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the Spring 2021 semester.  A prerequisite of your readmission is to receive a recommendation for readmission from the University Counseling Center (UCC).  The UCC did not approve your application materials.  As such, the Admissions Committee could not consider your application further.  If you wish to apply for future readmission, I strongly encourage you to contact the UCC to receive guidance on their decision and recommendations for further treatment.

Per ABA Standard 311 (b), law students must complete their studies within 84 months.  You began your studies at Notre Dame Law School in August 2015.  Your 84 month window expires in August 2022.  Per our records, you have completed 68 credits and would need to complete another 22 credits in order to graduate.  You would need two semesters in order to complete those credit hours.  As such, you would need to be readmitted for Fall 2021 in order to be eligible to graduate per ABA standards.  Should you apply and fail to be readmitted for the fall 2021, you would be ineligible to resume your studies at Notre Dame Law School.  In such a case, your only avenue to return to NDLS would be to reapply for admission as an incoming first-year (i.e., 1L) student.  The deadline to apply for Fall 2021 readmission is April 15.

Given that you may only apply for readmission once more, the Admissions Committee feels that it is relevant to share our apprehensions regarding troubling communications that you have sent and frivolous lawsuits you have filed during your time away from the University, including during your most recent readmission application process.  ABA Admissions Standard 501(b) provides that "A law school shall only admit applicants who appear capable of satisfactorily completing its program of legal education and being admitted to the bar."  Your conduct raises serious concerns about your ability to satisfy the character and fitness requirements for admission to the bar.  Should you apply this spring for readmission in Fall 2021 and should you receive a positive recommendation from the UCC, please know that the behavior and conduct noted above - and its potential impact on whether you may be capable of satisfying the character and fitness requirements attendant to admission to the bar - will be considered in the Law School's evaluation of your application.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application.  Please accept our best for your continued health and well-being.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
[law.nd.edu/admissions/](law.nd.edu/admissions/)

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
[Facebook](Facebook) :: [Instagram](Instagram) :: [Twitter](Twitter)

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.





**Raj Patel <raj@rajpatel.live>**

# Notre Dame Law School - Readmission Decision
1 message

**Jake Baska** <jbaska@nd.edu>                                              Tue, Dec 15, 2020 at 3:53 PM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for submitting your application for readmission to Notre Dame Law School. We appreciate the time and effort you put into your application as well as your continued desire to return to your legal studies. Unfortunately, the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the Spring 2021 semester. A prerequisite of your readmission is to receive a recommendation for readmission from the University Counseling Center (UCC). The UCC did not approve your application materials. As such, the Admissions Committee could not consider your application further. If you wish to apply for future readmission, I strongly encourage you to contact the UCC to receive guidance on their decision and recommendations for further treatment.

Per ABA Standard 311 (b), law students must complete their studies within 84 months. You began your studies at Notre Dame Law School in August 2015. Your 84 month window expires in August 2022. Per our records, you have completed 68 credits and would need to complete another 22 credits in order to graduate. You would need two semesters in order to complete those credit hours. As such, you would need to be readmitted for Fall 2021 in order to be eligible to graduate per ABA standards. Should you apply and fail to be readmitted for the fall 2021, you would be ineligible to resume your studies at Notre Dame Law School. In such a case, your only avenue to return to NDLS would be to reapply for admission as an incoming first-year (i.e., 1L) student. The deadline to apply for Fall 2021 readmission is April 15.

Given that you may only apply for readmission once more, the Admissions Committee feels that it is relevant to share our apprehensions regarding troubling communications that you have sent and frivolous lawsuits you have filed during your time away from the University, including during your most recent readmission application process. ABA Admissions Standard 501(b) provides that "A law school shall only admit applicants who appear capable of satisfactorily completing its program of legal education and being admitted to the bar." Your conduct raises serious concerns about your ability to satisfy the character and fitness requirements for admission to the bar. Should you apply this spring for readmission in Fall 2021 and should you receive a positive recommendation from the UCC, please know that the behavior and conduct noted above - and its potential impact on whether you may be capable of satisfying the character and fitness requirements attendant to admission to the bar - will be considered in the Law School's evaluation of your application.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued health and well-being.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



6/12/22, 2:36 PM
Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 116 of 201 PageID #: 344
rajpatel.live Mail - Readmission Form



Raj Patel <raj@rajpatel.live>

## Readmission Form
1 message

**Jake Baska** <jbaska@nd.edu>                                    Mon, Sep 14, 2020 at 11:48 AM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Per your previous emails, please find the readmission application here.  Please note that October 15 is the deadline to submit your materials to be considered to reenroll in the spring semester.

Also, per our email exchange from last spring, please be in touch with the University Counseling Center regarding your paperwork with them.  Being cleared by the UCC is a prerequisite for readmission.  I am confident they will be happy to assist you.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



**Raj Patel <raj@rajpatel.live>**

---

## Readmission Question
1 message

---

**Amy Spanopoulos** <aspanopo@nd.edu>                                    Mon, Apr 5, 2021 at 3:59 PM
To: Raj Patel <raj@rajpatel.live>
Cc: Jake Baska <jbaska@nd.edu>

Raj,

Hello!  I appreciate your inquiry regarding Readmission to the Law School. I have cc: Jake Baska to this response as you
included him in your inquiry.  For the University Counseling Center (UCC), you are expected to complete and submit all of
the information as outlined for Readmissions here: https://ucc.nd.edu/returning/.  It is necessary that you provide updated
clinical information in your Readmission Application as our strong recommendation to you was to engage in on-going
treatment with a consistent mental health provider.

Thank you, Amy

Amy Spanopoulos, LCSW, LCAC
Associate Director, Clinical Services
University Counseling Center
St. Liam Hall
University of Notre Dame
Notre Dame, IN 46556

Pronouns: She/Her/Hers
mypronouns.org

Phone: 574-631-7336
Fax: 574-631-5643

aspanopo@nd.edu



**NOTICE:**  Because e-mail is not a secure medium, confidentiality of e-mail messages cannot be
guaranteed.

To help ensure privacy, clients are cautioned against sending sensitive, detailed or personal information to
UCC staff via e-mail.  **E-mail should never be used to convey information of an urgent nature** as we
cannot guarantee prompt responses to e-mail messages.  Our staff does not maintain 24-hour access to e-
mail accounts and may only check e-mail infrequently, and not at all on weekends or holidays.

**To discuss any concerns**, please call the counseling center (574-631-7336) during center business hours.

If this message has been sent to you in error, please notify the sender by replying to this transmission.
Thank you for helping to maintain privacy.

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: Appointment Request
1 message

---

**Office of the President** <president@nd.edu>                    Wed, May 13, 2020 at 10:40 AM
To: raj@rajpatel.live

Thank you for your comments and for taking the time to share your thoughts with us. Please know that we will read your message carefully and we appreciate hearing from you.

If your email is regarding the University's response to the COVID-19 pandemic, we are monitoring the situation closely. The University provides regular updates here: https://coronavirus.nd.edu/. Please be assured that the health, safety, and well-being of our students, faculty, staff, and community remain our top priority. All those impacted by the pandemic are in our thoughts and prayers.

Sincerely,

Ann Firth
Vice President and Chief of Staff to the President





**Raj Patel <raj@rajpatel.live>**

___

### Re: NDLS, Readmission Decision
1 message

___

**Jake Baska** <jbaska@nd.edu>                                                 Mon, May 11, 2020 at 5:32 PM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thanks for your email and follow up.  I would advise being directly in touch with the University Counseling Center with your question.  You may reach out to Amy Spanopoulos at the general UCC phone number of 574-631-7336.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Mon, May 11, 2020 at 4:31 PM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake,
>
> Thank you. I dont understand the decision. My Psychiatrist said I am able to return to school.
>
> Best,
>
> Raj Patel
>
> On Mon, May 11, 2020, 3:18 PM Jake Baska <jbaska@nd.edu> wrote:
>> Raj,
>>
>> Thank you for submitting your application for readmission to Notre Dame Law School.  We appreciate the time and effort you put into your application, your continued updates, as well as your desire to return to campus to resume your legal studies.

After consultation with the University Counseling Center (UCC), the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the 2020 fall semester. We all want you to return to campus when you are ready and able to contribute to the NDLS community in the positive manner of which we know you are capable.

Although the decision is final for this upcoming semester, you may apply for a future term. If you would like to reapply again, you must contact the University Counseling Center. They will provide guidance on their paperwork and related requirements for readmission.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued recovery.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



 **Gmail**

Raj Patel <raj@rajpatel.live>

## NDLS, Readmission Decision
1 message

**Jake Baska** <jbaska@nd.edu>                                                Mon, May 11, 2020 at 3:18 PM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for submitting your application for readmission to Notre Dame Law School.  We appreciate the time and effort you put into your application, your continued updates, as well as your desire to return to campus to resume your legal studies.

After consultation with the University Counseling Center (UCC), the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the 2020 fall semester.  We all want you to return to campus when you are ready and able to contribute to the NDLS community in the positive manner of which we know you are capable.

Although the decision is final for this upcoming semester, you may apply for a future term.  If you would like to reapply again, you must contact the University Counseling Center.  They will provide guidance on their paperwork and related requirements for readmission.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application.  Please accept our best for your continued recovery.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



**Raj Patel <raj@rajpatel.live>**

---

## Re: FW: [19-034] Re: Readmission Form
1 message

**Jake Baska** <jbaska@nd.edu>                                    Thu, Sep 17, 2020 at 5:05 PM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thanks for your email and questions.  Happy to help.

Regarding the documentation you should provide, I think those listed under "Health Reasons" probably better suffices for your circumstances.  "Withdrawal Between Semesters" is more appropriate for someone who left with no intention of returning to law school in the future.  Given that and given the communications you have had with members of the ND and NDLS community, we do politely ask that you work with the UCC regarding clearance.  We want to make sure that you are in a position to be a healthy and contributing member of the larger University.

Please be in touch if you have other questions or if our office can be of further assistance.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



---------- Forwarded message ---------
From: **Raj Patel** <raj@rajpatel.live>
Date: Wed, Sep 16, 2020 at 7:46 PM
Subject: [19-034] Re: Readmission Form
To: Jake Baska <jbaska@nd.edu>

Hello Jake,

The most recent version of the re-admissions form is different from last spring's. This version includes an option for "Between or During Semester," especially because it will be over three years since my withdrawal. I selected that option, although I can select the "Health Reasons" option too. I have not violated the conditions on the form.

Per my recent selection of "Between or During Semester," do I need to still be cleared by UCC?

If so, why? And, UCC has not uploaded their law school forms.

Best,

Raj Patel

On Mon, Sep 14, 2020 at 11:49 AM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Per your previous emails, please find the readmission application here. Please note that October 15 is the deadline to submit your materials to be considered to reenroll in the spring semester.

Also, per our email exchange from last spring, please be in touch with the University Counseling Center regarding your paperwork with them. Being cleared by the UCC is a prerequisite for readmission. I am confident they will be happy to assist you.

Sincerely,

Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329 Biolchini Hall
Notre Dame, IN 46556
Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: Visit another school
1 message

---

**Jake Baska** <jbaska@nd.edu>                                            Wed, May 13, 2020 at 8:37 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

A quick reply to this message - students may only visit another school if they are presently enrolled at NDLS.  You would have to be cleared by the readmission process first.

Let me know if you have other questions,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, May 12, 2020 at 7:39 PM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake,
>
> May I visit IUPUI McKinney Law School this upcoming year and transfer my credits back to Notre Dame for graduation?
>
>
> Best,
>
>
> Raj Patel



**Raj Patel <raj@rajpatel.live>**

## Re: Personal Statement for Re-Admissions
1 message

**Jake Baska** <jbaska@nd.edu>                                    Wed, Apr 8, 2020 at 8:29 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

I can confirm receipt of this email and your personal statement, as well as your subsequent email with your attached updated resume.  Thank you.

The only further materials we need are the proper sign-offs from University Health Services and/or the University Counseling Center, as well as your treating physician.  This is because your readmission application indicated that you withdrew due to health reasons.  We received your phone voice message asking if your documentation from 2018 would suffice to fulfill this requirement.  Given that those documents are from two years ago, we politely request updated copies. Thank you for your understanding.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook  ::  Instagram  ::  Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Sat, Apr 4, 2020 at 10:43 AM Raj Patel <raj@rajpatel.live> wrote:
> Hello Jake,
>
> Please see the personal statement attached below. I also have an updated resume for your reference.
>
> Best,
>
> Raj Patel
>
> In Indianapolis,

*President President Raj K. Patel, Student Body President of Emory University, Inc., Student Body President of Brownsburg Community School Corporation, His Excellency, His Excellency, Doctor (Prospective), Mister*

**H.E. Raj K. Patel**
Law, Notre Dame Law School 2021 (on a voluntary seperation of leave, in good standing)
Political Science and Religious Studies (Honors), Emory University 2014

Student Body President, Emory University, Inc. 2013-2014

President, Emory University Student Government Association 2013-14
Assistant Chair, S.G.A. Governance Committee & Rep.-At-Large 2012-13

Student Body President, Brownsburg Community School Corporation 2009-2010
President, Brownsburg High School Student Council C.H.A.I.N. Link 2009-10

501 N. Capitol Avenue, Apt. 4126A
Indianapolis, IN 46204
U.S.A.
(c) 317-450-6651
rajkp@me.com

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.



**Raj Patel <raj@rajpatel.live>**

---

## Re: Letter for Re-admissions
1 message

**Jake Baska** <jbaska@nd.edu>                                              Wed, Apr 1, 2020 at 11:32 AM
To: Raj Patel <raj@rajpatel.live>

Raj,

Thank you for your email and follow-up questions:
1) I believe that all credits that count towards your diploma count towards the 18 credit hour per semester limit.  Thus, if you are a JD/MBA student, MBA credit hours would count toward that limit.
2) I cannot comment on chances for readmission because your application is incomplete.  To this point, we just have your readmission form.  I have not forwarded any materials to other members of the admissions committee.  I will do so after your application is complete.
3) The deadline to apply for readmission for the fall semester is April 15.  We have to have all documents in by that date.

Thank you and please let me know if I can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Apr 1, 2020 at 9:42 AM Raj Patel <raj@rajpatel.live> wrote:
Thank you for the information.

Many M.B.A. courses are half-semester long rather than an entire semester; I would be enrolled in 18 credits at one point in time, after final-exams in October, I will have a brand new course until December.

To be quite frank, what are the chances of re-admissions while a pending lawsuit is happening against Notre Dame? What is the deadline to apply for re-admissions?

Best,

Raj Patel

On Wed, Apr 1, 2020 at 6:41 AM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Thank you for your emails. To be frank, I think this is a larger discussion you should have directly with Law School leadership if you are readmitted. I do not have the ability to authorize academic plans. Based on my knowledge from conversations with leadership:
- From your email from 10:56AM yesterday, no, you may not take 20 credits in a semester. 20% of 90 total credits is 18 credits. 18 credits is the maximum you can take in a semester.
a) I believe that credits from another graduate program (in the case of a dual degree program) count towards the 18 credit maximum in a semester. You would not be able to pursue 12 law credits and 7 MBA credits in a semester without an exception from NDLS leadership.
b) This would be a conversation post-readmission.

Have a good morning and please let me know if you would like to continue pursuing your readmission application. If so, we would require a personal statement and medical clearance from the UCC/UHS (if your withdraw was due to medical reasons).

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Apr 1, 2020 at 4:10 AM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake

I have another question for you. The ABA requires 83 credit hour minimum, 64 credit hours which are to be completed in the law school. I have satisfied the 64 credit hour requirements because I have 68 credit hours completed. Can my graduation requirement be reduced from 90 credit hours to 83 credit hours? See 311(a). Interpretation 311-2 says that "family exigency" is an extraordinary circumstance.

(a) Fall 2020 Semester - 12 law school hours + 7 business school credit hours (I can probably take a few the MBA credit hours before free-Fall semester).

(b) My previous plan for Fall 2020 and Winter 2021 seems amazing to me. I will have 90 credit hours completed and I'd be able to take some classes pass/fail. Maybe the Dean can allow exception to the pass/fail rule and allow me to take 8 law school credit hours for pass/fail and allow me to transfer-in upto 5 MBA credit hours in Fall 2020.

(c) If the Dean approves "Option a" above, then "option b" will be satisfied.

I know this is a lot of information, but I have separated the questions amongst several e-mails which should allow for ease of communications.

Best,

Raj Patel

On Tue, Mar 31, 2020, 10:23 AM Jake Baska <jbaska@nd.edu> wrote:
> Raj,
>
> To follow-up on my earlier message, I presented your request to NDLS leadership to be able to take your remaining 22 credit hours in one semester so that you may graduate as quickly as possible. They politely declined this request due to ABA Standard 311 (c): "A law school shall not permit a student to be enrolled at any time in coursework that exceeds 20 percent of the total credit hours required by that school for graduation." Given our requirement to take 90 credit hours in order to graduate, 20% of that total is 18 credit hours.
>
> Please advise if you would like to continue with your readmission application.
>
> Sincerely,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



> On Tue, Mar 31, 2020 at 8:24 AM Jake Baska <jbaska@nd.edu> wrote:
>> Raj,
>>
>> Thank you for your email and the attached resume. I can confirm receipt.
>>
>> I am awaiting advice on you being allowed to take the necessary 22 credits to graduate in one semester. I understand that that may dictate whether you complete the rest of your readmission application. Please let our office know if we can be of further assistance in the meantime.
>>
>> Sincerely,
>> Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, Mar 31, 2020 at 8:02 AM Raj Patel <raj@rajpatel.live> wrote:

> Hello Jake,
>
> Please see below for yet another updated resume for my application file.
>
> Best,
>
> Raj Patel
>
> On Mon, Mar 30, 2020 at 3:04 PM Raj Patel <raj@rajpatel.live> wrote:
>
>> Hello Jake,
>>
>> Thank you. In regards to #4, can this issue be specified more with the Office of the Dean of the Law School? I'd like to go through my options for question #4 prior to re-applying.
>>
>>
>> Best,
>>
>>
>> Raj Patel
>>
>> Sent from my Verizon, Samsung Galaxy smartphone
>> Get Outlook for Android
>>
>> ---
>>
>> **From:** Jake Baska <jbaska@nd.edu>
>> **Sent:** Monday, March 30, 2020, 2:41 PM
>> **To:** Raj Patel
>> **Subject:** Re: Letter for Re-admissions
>>
>> Hi Raj,
>>
>> Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons.  If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the
student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University
for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons
beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals.  This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not "withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve this matter as soon as possible. The judicary has neither dismissed nor deemed my latest complaint as being frivolous. The other material parties are President Trump, the United States, and Emory University, Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But, I will send additional documents as needed.


Best,


Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement. Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
[Facebook](Facebook)
:: [Instagram](Instagram)
:: [Twitter](Twitter)

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the
intended recipient,
please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Thank you for your application for readmission.  I wanted to touch base with you regarding your
required documents.  To ensure that we're on the same page, you can find the requirements I'm
about to mention on our readmission application here.

You indicated on your readmission application that you withdrew for health reasons.  As such, we
require that you submit the following:
A) This application form, including an updated Character and Fitness report
B) A certification of readiness from the University Health Center and/or University
Counseling Center. You may find the UHC form at the following page:
https://uhs.nd.edu/about-us/readmission-to-notre-dame/.
You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
C) A certification of readiness from the student's treating licensed health care professional
D) A personal statement of no more than 500 words outlining the reasons for their
withdrawal, what they have done since leaving the Law School, and their current
personal/professional
goals.

You have already submitted your application ("A").

Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may
receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement
("D")?  Given that the document is two years old and doesn't directly address what you have done
since leaving the Law School, nor your current personal/professional goals, it may be best to
submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not
the intended recipient,
please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN  46556
574-631-6626
Bulletin@nd.edu
Law.nd.edu

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>


Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document
can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you
find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better
understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-
0008.


Best,


Raj Patel
rajp2010@gmail.com
--
Raj Patel

 **Gmail**

**Raj Patel <raj@rajpatel.live>**

## Re: Letter for Re-admissions
1 message

**Jake Baska** <jbaska@nd.edu>                                          Mon, Mar 30, 2020 at 2:40 PM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons. If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals. This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not "withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve this matter as soon as possible. The judicary has neither dismissed nor deemed my latest complaint as being frivolous. The other material parties are President Trump, the United States, and Emory University, Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But, I will send additional documents as needed.

Best,

Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <jbaska@nd.edu> wrote:

Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment. Per my message below, we have only received your readmission application form. We have not yet received your health documents, nor your personal statement. Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
> Hi Raj,
>
> Thank you for your application for readmission.  I wanted to touch base with you regarding your required documents.  To ensure that we're on the same page, you can find the requirements I'm about to mention on our readmission application here.
>
> You indicated on your readmission application that you withdrew for health reasons.  As such, we require that you submit the following:
> A) This application form, including an updated Character and Fitness report
> B) A certification of readiness from the University Health Center and/or University Counseling Center. You may find the UHC form at the following page: https://uhs.nd.edu/about-us/readmission-to-notre-dame/. You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
> C) A certification of readiness from the student's treating licensed health care professional
> D) A personal statement of no more than 500 words outlining the reasons for their withdrawal, what they have done since leaving the Law School, and their current personal/professional goals.
>
> You have already submitted your application ("A").
>
> Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may receive a certification of readiness from your personal physician ("C")?
>
> Could you advise if you would like the attachment you sent us to serve as your personal statement ("D")?  Given that the document is two years old and doesn't directly address what you have done since leaving the Law School, nor your current personal/professional goals, it may be best to submit another document instead.
>
> Thank you and please let me know if you have any questions.
>
> Sincerely,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN  46556
574-631-6626
Bulletin@nd.edu
Law.nd.edu

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.

Best,

Raj Patel
rajp2010@gmail.com

--
Raj Patel

 Gmail

**Raj Patel <raj@rajpatel.live>**

---

## Re: Letter for Re-admissions
1 message

---

**Jake Baska** <jbaska@nd.edu>                                      Mon, Mar 30, 2020 at 2:15 PM
To: Raj Patel <rajp2010@gmail.com>, raj@rajpatel.live

Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your readmission at the moment.  Per my message below, we have only received your readmission application form.  We have not yet received your health documents, nor your personal statement.  Could you please advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Thank you for your application for readmission.  I wanted to touch base with you regarding your required documents. To ensure that we're on the same page, you can find the requirements I'm about to mention on our readmission application here.

You indicated on your readmission application that you withdrew for health reasons.  As such, we require that you submit the following:
A) This application form, including an updated Character and Fitness report
B) A certification of readiness from the University Health Center and/or University Counseling Center. You may find the UHC form at the following page: https://uhs.nd.edu/about-us/readmission-to-notre-dame/. You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.

6/12/22, 2:45 PM    Gmail - tajbaski.live.mail.Re: Re-admission...

Case 1:22-cv-01329-JPH-MG   Document 1-2   Filed 07/05/22   Page 143 of 201 PageID #: 371

C) A certification of readiness from the student's treating licensed health care professional

D) A personal statement of no more than 500 words outlining the reasons for their withdrawal, what they have done since leaving the Law School, and their current personal/professional goals.

You have already submitted your application ("A").

Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement ("D")? Given that the document is two years old and doesn't directly address what you have done since leaving the Law School, nor your current personal/professional goals, it may be best to submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <bulletin@nd.edu> wrote:

> Sincerely,
>
> Notre Dame Law School
> Office of Admissions
> 1329 Biolchini Hall
> Notre Dame, IN 46556
> 574-631-6626
> Bulletin@nd.edu
> Law.nd.edu
>
>
> ---------- Forwarded message ---------
> From: **Raj Patel** <rajp2010@gmail.com>
> Date: Tue, Mar 10, 2020 at 8:25 PM

Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>


Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>


Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.


Best,


Raj Patel
rajp2010@gmail.com
--
Raj Patel



**Raj Patel <raj@rajpatel.live>**

---

## Re: Letter for Re-admissions
1 message

---

**Jake Baska** <jbaska@nd.edu>                                         Wed, Apr 1, 2020 at 6:40 AM
To: Raj Patel <raj@rajpatel.live>

Hi Raj,

Thank you for your emails.  To be frank, I think this is a larger discussion you should have directly with Law School leadership if you are readmitted.  I do not have the ability to authorize academic plans.  Based on my knowledge from conversations with leadership:
- From your email from 10:56AM yesterday, no, you may not take 20 credits in a semester.  20% of 90 total credits is 18 credits.  18 credits is the maximum you can take in a semester.
a) I believe that credits from another graduate program (in the case of a dual degree program) count towards the 18 credit maximum in a semester.  You would not be able to pursue 12 law credits and 7 MBA credits in a semester without an exception from NDLS leadership.
b) This would be a conversation post-readmission.

Have a good morning and please let me know if you would like to continue pursuing your readmission application.  If so, we would require a personal statement and medical clearance from the UCC/UHS (if your withdraw was due to medical reasons).

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.

On Wed, Apr 1, 2020 at 4:10 AM Raj Patel <raj@rajpatel.live> wrote:
    Hello Jake

    I have another question for you. The ABA requires 83 credit hour minimum, 64 credit hours which are to be completed in the law school. I have satisfied the 64 credit hour requirements because I have 68 credit hours completed. Can my

graduation requirement be reduced from 90 credit hours to 83 credit hours? See 311(a). Interpretation 311-2 says that "family exigency" is an extraordinary circumstance.

(a) Fall 2020 Semester - 12 law school hours + 7 business school credit hours (I can probably take a few the MBA credit hours before free-Fall semester).

(b) My previous plan for Fall 2020 and Winter 2021 seems amazing to me. I will have 90 credit hours completed and I'd be able to take some classes pass/fail. Maybe the Dean can allow exception to the pass/fail rule and allow me to take 8 law school credit hours for pass/fail and allow me to transfer-in upto 5 MBA credit hours in Fall 2020.

(c) If the Dean approves "Option a" above, then "option b" will be satisfied.

I know this is a lot of information, but I have separated the questions amongst several e-mails which should allow for ease of communications.


Best,


Raj Patel


On Tue, Mar 31, 2020, 10:23 AM Jake Baska <jbaska@nd.edu> wrote:
> Raj,
>
> To follow-up on my earlier message, I presented your request to NDLS leadership to be able to take your remaining 22 credit hours in one semester so that you may graduate as quickly as possible. They politely declined this request due to ABA Standard 311 (c): "A law school shall not permit a student to be enrolled at any time in coursework that exceeds 20 percent of the total credit hours required by that school for graduation." Given our requirement to take 90 credit hours in order to graduate, 20% of that total is 18 credit hours.
>
> Please advise if you would like to continue with your readmission application.
>
> Sincerely,
> Jacob Baska
>
> **Jacob Baska**
> *Director of Admissions & Financial Aid*
> Notre Dame Law School
> University of Notre Dame
> law.nd.edu/admissions/
>
> 1329 Biolchini Hall
> Notre Dame, IN 46556
>
> Tel: (574) 631-6626 | Fax: (574) 631-5474
>
> Connect with NDLS Admissions on:
> Facebook :: Instagram :: Twitter
>
> Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.
>
> 
>
> On Tue, Mar 31, 2020 at 8:24 AM Jake Baska <jbaska@nd.edu> wrote:

Raj,

Thank you for your email and the attached resume. I can confirm receipt.

I am awaiting advice on you being allowed to take the necessary 22 credits to graduate in one semester. I understand that that may dictate whether you complete the rest of your readmission application. Please let our office know if we can be of further assistance in the meantime.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please immediately contact the sender by email and delete this message.



On Tue, Mar 31, 2020 at 8:02 AM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

Please see below for yet another updated resume for my application file.

Best,

Raj Patel

On Mon, Mar 30, 2020 at 3:04 PM Raj Patel <raj@rajpatel.live> wrote:
Hello Jake,

Thank you. In regards to #4, can this issue be specified more with the Office of the Dean of the Law School? I'd like to go through my options for question #4 prior to re-applying.

Best,

Raj Patel

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Jake Baska <jbaska@nd.edu>
**Sent:** Monday, March 30, 2020, 2:41 PM
**To:** Raj Patel
**Subject:** Re: Letter for Re-admissions

Hi Raj,

Thank you for your email.

On the readmission application form you submitted on March 10, you indicated that you withdrew from the Law School because of health reasons.  If that is note accurate, I kindly ask that you resubmit a new readmission application since the answer to the question of why/how you withdrew dictates the documents we ask of you.

For reference, your options are:
1) Withdrawal for Health Reasons - For students with mental or physical health conditions that render the
student unable to engage in coursework and other related duties for a period of at least 10 days.
2) Withdrawal Between Semesters - For students in good academic standing who determine prior to the beginning of a semester that they wish to leave the Law School and the University
for reasons beyond those related to health.
3) Withdrawal During a Semester - For students in good academic standing who determine during a semester that they wish to leave the Law School and the University for reasons
beyond those related to health.

Regarding your other questions and statements:
1) We require a personal statement from the student to outline what they have done since they left the law school and their updated professional goals.  This is a requirement of the readmission application.
2) Scholarship decisions will be made by the relevant committee after receipt of the proper application materials.
3) This is duly noted.
4) I cannot speak for the Dean nor the Faculty, but the Hoynes Code dictates that students need 90 credits in order to graduate and I do not believe it would be possible to take 32 credit hours during one semester of law school.
You would have to gain admission to the MBA program in order to pursue the JD/MBA.
5) If you withdrew for health reasons, you will have to send updated medical forms and/or contact the UHS or UCC to forward those documents to our office.

Thank you and please let our office know how we can be of further assistance,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:

[Facebook](Facebook)
:: [Instagram](Instagram)
:: [Twitter](Twitter)

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential
information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Mon, Mar 30, 2020 at 2:27 PM Raj Patel <raj@rajpatel.live> wrote:

Hello Jake,

(1) I took a voluntary separation in good standing because of duress/stress/family necessity. I did not
"withdraw." Therefore, why would I need a new personal statement? I don't have changes in career plans
either.

(2) Will my scholarships be re-instated, separately from the result in #3 below? Can they increased to
effective full ride, as it was my third year before withdrawing because I was an assistant rector?

(3) I have a pending legal matter within the judiciary against Notre Dame Law School. I am hoping to resolve
this matter as soon as possible. The judicary has neither dismissed nor deemed my latest complaint as
being frivolous. The other material parties are President Trump, the United States, and Emory University,
Inc.

(4) I have 68 credit hours completed. May I work something out with the dean so I can graduate in one
semester? Or, enroll in the JD/MBA? They denied me admissions in the graduate business program.

(5) My supportive medical documents were sent in February 2018. I do not have new things to disclose. But,
I will send additional documents as needed.


Best,


Raj Patel
317-450-6651

Confidentiality Requirement: This email message, including any attachment(s), is for the sole use of the intended recipient(s) and
may contain
confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the
intended recipient, please immediately contact the sender by email and delete this message.

On Mon, Mar 30, 2020, 2:15 PM Jake Baska <[jbaska@nd.edu](jbaska@nd.edu)> wrote:

Hi Raj,

Our records processors were in touch with me this morning regarding your updated resume and your
question about a decision timeline on your readmission application.

Please know that your readmissions application is incomplete so there is no timetable for your
readmission at the moment.  Per my message below, we have only received your readmission application
form.  We have not yet received your health documents, nor your personal statement.  Could you please
advise one when we may expect those documents?

Thank you and I look forward to hearing back from you,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
Facebook
:: Instagram
:: Twitter

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential
information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended
recipient,
please immediately contact the sender by email and delete this message.



On Sun, Mar 15, 2020 at 2:47 PM Jake Baska <jbaska@nd.edu> wrote:
Hi Raj,

Thank you for your application for readmission.  I wanted to touch base with you regarding your
required documents.  To ensure that we're on the same page, you can find the requirements I'm about to
mention on our readmission application here.

You indicated on your readmission application that you withdrew for health reasons.  As such, we
require that you submit the following:
A) This application form, including an updated Character and Fitness report
B) A certification of readiness from the University Health Center and/or University Counseling
Center. You may find the UHC form at the following page:
https://uhs.nd.edu/about-us/readmission-to-notre-dame/.
You may find the UCC form at the following page: http://ucc.nd.edu/readmission/#lawschool.
C) A certification of readiness from the student's treating licensed health care professional
D) A personal statement of no more than 500 words outlining the reasons for their withdrawal,
what they have done since leaving the Law School, and their current personal/professional
goals.

You have already submitted your application ("A").

Could you advise on if you have been in touch with either the UHC or UCC ("B"), and when we may
receive a certification of readiness from your personal physician ("C")?

Could you advise if you would like the attachment you sent us to serve as your personal statement ("D")? Given that the document is two years old and doesn't directly address what you have done since leaving the Law School, nor your current personal/professional goals, it may be best to submit another document instead.

Thank you and please let me know if you have any questions.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions*
*& Financial Aid*
Notre Dame Law School
University of Notre Dame
[law.nd.edu/admissions/](law.nd.edu/admissions/)
1329
Biolchini Hall
Notre
Dame, IN 46556
Tel:
(574) 631-6626
| Fax: (574)
631-5474

Connect with NDLS Admissions
on:
[Facebook](Facebook)
:: [Instagram](Instagram)
:: [Twitter](Twitter)

Confidentiality Requirement:
This email message, including any attachment(s), is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient,
please immediately contact the sender by email and delete this message.



On Wed, Mar 11, 2020 at 7:31 AM Notre Dame Law School bulletin <[bulletin@nd.edu](bulletin@nd.edu)> wrote:

Sincerely,

Notre Dame Law School
Office of Admissions
1329 Biolchini Hall
Notre Dame, IN  46556
574-631-6626
[Bulletin@nd.edu](Bulletin@nd.edu)
[Law.nd.edu](Law.nd.edu)

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Tue, Mar 10, 2020 at 8:25 PM
Subject: Fwd: Letter for Re-admissions
To: <bulletin@nd.edu> <bulletin@nd.edu>

Raj Patel
rajp2010@gmail.com

---------- Forwarded message ---------
From: **Raj Patel** <rajp2010@gmail.com>
Date: Mon, Apr 30, 2018 at 4:46 PM
Subject: Letter for Re-admissions
To: Peter Horvath <Peter.F.Horvath.50@nd.edu>
Cc: Anne Hamilton <Anne.C.Hamilton.4@nd.edu>

Hello Peter,

My case is dismissed. Attached you will find a letter for re-admissions. I hope that this document can
be destroyed because of its sensitivity. I feel like it is mutually beneficial if I re-enroll. If you find it
appropriate, professors Root, O'Hara, Pruitt, Fick, or Mayer might be able to help better understand
the document.

I am happy to schedule a recorded phone call upon your request. My phone number is 317-331-0008.

Best,

Raj Patel
rajp2010@gmail.com
--
Raj Patel

**Notre Dame Law School**
# NDLScholarship

Hoynes Code                                              Law School History

11-16-2016

# Hoynes Code, The

Notre Dame Law School

Follow this and additional works at: https://scholarship.law.nd.edu/law_faculty_handbks

 Part of the Law Commons

### Recommended Citation

Notre Dame Law School, "Hoynes Code, The" (2016). *Hoynes Code*. 27.
https://scholarship.law.nd.edu/law_faculty_handbks/27

This Book is brought to you for free and open access by the Law School History at NDLScholarship. It has been accepted for inclusion in Hoynes Code by an authorized administrator of NDLScholarship. For more information, please contact lawdr@nd.edu.

# THE
# HOYNES
# CODE

A COMPILATION OF FACULTY RESOLUTIONS
AND ADMINISTRATIVE REGULATIONS
GOVERNING NOTRE DAME LAW SCHOOL

REVISED NOVEMBER 16, 2016

NELL JESSUP NEWTON
JOSEPH A. MATSON DEAN AND PROFESSOR OF LAW

NOTRE DAME LAW SCHOOL

# CONTENTS

1.    INTRODUCTION ....................................................................................1
       1.1    PURPOSE .....................................................................................1
       1.2    AMENDMENTS ...........................................................................1
       1.3    EXCEPTIONS AND DELEGATION.............................................1
       1.4    COPIES ........................................................................................1
       1.5    CITATION ....................................................................................1
       1.6    EDITION ......................................................................................1

2.    ADMINISTRATION.................................................................................1
       2.1    THE NOTRE DAME LAW SCHOOL HONOR CODE ..........................1
       2.2    STUDENT DISCIPLINE...............................................................1
       2.3    STUDENT RECORDS...................................................................1
       2.4    LAW SCHOOL CALENDAR.........................................................2
       2.5    STUDENT COMPLAINTS RELATING TO PROGRAM OF LEGAL
                 EDUCATION..............................................................................2
       2.6    STUDENT REQUESTS FOR ACCOMMODATION...............................2

3.    ARTICLE III [RESERVED] .....................................................................2

4.    REQUIREMENTS FOR THE J.D. DEGREE...............................................3
       4.1    JURIS DOCTOR DEGREE.............................................................3
       4.2    CREDIT HOURS...........................................................................3
       4.3    REQUIREMENTS.........................................................................3
       4.4    ELECTIVE COURSES ..................................................................5
       4.5    RESIDENCY ...............................................................................10
       4.6    GRADES REQUIRED FOR GRADUATION....................................11
       4.7    JOINT DEGREE PROGRAMS......................................................11
       4.8    NON-DEGREE STUDENTS .......................................................12

5.    ENROLLMENT AND WITHDRAWAL.....................................................12
       5.1    ENROLLMENT ..........................................................................13
       5.2    DROP-ADD.................................................................................13
       5.3    LATE COURSE WITHDRAWALS AND ADDITIONS.......................13

6.    ATTENDANCE AND EXAMINATIONS ...................................................14
       6.1    ATTENDANCE REQUIREMENTS.................................................14
       6.2    ATTENDANCE POLICY...............................................................14
       6.3    EXAMINATIONS.........................................................................15
       6.4    REQUIRED PAPERS....................................................................16

7.    GRADING, ACADEMIC GOOD STANDING, HONORS, PROBATION AND
       DISMISSAL ..........................................................................................16
       7.1    GRADING...................................................................................16
       7.2    GOOD STANDING.......................................................................19

7.3     HONORS .......................................................................................21
7.4     COURSE FAILURES.....................................................................22
7.5     LONDON .......................................................................................23

8.    READMISSION AND TRANSFER ADMISSION.......................................23
8.1     STANDARDS AND PROCEDURE FOR READMISSION AFTER
        DISMISSAL FOR ACADEMIC FAILURE ............................................23
8.2     TRANSFER ADMISSION ..................................................................25

9.    APPENDICES
      APPENDIX A – NOTRE DAME LAW SCHOOL HONOR CODE
      APPENDIX B – LL.M. CANDIDATE HANDBOOK
      APPENDIX C – J.S.D. CANDIDATE HANDBOOK

ARTICLE 1.   INTRODUCTION

1.1. PURPOSE. This code governs legal education at the University of Notre Dame in all programs and in all locations. Requirements for the LL.M. and J.S.D. degree are included in the appendices.

1.2. AMENDMENTS. The code will be amended periodically by the dean to reflect actions of the body having authority over the particular subject matter.

1.3. EXCEPTIONS AND DELEGATION. Exceptions to the code may be granted by the body having authority to amend the section at issue. Any matter requiring action by the dean may be delegated by the dean to an assistant or associate dean as appropriate. The general authority of the dean to grant exceptions is encompassed in the dean's responsibility for the administration, well-being and development of the Law School, its faculty, courses of study and other activities.

1.4. COPIES. The Law School's web site shall have a publicly accessible link to the text of the current revision of the code.

1.5. CITATION. The Hoynes Code is named in honor of Colonel William James Hoynes, first dean of the Notre Dame Law School. It is referred to here as "the code," and may be cited as "H.C."

1.6. EDITION. The code as originally compiled was as of August 1, 1971. This compilation is as of the date indicated on the cover.

ARTICLE 2.   ADMINISTRATION

2.1. THE NOTRE DAME LAW SCHOOL HONOR CODE. The Honor Code was adopted by the students and faculty. It is included in Appendix A.

2.2. STUDENT DISCIPLINE. The Law School faculty reserves its right to assert jurisdiction in the first instance in disciplinary cases involving law students.

2.3. STUDENT RECORDS. The records of students at the Law School, including grades, are confidential and are not open to anyone except the student and the faculty and staff for purposes consistent with the Family Educational Rights and Privacy Act (FERPA).

2.4. LAW SCHOOL CALENDAR. The Law School calendar shall be fixed by the Law School administration with the general guideline of the faculty that it conform to the University calendar as nearly as can be reasonably done to accommodate no fewer than 70 class days per semester.

1

2.5. STUDENT COMPLAINTS RELATING TO PROGRAM OF LEGAL EDUCATION.

2.5.1.   A student who wishes to bring to the attention of the Law School a significant problem that directly implicates the school's program of legal education and its compliance with the A.B.A. Standards should file a written complaint with the dean. The A.B.A. Standards may be found at http://www.americanbar.org/groups/legal_education/resources/standards.html The written complaint must include a sufficient description of the problem to permit the dean to investigate the matter, the specific A.B.A. Standard at issue, and the student's name, mailing address, email address, and phone number.

2.5.2.   Absent unusual circumstances, within twenty-one days after receiving the complaint described in section 2.5.1 the dean shall advise the student in writing of the resolution of the complaint. The resolution communicated by the dean shall be final.

2.5.3.   The dean shall maintain a record of complaints described in section 2.5.1, including the resolution of any such complaints, for eight years from the date of final resolution of the complaint.

2.5.4.   This section 2.5 shall not apply to student complaints that are covered either by the Honor Code or by University of Notre Dame complaint procedures, including but not limited to complaints relating to discriminatory harassment or sexual harassment. Information regarding the filing of complaints of harassment may be found at http://equity.nd.edu/

2.6. STUDENT REQUESTS FOR ACCOMMODATIONS. The Law School adheres to University policies and procedures regarding students with disabilities. Students seeking academic or other accommodations due to a disability must register with the University Office of Disability Services. The University ODS will evaluate and make all determinations regarding student disabilities and reasonable accommodations and the Law School will implement those accommodations in support of law students. Information regarding the academic accommodation process for the Law School may be found at http://disabilityservices.nd.edu/

ARTICLE 3.   [Reserved. Details regarding faculty governance are set forth in the Faculty Governance Code.]

ARTICLE 4.   REQUIREMENTS FOR THE J.D. DEGREE

4.1. OVERVIEW. To earn a J.D. degree, students must:

4.1.1.   Successfully complete a minimum of 90 credit hours, at least 70 of which must be

earned in courses that require attendance at regularly scheduled classroom sessions or direct faculty instruction. See also section 4.2.

4.1.2.   Successfully complete all the requirements listed in section 4.3.

4.1.3.   Engage in full-time law study for six semesters in residence, as described in section 4.5.

4.1.4.   Achieve a minimum cumulative GPA of 2.000. See also section 4.6.

4.1.5.   Complete the course of study for the degree no earlier than 24 months and no later than 84 months after the student has commenced law study at the Law School or at any law school from which the Law School has accepted transfer credit. The dean may waive the 84-month requirement for extraordinary circumstances.

4.2. CREDIT HOURS.   A "credit hour" is an amount of work that reasonably approximates not less than fifty minutes of classroom or direct faculty instruction and two hours of out-of-class student work per week for fifteen weeks (including one week for exams), or at least an equivalent amount of work for activities such as simulation courses, field placements and externships, clinical, co-curricular, directed readings, seminars and other academic work.

4.3. REQUIREMENTS

4.3.1.   The following courses are required in the first year:

Civil Procedure (4 credit hours)
Constitutional Law (4 credit hours)
Contracts (4 credit hours)
Criminal Law (4 credit hours)
Legal Research (1 credit hour)
Legal Writing (3 credit hours)
Property (4 credit hours)
Torts (4 credit hours)

In addition, students must take one three credit hour elective course during the second semester of the first year. The dean, after consultation with faculty teaching electives, shall publish a list of electives from which first-year students may choose. A student's grade in the first-year elective course shall not count toward eligibility for journal membership.

4.3.2.   In addition to first-year courses, students must successfully complete the courses listed below prior to graduation:

3

One or more courses totaling at least three hours that provide substantial instruction in professional responsibility, including legal ethics
Jurisprudence (3 credit hours)
An upper level experiential course
Beginning with students who become first-year students during the 2016-17 academic year, one or more experiential courses totaling at least six credit hours. Experiential courses include simulation courses, law clinics, and field placements offered by the Law School.
Upper-Level Writing Requirement (see also Section 4.3.3). Students must complete this requirement before enrolling in their final semester.

Before the start of registration for any semester, the registrar shall publish a list that identifies all of the courses that will be offered during that semester that will satisfy the professional responsibility requirements and the upper-level experiential course requirements.

    4.3.3.   In order to satisfy the Upper-Level Writing Requirement (see Section 4.3.2), a student must complete a substantial research paper that is begun after the first year. Ordinarily a paper of that sort will contain at least 10,000 words (including text and footnotes), but in exceptional circumstances a shorter paper could suffice. This Requirement is designed to increase the student's proficiency in legal research, analytic reasoning, and writing in a single field of concentration. Accordingly, the research paper should be well-researched with all sources cited accurately and properly (in "Blue Book" or similar form), and should make appropriate and critical use of primary and secondary sources. (Briefs, including briefs produced in a course of a student's participation in Moot Court, do not satisfy this Requirement.)   The paper must be completed for curricular credit, co-curricular credit, or in the context of a student's involvement with the Notre Dame Law Review, the Journal of Legislation, the Notre Dame Journal of Law, Ethics & Public Policy, or the Notre Dame Journal of International & Comparative Law; on a graded or ungraded basis; in conjunction with a course, or as a Directed Reading. A student must submit the paper to the faculty member who will determine whether the paper satisfies the Requirement by the end of the first semester of the third year. The dean may extend this deadline until the end of the fourth full week of the second semester of the third year for good cause. The dean may also extend this deadline beyond the fourth full week of the second semester of the third year, but only for extraordinarily compelling reasons. In the semester in which a student writes the paper, a student must submit to the Registrar a form signed by a faculty member, who is to advise the student in preparing the paper and to determine whether the paper satisfies this Requirement. A student must submit the form no later than the end of the add-drop period. Only a member of the teaching-and-research faculty, the clinical faculty, or the legal-writing faculty may determine whether the paper satisfies this Requirement, unless the dean approves a student's request to permit another faculty member to advise the student and determine whether the paper satisfies this Requirement.

4

4.4. ELECTIVE COURSES

4.4.1.   Electives Defined. All second- and third-year courses not listed in section 4.3.2 are elective.

4.4.2.   Academic Credit. Academic credit is awarded for both curricular and co-curricular coursework.

4.4.2.1.     Curricular Academic Credit will be granted to elective courses based on the following guidelines: (1) significant classroom component (normally consisting of 14 classroom hours per hour of academic credit) or significant individual sessions, with substantive content; and (2) student evaluation, by an individual appointed to the faculty, based on an examination, a substantive research or analysis paper(s), or student performance.

4.4.2.2.     Co-curricular Academic Credit on a "satisfactory/unsatisfactory" basis may be awarded to students participating in co-curricular activities that comply with plans approved by the faculty prior to the commencement of the activity for which credit is awarded. In determining whether to approve plans pursuant to which credit will be awarded for co-curricular activities, the faculty shall consider: (1) the educational value of the activity; (2) the extent and type of supervision and the director of the activity; (3) the extent and manner of periodic evaluation and review of the performance of students participating in the activity; and (4) the amount of time required to earn the credit. Each student's educational achievement in such a course shall be evaluated by a faculty member.

4.4.2.2.1.     No more than six co-curricular credit hours may be applied toward the minimum credit hours required for graduation as provided in section 4.1.1, and of those six credit hours no more than four may be from work on a journal.

4.4.2.2.2.     No more than two cocurricular credit hours per semester may be applied to the minimum semester-hour requirement as provided in section 4.5.

4.4.2.3.     Determination of whether an elective course satisfies the requirements for curricular or co-curricular academic credit will be made by the faculty.

4.4.3.   Directed-Reading Programs. A student may not enroll in more than one directed-reading program per semester. Only a member of the regular faculty may teach a directed-reading program, unless the dean approves a student's request to

5

permit another faculty member to teach a directed-reading program. Directed-reading programs in the J.D. program may be one or two credit hours at the discretion of the member of the faculty offering the program, with one credit ordinarily awarded for each 5,000 words of a student's paper reflecting substantial and original research. No more than six curricular credit hours from directed-reading programs may be applied toward the minimum credit hours required for graduation as provided in section 4.1.1. The limits contained in the first, third, and fourth sentences of this section may be waived by the dean, but only for extraordinarily compelling reasons.

4.4.4.   Graduate School, Mendoza, and Keough Courses

4.4.4.1.   A student in the Law School may receive curricular academic credit for graduate-level courses taken in the Graduate School, the Mendoza College of Business ("Mendoza"), or the Keough School of Global Affairs ("Keough") as follows:

4.4.4.1.1.   Up to three hours of curricular academic credit may count toward the minimum hour requirements in any semester after the first year.

4.4.4.1.2.   Up to nine hours of curricular academic credit may be credited toward the J.D. degree.

4.4.4.1.3.   The determination of what constitutes a graduate- level course for purposes of this rule rests within the dean's discretion.

4.4.4.1.4.   Students enrolled in joint degree programs described in section 4.7 are not subject to the limits imposed by section 4.4.4.1.1 and section 4.4.4.1.2 with respect to their programs but are instead subject to the limits imposed by those programs.

4.4.4.1.5.   For students enrolled in a second degree program at the University that is not part of a joint degree program described in section 4.7, the dean may waive the limits imposed by section 4.4.4.1.1 and section 4.4.4.1.2 for good cause.

4.4.4.1.6.   For students not covered by section 4.4.4.1.4 or section 4.4.4.1.5, the dean may waive the limits imposed by section 4.4.4.1.1 and section 4.4.4.1.2, but only for extraordinarily compelling reasons.

4.4.4.2.   A full-time student enrolled in the Law School shall pay no additional tuition for Graduate School and Mendoza courses, except that a student may be required to pay additional tuition if the student is enrolled in a second degree

6

program, whether or not that program is part of a joint degree program described in section 4.7.

4.4.4.3.    In accord with University, Graduate School, and Mendoza regulations, a law student seeking a degree in the Graduate School or Mendoza (that is, a degree other than the J.D.) must apply for admission to the Graduate School or Mendoza, as applicable, and be accepted by the appropriate department.

4.4.4.4.    A student in the Law School may not enroll for credit in any undergraduate course unless the dean approves such enrollment, which approval shall only be granted if the undergraduate course at issue is law-related and the workload for the participating law student has been enhanced to reflect a graduate course level of work.

4.4.5.   Externship Courses. The faculty may approve for curricular academic credit an externship course fulfilling the following conditions:

4.4.5.1.    Content and supervision must comply with the student practice rules of the jurisdiction in which the work is done.

4.4.5.2.    A member of the regular faculty must accept full responsibility for the course.

4.4.5.3.    The course must satisfy the applicable A.B.A. Standard(s).

4.4.5.4.    No student may earn more than ten hours of curricular academic credit for the field placement components of externship courses. Such credit is without prejudice to a student's ability to earn cocurricular credit under the provisions of the Hoynes Code.

4.4.5.5.    A student may not receive compensation for work performed as part of an externship course.

4.4.5.6.    A student must successfully complete at least one full academic year of study prior to participation in an externship course.

4.4.5.7.    A student may not enroll in more than one externship course during a single semester. A student may also not enroll in a clinical course and an externship course during a single semester or in two clinical courses during a single semester. These prohibitions do not apply to Summer Externships described in section 4.4.6 to the extent a student is considered enrolled in such an externship during the semester immediately following the summer during which such externship actually occurs. These prohibitions may be waived only

7

with both the permission of the dean, which permission may be granted only for extraordinarily compelling reasons, and the permission of the instructors for the two courses at issue.

4.4.6.   Summer Externships. One unit of co-curricular academic credit may be awarded for student volunteer legal work of at least four weeks and 160 hours or more of work undertaken during the summer months in a court, governmental agency, nonprofit organization, public law office or in-house corporate counsel office. The work must be conducted under faculty supervision, conform to the approved standards of the faculty, and have the advance approval of the dean. This one unit of co-curricular credit may count toward graduation requirements as one of the six maximum allowable co-curricular credits, but cannot count toward the minimum hours required during any semester for residency. The credit will be reflected on a student's transcript.

4.4.7.   Distance Education. The faculty may approve for curricular academic credit a course in which students are separated from the faculty member or each other for more than one-third of the instruction and the instruction involves the use of technology to support regular and substantive interaction among students and between students and the faculty member (a "Distance Education" course).

4.4.7.1.     A student may not earn more than 15 credit hours toward the J.D. degree in Distance Education courses.

4.4.7.2.     A student must successfully complete at least one full academic year of study including 28 credit hours toward the J.D. degree prior to participation in a Distance Education course.

4.5. RESIDENCY. Each student shall be required to take at least 14 credit hours in each semester in order to qualify for status as a full-time student, except as otherwise provided in section 4.5.1. No student will be permitted to enroll in more than 18 credit hours in a single semester. No student will be permitted to enroll in more than 16 credit hours at a Notre Dame Law School site in the United States other than the Notre Dame, Indiana campus.

4.5.1.   Credit Hours.

4.5.1.1.     Students who earn credits in the Notre Dame London Summer Program may, in subsequent semesters, reduce their total semester hours by the number of London summer credits earned, provided that students take at least 12 credit hours each semester. The dean may permit other students to reduce their credit hours in a given semester below 14 credit hours, but only for good cause and under any conditions not below 12 credit hours.

8

4.5.1.2.    Students who are permitted to take fewer than 14 credit hours in a semester pursuant to section 4.5.1.1 will qualify for status as full-time students as long as they take at least 12 credit hours in a semester.

4.5.2.  Semesters

4.5.2.1.    For students who complete their first year of studies at Notre Dame Law School, four semesters in residence must be completed at the campus in South Bend, Indiana. Two semesters in residence may be completed in the London Law Program in London, England, in an exchange program with a foreign law school with which Notre Dame Law School has established an exchange program, or at other sites which are at the relevant time operated by Notre Dame Law School for the purpose of facilitating externship semesters outside of South Bend, Indiana.

4.5.2.2.    Students who transfer from another law school must complete three semesters in residence at the Notre Dame Law School campus in South Bend, Indiana. One semester in residence may be completed in the London Law Program in London, England, in an exchange program with a foreign law school with which Notre Dame Law School has established an exchange program, or at other sites which are at the relevant time operated by Notre Dame Law School for the purpose of facilitating externship semesters outside of South Bend, Indiana.

4.5.2.3.    The dean may waive the Notre Dame residency requirement in sections 4.5.2.1 and 4.5.2.2, but only for extraordinarily compelling reasons.

4.5.2.4.    No more than 30 credit hours may be applied towards the J.D. degree for studies or activities outside the United States, including the London Program and international exchange programs.

## 4.6. GRADES REQUIRED FOR GRADUATION

4.6.1.  All students must achieve a minimum cumulative GPA of 2.000.

4.6.2.  The dean may waive the requirement of a minimum cumulative GPA of 2.000 if:

4.6.2.1.    the student has achieved six semesters of good standing; or

4.6.2.2.    the student has achieved a minimum semester GPA of 2.000 in each of five semesters.

9

4.6.3.   A student who fails to meet these eligibility criteria may petition the dean to continue for one additional semester in order to meet the minimum standards for graduation. Approval will be at the dean's discretion.

## 4.7. JOINT DEGREE PROGRAMS

4.7.1.   A student in the four-year joint J.D./M.B.A. Program will be required to complete successfully 75 credit hours of Law School courses and 48 credit hours of M.B.A. courses to receive the respective degrees. The Law School will accept 15 credit hours of M.B.A. courses toward completion of the J.D. degree. Concurrently, the Mendoza College of Business will accept 16 credit hours of law courses toward the M.B.A. degree requirements.

4.7.2.   A student in the three-year joint J.D./M.B.A. Program will be required to complete successfully 75 credit hours of Law School courses and 35 credit hours of M.B.A. courses to receive the respective degrees. The Law School will accept 15 credit hours of M.B.A. courses toward completion of the J.D. degree. Concurrently, the Mendoza College of Business will accept 11 credit hours of law courses toward the M.B.A. degree requirements.

4.7.3.   A student in the joint J.D./M.A. in English Program will be required to successfully complete 81 hours of Law School courses and 21 hours of English courses to receive the respective degrees. The Law School will accept 9 credit hours of graduate-level English courses toward completion of the J.D. degree. Concurrently, the Graduate School and the Department of English will accept 9 credit hours of law courses toward the M.A. in English degree requirements.

4.7.4.   A student in the joint J.D./M. Engineering Program will be required to successfully complete 75 hours of Law School courses and 24 hours of Engineering courses to receive the respective degrees. The Law School will accept 15 credit hours of graduate-level Engineering courses toward completion of the J.D. degree. Concurrently, the Graduate School and the applicable engineering department will accept six credit hours of law courses toward the M.Engineering degree requirements.

4.7.5.   A student in the joint J.D./M.G.A. Program will be required to successfully complete 75 credit hours of Law School courses and 39 credit hours of M.G.A. courses to receive the respective degrees. The Law School will accept 15 credit hours of M.G.A. courses toward completion of the J.D. degree. Concurrently, the Keough School of Global Affairs will accept 9 credit hours of law courses toward the M.G.A. degree requirements.

4.7.6.   Each student enrolled in a joint degree program shall consult with the dean in

10

planning a curriculum.

4.8. NON-DEGREE SEEKING STUDENTS. While regular J.D. degree-seeking students are required to comply with the other provisions of this article, non-degree seeking students may be authorized to enroll for selected courses with the permission of the dean without complying with the other provisions of this article. Non-degree seeking students will qualify as full-time students if they take at least nine credit hours in a semester, counting both law school courses and other courses at the University, and will qualify as part-time students if they take at least six and no more than eight credit hours in a semester, counting both law school courses and other courses at the University. Non-degree seeking students who later successfully apply to the J.D. program may be permitted to apply law school course credits earned while a non-degree seeking student toward to the J.D. degree with the permission of the dean.

## ARTICLE 5.   ENROLLMENT AND WITHDRAWAL

### 5.1. ENROLLMENT

5.1.1.   All students must enroll on the appointed day each semester. A fee will be imposed for late enrollment.

5.1.2.   A student's failure to enroll on time may result in the loss of the student's seat in a closed class to a student who has enrolled on time.

5.1.3.   A student who fails to enroll before the end of the first week of classes is considered not to be a Notre Dame law student. If such person desires to continue at the school, an application for readmission in accordance with Article VIII is required.

5.2. DROP-ADD. Any course may be dropped or added routinely during the first five class days of the semester, with the exception of any experiential course or course that begins before the start of regular classes in the fall and spring semesters. The policy for dropping such courses will be established by the instructor and communicated to students at or near the time of registration.

5.3. LATE COURSE WITHDRAWALS AND ADDITIONS.

5.3.1.   After the first five days of a semester, but during the first five full weeks of the semester, a student may withdraw from a class without penalty only with the permission of the dean, which permission may be granted for good cause shown, provided that either the student's course load does not fall below 14 credit hours or the minimum-hour requirement is relaxed by the dean for good cause shown, or below 12 credit hours for students covered by section 4.5.1.1 who have earned

11

credits in the Notre Dame London Summer Program.

5.3.2.   After the first five full weeks of the semester, a student may withdraw from a course only with both the permission of the dean, which permission may be granted only for extraordinarily compelling circumstances, and the permission of the instructor for the course.

5.3.3.   Upon withdrawal with the permission of the dean under section 5.3.1 or with the permission of the dean and the instructor under section 5.3.2, the student will receive a grade of "W" (withdrawal) for the course unless there are extraordinarily compelling reasons for permitting the withdrawal without such a grade.

5.3.4.   After the first five days of a semester, discontinuance of a course without the dean's permission and, if required by section 5.3.2, the permission of the instructor will result in the grade of "F."

5.3.5.   After the first five days of a semester, but during the first two full weeks of the semester, a student may add a course only with the permission of the dean, which permission may be granted for good cause shown.

5.3.6.   After the first two full weeks of the semester, a student may add a course only with both the permission of the dean, which permission may be granted only for extraordinarily compelling reasons, and the permission of the instructor for the course.

ARTICLE 6.   ATTENDANCE AND EXAMINATIONS

6.1. ATTENDANCE REQUIREMENTS. To be eligible to receive course credit, a student must attend classes and any required activities regularly and punctually. The student's performance must be satisfactory.

6.2. ATTENDANCE POLICY

6.2.1.   Each professor teaching a course is required to adopt a policy concerning attendance and other course activities. Each professor shall communicate this policy to the class reasonably early in the semester in a manner calculated to inform the students of its provisions. Oral announcement at a regular class is sufficient notice. No penalty shall be assessed under this rule for events prior to communication of the policy.

6.2.2.   The policy may provide for the raising or lowering of grades, or both, for attendance or performance in class or at required activities. It may provide for exclusion from further participation in the course or from the examination, and for

12

failure in the course. Professors may excuse absences from their class or required activities.

6.2.3.   The attendance policy applies to required Trial Advocacy exercises for students enrolled in the Trial Advocacy spectrum of courses; to required events and commitments in the clinical courses of the Law School for students enrolled therein; to the required Moot Court exercises for those enrolled in the Moot Court courses; and to cocurricular courses undertaken for academic credit, even though these activities may occur at a time outside the regularly scheduled classroom period.

6.2.4.   An absence certified in advance by the faculty advisor of a clinical course as necessary to the proper operation of the program will not be treated as an absence under the attendance policy.

6.3. EXAMINATIONS

6.3.1.   When a written examination is given in a Law School course, law students' examinations should be administered and graded anonymously. Numbers will be assigned to individual law students by the Law School administration. No indication of a law student's identity by name or class status shall be on the examination paper.

6.3.2.   The Law School Registrar is responsible for supervising the assignment of exam numbers. In London, the key will be kept by the London Director, who will supervise the number assignment system. Numbers may be assigned during the semester to accommodate special examination schedules. The Law School Registrar and the London Director are responsible for the security of the numbers to ensure strict anonymity until the grades are deposited officially with the University Registrar.

6.3.3.   No examinations are to be scheduled on Sundays.

6.3.4.   No examination or test may be given during the final five class days of the class portion of each semester, nor may examinations or tests be given during the study period following the end of the semester. This provision shall not apply to papers assigned at least two weeks prior to the end of the semester; neither shall it apply to take-home examinations if the examination is distributed during the study period or during the officially scheduled examination time.

6.4. REQUIRED PAPERS. It is the declared policy of the faculty that in courses requiring submission of a paper, the paper must be specially prepared by the student for that course. Incorporation of any material prepared by the student earlier shall be approved in advance by the professor.

ARTICLE 7.   GRADING, ACADEMIC GOOD STANDING, HONORS, PROBATION, AND DISMISSAL

7.1. GRADING. Grading in the Law School is governed by the Hoynes Code.

7.1.1.   Grades and Numerical Values. Grades are not calculated on a numerical basis, but are assigned values for calculating grade-point average, according to the following grading system, effective fall semester 1987.

| Letter Grade | Value | | Letter Grade | Value |
|---|---|---|---|---|
| A | 4.000 | | C+ | 2.333 |
| A- | 3.667 | | C | 2.000 |
| B+ | 3.333 | | C- | 1.667 |
| B | 3.000 | | D | 1.000 |
| B- | 2.667 | | F | 0.000 |

7.1.2.   Interpretation of Grades. Within the grading system described in section 7.1.1, "A" is superior, "B" is good, "C" is satisfactory, "D" is unsatisfactory with credit, "F" is failure.

7.1.3.   Other Grades

7.1.3.1.   Incomplete. The grade of incomplete ("I") is a temporary grade indicating failure to complete work in a course, and may be granted only with permission of the dean. The course work must be completed within 30 days of the end of the examination period. If the course work is not completed on time the incomplete will be changed to an "F." For papers written by students other than J.D. or LL.M. candidates, and for all Directed Readings, the instructor may grant additional time, up to the end of the following semester's examination period for completion and grading. For all other course work, the dean's approval is required for additional time beyond 30 days, and will be granted only in extraordinarily compelling circumstances.

7.1.3.2.   Satisfactory/Unsatisfactory. The Law School will use a grade of satisfactory or unsatisfactory for selected courses. See also section 7.2.1.2.

7.1.3.3.   Pass/Fail. The pass/fail option is limited to two elective courses, and only with the permission of the professor teaching the particular course. These two courses may not be taken in the same semester. The limits imposed by the first two sentences of this section may be waived by the dean, but only for extraordinarily compelling reasons. If a professor grants permission to elect the pass/fail option for a particular course, that option must be made available to

14

all students in that course. To elect this option when it is available, a student must inform the Law School Registrar of this election by no later than the end of the add-drop period for the semester in which the relevant course is offered and that election is irrevocable as of the end of that add-drop period. The professor will not be informed that the student elected the pass/fail option and so will report letter grades for all students in the course as provided in section 7.1.5. The final letter grades of "A" through "D" will then be interpreted as a pass for students who elected the pass/fail option for that course.

7.1.3.4.   Not Reported. The grade of "NR" will be used when a grade is not reported by an instructor because of extenuating circumstances. No final grade is reported for the course. The grade will revert to an "F" if not resolved by the beginning of the final week in the next semester for which the student is enrolled.

7.1.4.   Audits. Law students may audit courses in the Law School without administrative permission, but must obtain the permission of the instructor in the course being audited. Any other individual may audit courses in the Law School only with permission of the dean and the instructor in the course being audited. No record of audited courses will be kept by the Law School, and audited courses will not appear on transcripts. Law students may audit University courses outside of the Law School, whether offered at the graduate or undergraduate level, but only with the permission of the dean, the course instructor, and the course instructor's academic unit.

7.1.5.   Reporting and Finality of Grades

7.1.5.1.   Faculty members are expected to report all grades within two weeks of the last day of the examination period. This duty normally takes precedence over all other University duties. In the spring semester, an earlier deadline will be required for the grades of graduating students.

7.1.5.2.   Each faculty member, upon finishing grading, will submit a grade report to the Law School Registrar or to the London director. All grade reports must comply with the grading policy adopted by a majority of the faculty. No grades shall be posted publicly. The Law School will make available to students the grading policy governing course means and distributions.

7.1.5.3.   All grades will be final when filed with the Law School Registrar or with the London director, and may not be changed thereafter except for clerical or administrative error. The review of a grade for clerical or administrative error shall be made by the faculty member who assigned the grade. Except as stated in section 7.1.5.4 there shall be no right of appeal from the faculty member's

decision on a grade.

7.1.5.4.     In the event that a student believes that the grade received in a course resulted in whole or in part from a faculty member's lack of personal integrity or professional competence, the matter shall be called to the attention of the dean. Should the dean determine that a claim of lack of integrity or competence is not frivolous, the dean shall refer the matter to the entire voting faculty. The faculty as a whole then shall determine whether a lack of personal integrity or professional competence influenced the grade. If the faculty so finds, it shall make appropriate provision for review of the grade.

7.1.6.   Grade Reports

7.1.6.1.     Only the University will provide individual grade reports to students. The Law School will not make grade reports directly available to the students, except in cases of probation or dismissal for academic deficiency.

7.1.6.2.     An official grade-point average will be computed for each student's record.

7.1.6.3.     The Law School will not publish an individual's grade-point average or rank in class.

7.1.6.4.     The Law School does not rank students, either internally or externally, except that the dean may notify students who are in the top 10 percent of their class as of the end of the first and second academic year of this status and designate them as Dean's Circle Fellows under section 7.3.5.

7.1.6.5.     The Law School will publish the mean grade-point average for each class on a semester basis and on a cumulative basis.

7.2. GOOD STANDING

7.2.1.   Determination of academic good standing will be based on grade-point average.

7.2.1.1.     In calculations for standing, Honor Roll, Dean's Circle Fellows, and graduation honors, only Notre Dame Law School grades and credit hours are considered. Transfer credits from other law schools and course credits and grades from other colleges at Notre Dame do not enter into the calculation.

7.2.1.2.     Grades of "not reported" ("NR") satisfactory ("S") and pass ("P") are not included in the computation of grade-point average; however, grades of unsatisfactory ("U") and fail ("F") are included.

16

7.2.1.3.    For determining standing, the grade of incomplete ("I") does not enter into the calculation. If a student is on probation during the term in which an "I" is entered, a later makeup of the "I" cannot be used retroactively to eliminate the probation. Further, the grade in the made-up course will not enter into the calculation for the following semester. If a second semester of probation follows a probation semester in which an "I" was entered and the "I" is later made up, the dean in the exercise of discretion may consider whether the "I" should be treated as "NR" (not reported) and in this case may find that the first semester of probation has been eliminated.

7.2.2.   To maintain academic good standing:

7.2.2.1.    First-year students must achieve a minimum GPA of 1.500 for the first semester and 1.750 for the second semester.

7.2.2.2.    Second- and third-year students must achieve a minimum semester GPA of 2.000.

7.2.3.   Failure to maintain academic good standing will result in academic probation or academic dismissal, as follows:

7.2.3.1.    Probation will result:

7.2.3.1.1.    From failing to maintain academic good standing (as defined in sections 7.2.2.1 and 7.2.2.2) but maintaining better than dismissal semester GPA (as defined in section 7.2.3.2); or

7.2.3.1.2.    in a restricted academic program or remedial work, at the discretion of the dean.

7.2.3.2.    Dismissal will result from:

7.2.3.2.1.    two consecutive semesters of probation.

7.2.3.2.2.    three nonconsecutive semesters of probation.

7.2.3.2.3.    failure to achieve a minimum semester average of:

i.   1.000 for the first semester of the first year.

ii.   1.250 for the second semester of the first year.

17

          iii.  1.500 for each semester of the second and third years.

7.2.3.2.4.     grades of "F" in two or more courses totaling six or more semester hours in any one semester after the first semester of the first year.

7.2.3.3.   A student may be dismissed for academic reasons at the end of the first semester.

7.2.3.4.   A student dismissed for academic reasons at the end of the student's first semester will not be eligible for readmission until the first semester of the next academic year.

## 7.3. HONORS

7.3.1.  Honor Roll. An Honor Roll, based on semester grade point average, will be published each semester. To be eligible for the Honor Roll:

7.3.1.1.   a student must carry a full semester course schedule (minimum 14 semester hours).

7.3.1.2.   a student must achieve a semester GPA of at least 3.600 in graded Law School courses open to J.D. candidates.

7.3.1.3.   a student must enroll in at least 10 semester hours of graded Law School courses open to J.D. candidates.

7.3.2.  Graduation Honors. Graduation honors for J.D. and LL.M. candidates are based on grade-point average, which is computed by including all courses taken in the Law School.

7.3.2.1.   *Cum laude*: cumulative GPA of at least 3.400.

7.3.2.2.   *Magna cum laude*: cumulative GPA of at least 3.600.

7.3.2.3.   *Summa cum laude*: cumulative GPA of at least 3.800.

7.3.3.  For determining eligibility for graduation and also graduation honors in the case of students dismissed and readmitted, the grade-point average will be figured only on the basis of courses taken following readmission and those earlier courses for which degree credit is given.

7.3.4.  Dean's Circle Fellows.   The dean may designate ten percent of the J.D.

18

candidates in each class who have the highest cumulative grade point averages among J.D. candidates as Dean's Circle Fellows. The designation shall be made at the conclusion of the first and second years of studies. To be eligible for designation as a Dean's Circle Fellow a student must enroll in a minimum of 14 credit hours all semesters, including at least 20 credit hours of graded Law School courses during the academic year. The grade point average shall be calculated according to Section 7.2.1.1.

7.3.5.   Faculty Award for Excellence. An instructor may recognize the most outstanding student performance in a class with a "Faculty Award for Excellence." The award is given at the discretion of the instructor, is not required to be awarded for every class, and except in extraordinary circumstances will be granted to only one student in the class.

## 7.4. COURSE FAILURES

7.4.1.   A student who fails a required course must retake the course and obtain a passing grade, unless for good cause shown the faculty votes to relax that requirement in a particular case.

7.4.2.   A student who fails an elective course need not retake it; however, the student earns no credit for graduation from any failed elective course.

7.4.3.   If a student fails a course, whether or not it is a required course, the student, if otherwise eligible to continue, may retake the course. The grade upon retaking the course shall be recorded along with the original grade in the course. If a student retakes a course, the professor teaching that course shall have the option of requiring that the retaking be by means of repeating the course, taking directed readings, or re-testing, or any combination of these options. Nothing herein shall be interpreted as affecting the rule that all required courses must be passed.

7.4.4.   A retaken course shall be registered for by the proper name of the course and for its regularly assigned credit hours.

7.4.5.   With the permission of the dean, a retaken course may be counted toward compliance with the minimum semester course load requirements under section 4.5.

7.4.6.   Failure in a course taken on a "pass/fail" basis or in an ungraded course shall be computed in the grade-point average like failure in a graded course.

## 7.5. LONDON AND INTERNATIONAL EXCHANGE PROGRAMS

7.5.1.   No student is eligible to participate in the semester or full-year London Program

or an international exchange program without having successfully completed all first-year courses.

7.5.2.   The courses selected by a student enrolled in an international exchange program must be approved in advance by the dean to ensure that the content of the studies is such that credit would have been granted towards satisfaction of degree requirements of the Law School, in accordance with ABA Standard 307.

7.5.3.   The London Summer Program, while using the same grading system, shall not be subject to the rules for dismissal, probation or eligibility for the Honor Roll.

ARTICLE 8.   READMISSION AND TRANSFER ADMISSION

8.1. STANDARDS AND PROCEDURE FOR READMISSION AFTER DISMISSAL FOR ACADEMIC FAILURE

8.1.1.   Readmission to the Law School after dismissal for academic failure will be allowed only when that failure was caused by unavoidable and non-recurrent circumstances of an extraordinary nature, and when the dismissal and any other circumstances do not otherwise indicate a lack of capacity to complete the program of study for a J.D. degree and be admitted to the bar.

8.1.2.   The standards for readmission after dismissal for academic failure provide that no student may recommence studies until one full academic year after the end of the semester in which the student was dismissed. A student dismissed for academic reasons at the end of the first semester will not be eligible for readmission until the first semester of the next academic year. The dean has the authority to waive the requirements of this section 8.1.2 of the Hoynes Code.

8.1.3.   The dean will decide all questions of readmission, guided by the following policy of allowing readmission only if:

8.1.3.1.    the circumstances set out in section 8.1.1 are applicable, and

8.1.3.2.    a faculty member agrees to act as the sponsor for the readmission candidate.

8.1.3.2.1.    Being a sponsor of a readmission candidate means that the faculty member agrees to meet with the candidate on a weekly basis for the entire academic year following readmission. The weekly sessions will be of sufficient length to review the readmitted student's work and current status.

8.1.3.2.2.     It ordinarily will be the responsibility of a readmission candidate to obtain a faculty sponsor, although the administration may, if requested, offer assistance in this regard. It is the candidate's responsibility to work out a program with such a sponsor.

8.1.3.2.3.     The faculty should feel no obligation to volunteer as a sponsor. Faculty should act as readmission sponsors only where they have strong feelings about the chances of the candidate performing well upon readmission. No faculty member will be permitted to act as a sponsor for more than one student per year.

8.1.4.   A readmitted student ordinarily will have to repeat the entire semester for which the student was dismissed. A student who fails in the first year, whether in the first or second semester, ordinarily will be expected to repeat the entire first year. In any event, a readmitted student will be given no credit hours for courses with a grade of "D" or lower prior to readmission, and will receive no residency credit for the semester in which the failure occurred.

8.2. TRANSFER ADMISSION. Applicants seeking transfer from other law schools must make a written statement of previous attendance in law school. Transfers usually will be accepted only in accord with standards adopted by the American Bar Association and the Association of American Law Schools. Exceptions may be made in extraordinary cases.

ARTICLE 9.   APPENDICES

Appendix A. The Notre Dame Law School Honor Code
Appendix B. LL.M. Candidate Handbook
Appendix C. J.S.D. Candidate Handbook

Effective July 1, 2015

## APPENDIX A

## THE NOTRE DAME LAW SCHOOL HONOR CODE

1      STATEMENT OF PURPOSE

This Honor Code is based upon the assumptions that students at the Notre Dame Law School do not lie, cheat, or steal; that they aspire to enter an honored profession; and that their character and conduct while attending this Law School at all times will reflect favorably upon their future profession, this school, and themselves.

2      AFFIRMATIVE DUTIES AND PROHIBITED CONDUCT

2.1    All law students and law faculty have the duty to report promptly either to the Dean, to the member of the faculty whom the Dean has designated to oversee matters regarding the Honor Code and to preside at any hearings involving alleged violations (the "Dean's Delegate"), to the Student Bar Association ("S.B.A.") President, or to the student who has been elected by the Honor Council to lead its activities (the "Chair") all circumstances that they believe to constitute a clear violation of the Honor Code.   Knowing breach of this duty shall be a violation of the Honor Code.

2.2    It is the duty of every law student and law faculty member to give testimony or other evidence relevant to any alleged violation of the Honor Code if requested by a student facing a disciplinary charge, the person appointed by the S.B.A. President to present evidence in support of the charge (the "Student Prosecutor"), or the members of the Honor Council who have been chosen to hear the case (the "Hearing Panel").   A person may refuse to testify to avoid incrimination in a violation of the Honor Code or of a public penal law.   The Dean's Delegate or the Hearing Panel may excuse anyone from testifying for just cause.

2.3    It shall be a violation of the Honor Code to engage in any of the following:

2.3.1    To use materials or to consult with any other person:

2.3.1.1 in an exam, except as expressly authorized by the instructor; or
2.3.1.2 in research, class preparation, or other assignment, in any manner expressly forbidden by an instructor.

22

Whenever notice is an issue under the provisions in section 2.3.1, constructive notice applies after the end of the add-drop period to any prohibition that (a) in the case of an exam, appears in exam instructions that the instructor has distributed via e-mail to the entire class no less than 24 hours before the administration of the exam, or (b) appears in a syllabus which the instructor has posted on a web site for the course or otherwise uniformly distributed to the class before the end of the add-drop period.

2.3.2   To submit as one's own work the work of another.

2.3.3   To submit written work in satisfaction of a course requirement or for publication in a journal, if that work reflects, in whole or substantial part, work previously prepared for some other purpose, unless the instructor or, in the case of a journal, the editor has approved the use of the previously prepared work.

2.3.4   To knowingly make any material misrepresentation in connection with any Law School class, program, or activity, including, but not limited to, a clinical course, an externship, journals, moot courts, job searches, scholarship applications, and student competitions.

2.3.5   To knowingly misappropriate the notes, papers, books, computer, or other academic materials of another law student, a faculty member, the Law School, or the University.

2.4   The Dean retains jurisdiction over all matters not explicitly covered by this Honor Code.   An instructor retains jurisdiction over grading, which stands separate from the Honor Code process.

3   ADMINISTRATION OF THE HONOR CODE

3.1   There shall be an Honor Council composed of three members elected from each class.   During their term of service on the Honor Council, members must be attending the Law School at the campus in Notre Dame, Indiana except if Law School classes are not in session on that campus (e.g., during the summer); any member who does not satisfy this requirement is deemed to have resigned from the Honor Council.   The members shall be chosen as follows:

3.1.1   Election shall be in accord with procedures established from time-to-time by the S.B.A.

23

3.1.2   Each ballot shall contain the following statement only: If officially charged with a violation of the Notre Dame Law School Honor Code, I would choose the following members of my class to (1) hear the evidence for and against me; (2) render a fair and impartial decision concerning my guilt or innocence; and (3) determine sanction.

3.1.3   Each ballot shall contain space for students to vote for three candidates.

3.1.4   The three law students in each class receiving the highest number of votes shall be Honor Council representatives.

3.2   London Academic-Year Programme

3.2.1   Students enrolled in the London Programme shall elect three students from among the students enrolled in the year-round program to perform the functions of the Honor Council for any matter that arises during the London academic year and shall elect a chair (the "London Chair") from among its members.

3.2.2   Students enrolled in the London Programme also shall elect an investigator (the "Student Investigator").   For any matter that arises during the London academic year, this student shall perform the functions assigned by this Honor Code to the Student Prosecutor.

3.2.3   For any matter arising during the London academic year, the Director of the London Programme shall perform the functions assigned by this Honor Code to the Dean's Delegate.

3.3   The Honor Council shall elect its Chair from among its members.

3.4   Term

The term of the Honor Council begins the day after graduation in the spring; the term ends on graduation day the following spring.   The outgoing Honor Council shall have continuing jurisdiction over any matter that occurred before the end of its term.

3.5   Prehearing Procedures

3.5.1   Any allegation of a violation reported to the Dean, Dean's Delegate, or S.B.A. President shall be referred to the Chair, who will pass on the details of the allegation to the Student Prosecutor.   If a student reporting an alleged violation wishes to remain anonymous, the Student Prosecutor will

24

honor that request during the initial investigation by not revealing the reporting student's identity to the accused student during that investigation.   However, the reporting student's identity must be revealed to the Student Prosecutor.   If the investigation leads to a hearing, the hearing procedures described in section 3.6 may require the Student Prosecutor or others involved in the hearing process to reveal the identity of the reporting student to the accused student.

3.5.2   Subsequent to the S.B.A. elections, the new S.B.A. President shall appoint the Student Prosecutor from the student body to investigate and prosecute any allegations of Honor Code violations made until a successor has been appointed.   This student shall not currently hold an elected position on the S.B.A. board.   The Student Prosecutor shall investigate each allegation in any manner he or she sees fit, but must notify, in writing, the accused student.   If an alleged violation could affect a course grade, the Student Prosecutor also shall notify the instructor of the nature of the allegation so that the instructor can provide information about any relevant course policies or exam instructions.   To the extent possible, the Student Prosecutor shall not reveal the identity of the accused to the instructor.

3.5.3   If, at any time, the Student Prosecutor concludes that he or she has a conflict of interest that will compromise his or her objectivity in investigating or prosecuting an allegation of an Honor Code violation, the Student Prosecutor shall recuse himself or herself immediately, and so notify the S.B.A. President, the Chair and the Dean's Delegate in writing. Within forty-eight hours of receiving the Student Prosecutor's written notice, the S.B.A. President shall appoint a Special Student Prosecutor from the student body.   The Special Student Prosecutor shall not currently hold an elected position on the S.B.A. board.   The Special Student Prosecutor shall perform all the duties and responsibilities of the Student Prosecutor as required by the Honor Code, but only with respect to the allegation that gave rise to the conflict of interest.   Upon the resolution of the allegation, the appointment of the Special Student Prosecutor relating to that allegation will terminate.

3.5.4   If the Student Prosecutor determines that an allegation is without merit, the matter is closed.   In writing, the Student Prosecutor shall so notify the accused student, the individual who made the allegation, the Chair, and any instructor previously notified.   If the alleged conduct implicates a course policy, the written notice shall set forth any relevant admission or facts.

3.5.5   If the Student Prosecutor determines that an allegation has merit, he or she shall deliver to the accused, the Dean's Delegate, and the Chair a written notice of each specific section of the Honor Code allegedly violated and a written statement of each specific act constituting any alleged violation.

3.5.6   If, upon notification pursuant to rule 3.5.4, the accused student informs the Student Prosecutor that he or she wishes to forgo a hearing and to make an admission of guilt, the Student Prosecutor will promptly convene a conference to facilitate an expedited resolution of any charge (an "Admissions Conference"). The Admissions Conference must be attended by the accused student, the Dean's Delegate, the Chair, and, if an alleged violation involves a course, the course instructor. The Admissions Conference can resolve a charge only if all participants of the conference agree to a resolution. If there is not unanimous agreement on a resolution of any charge, that charge will proceed to a hearing.   Individual students may only utilize an Admissions Conference once.

3.5.7   After receiving notice from the Student Prosecutor, and after either (1) the accused student has chosen to forgo an Admissions Conference, or (2) an Admissions Conference has not produced a unanimous agreement, the Chair shall:

3.5.7.1 Appoint three students from the Honor Council and ask the Dean's Delegate to appoint three faculty members.   These six people comprise the Honor Council Board (the "Board") for the particular hearing.   Members of the Board shall disqualify themselves from a hearing if, in their opinion, they are unable to make an impartial decision;

3.5.7.2 Meet with the accused, the student (if any) whom the accused has selected to gather and present evidence in support of the accused (the "Student Defender"), and the Student Prosecutor to compile a list of the names of all persons having information pertinent to any charge; and

3.5.7.3 Set a date, time and place for the hearing.   The hearing must occur within two weeks of the date the Chair receives notice of a charge from the Student Prosecutor.   At least 72 hours before the time set, the Chair shall give written notice of the schedule for the hearing to the accused, the Student Defender, the Student Prosecutor, and members of the Board.   The Chair shall also inform the members of the Board about the nature of any charge.

26

3.6     Hearing Procedures

3.6.1   At least 48 hours before the time set for the hearing, the accused student shall select two students and two faculty members from the Board to sit in deliberation of any charge.   If the accused student does not timely notify the Chair, the Chair shall randomly select two students and two faculty members to so sit.   These four people shall constitute the Hearing Panel.

3.6.2   During the course of the proceedings, the accused shall have the following rights:

3.6.2.1 To select the Student Defender;

3.6.2.2 To attend and participate in any hearing, provided, however, if the accused refuses to appear or fails to appear without just cause, the Hearing Panel may proceed to hear and determine the matter;

3.6.2.3 To testify or to decline to testify, but if the accused declines to testify, that fact shall not be considered as evidence in support of any charge;

3.6.2.4 To confront and cross-examine witnesses; and

3.6.2.5 To present evidence and witnesses.

3.6.3   At least 48 hours before the hearing, the Chair shall issue a written summons to all persons identified under section 3.5.6.2 as potential witnesses.   After receiving a summons, failure to appear as a witness without just cause (as determined by the Dean's Delegate) shall be a violation of this Honor Code, as defined in section 2.2.   For good cause, a witness may appear electronically as long as the Hearing Panel can observe the witness's demeanor.

3.6.4   All Hearing Panel members must be present at the hearing.   The Chair shall have the power to appoint an alternate if a Panel member cannot attend for just cause.   The Chair shall arrange and monitor an audio record of the hearing.   The recording shall remain the property of the Law School.   The accused student may request a copy of the audio record.

3.6.5   The Dean's Delegate shall preside at the hearing, which should avoid unnecessary formality, but facilitate an orderly and respectful atmosphere. Hearing Panel members may question any witness.   Subject to time

27

limits that the Dean's Delegate may establish, the hearing may include opening statements.   The hearing should continue in the following order:

3.6.5.1 Evidence in support of any charge;

3.6.5.2 Evidence in rebuttal;

3.6.5.3 Arguments;

3.6.5.4 Factual findings and decision on whether the accused student has committed any violation charged.   If the alleged conduct implicates a course policy or exam instructions, the Hearing Panel shall set forth in writing its factual findings, which can incorporate any relevant admission by the accused student.   Even if the accused student confesses that a violation of the Honor Code occurred, only the Hearing Panel can reach a final determination of guilt;

3.6.5.5 If the accused student is found not guilty, the matter is closed, and in writing the Chair shall notify the accused student, the individual who made the allegation, and any instructor, including any factual findings by the Hearing Panel related to course policies or exam instructions;

3.6.5.6 If the accused student is found guilty, the Hearing Panel shall set forth its findings of fact and conclusions relevant to course policies or exam instructions and hear evidence in mitigation and aggravation;

3.6.5.7 Arguments on sanction;

3.6.5.8 Decision on sanction, which cannot reduce a grade, but may include one or more of the following non-exclusive options, all of which should be administered in a way designed to preserve confidentiality to the utmost extent possible:

    3.6.5.8.1 Oral admonition – an oral statement from the Hearing Panel that the student has violated the Honor Code;

    3.6.5.8.2 Written warning – a written statement from the Hearing Panel that the student has violated the Honor Code;

28

3.6.5.8.3 Academic Reprimand – a written statement from the Hearing Panel that the student has violated the Honor Code, with the statement becoming part of the student=s permanent record at the Law School;

3.6.5.8.4 Probation – exclusion from participating in the activities of the Law School or University;

3.6.5.8.5 Restitution – a requirement that the student reimburse for injury or injuries caused;

3.6.5.8.6 Fine – a monetary fine, which shall become an obligation to the Law School that must be satisfied in order to receive a degree;

3.6.5.8.7 Work sanctions – service to the Law School community, which must be completed within the time set by the Hearing Panel;

3.6.5.8.8 Suspension – exclusion from classes for a semester or more; or

3.6.5.8.9 Expulsion – permanent exclusion from the Law School, though the sanction may include provision for readmission under specified circumstances.

3.6.5.9 The Chair shall provide written notice to the accused and to the Dean of the outcome.   If a violation involves a course, the written notice shall contain the Hearing Panel's findings of fact and conclusions relevant to any course policies or grading.

3.6.6   All decisions of the Hearing Panel shall be made in private deliberations. Any attribution of guilt requires a unanimous vote based upon a standard of reasonable doubt.   Decisions on whether the accused student has committed any violation charged shall be based only upon evidence received at the hearing.   Sanctioning decisions must be unanimous and may consider sanctions in previous cases.

3.6.7   The Dean shall review the decision of the Hearing Panel.   Absent unusual circumstances, the Dean will act within 14 days to approve or modify the decision.

3.6.8   The Dean shall give written notice of the final result to the accused student, the Student Prosecutor, the Hearing Panel, the Chair, and any instructor of any involved course.   The notice shall include any findings of fact and conclusions relevant to course policies or exam instructions. If the individual who reported the incident did not receive a copy of the Dean's notice, the Chair shall inform that individual, in writing, of the final result.

4      PUBLIC NOTICE OF PROCEEDINGS AND REPORTING

4.1     Except as otherwise required by this Honor Code, court order, law, or Law School administration, all proceedings under the Honor Code shall be confidential.

4.2     Once an accusation is resolved finally, and without disclosing any names, the Chair shall distribute via e-mail to students and faculty and post in appropriate public places in the law building a notice containing only the following information:

4.2.1   the specific section of the Honor Code alleged to have been violated;

4.2.2   the decision of the Student Prosecutor, Admissions Conference, or Hearing Panel;

4.2.3   a brief summary of the underlying facts regarding the alleged violation; and

4.2.4   the final disposition.

4.3     Without disclosing any names and preferably within thirty days after the end of each semester, the Chair shall prepare a report for the students and the faculty that states: (a) the number of alleged violations reported during the semester; (b) the number of violations that were resolved in an Admissions Conference during the semester; (c) the number of alleged violations that proceeded to hearing during the semester; and (d) the number of violations that resulted in sanctions that the Dean affirmed.   For each matter where a violation was resolved through an Admissions Conference or where the Dean affirmed a Hearing Panel determination that a violation occurred, the Chair shall describe the provision involved and summarize the underlying facts.

5      RATIFICATION AND AMENDMENT

5.1     This Honor Code shall be in force after approval by the students and faculty of the Law School.   Approval by the students shall be in accord with then-current

voting procedures of the S.B.A.    Approval by the faculty shall be in accord with then-current voting procedures of the faculty.

5.2    Amendments to this Honor Code may be proposed by the Honor Council. Amendments shall be approved in the manner prescribed in section 5.1.

5.3    Any amendment to this Honor Code shall not become effective until the academic year following approval of the amendment.

APPENDIX B

LL.M. CANDIDATE HANDBOOK

1.      COVERAGE

Provisions of the Hoynes Code govern legal education in the LL.M. programs in all locations, except as set forth below.

2.      REQUIREMENTS FOR THE LL.M. DEGREE

2.1     OVERVIEW. To earn an LL.M. degree, students must:

2.1.1   Successfully complete a minimum of 24 credit hours and be registered for a minimum of 12 hours each semester.

2.1.2   Successfully complete all the requirements listed in sections 2.2, 2.3, or 2.4, depending on the program or location at which the student is registered.

2.1.3   Engage in full-time law study for two semesters in residence.

2.2     The following courses are required for the LL.M. at Notre Dame, Indiana:

Introduction to the American Legal System
LL.M. Legal Research & Writing

2.3     The following courses are required for the LL.M. at the London Law Center:

Introduction to the American Legal System
LL.M. Seminar

2.4     The following courses are required for the LL.M. in International Human Rights Law:

International Law
International Human Rights Research and Writing
Foundations of International Human Rights Law
Accountability for Gross Human Rights Violations

32

Human Rights Practice
Regional Human Rights Protection

2.5     With the permission of the dean an LL.M. student may register for one semester in London and one semester at Notre Dame.

2.6     Exceptions.

   2.6.1   With the permission of the dean, one or more of the required courses may be waived.

   2.6.2   LL.M. students with a J.D. issued by an American Law School may not take Introduction to the American Legal System for credit towards the LL.M.

3.     ELECTIVE COURSES

3.1     Students may elect to take additional courses offered at the site at which they are registered.

3.2     Directed-Reading Programs. An LL.M. student may enroll in one directed-reading program per semester of up to three credits and otherwise in accordance with the requirements listed in section 4.4.2 of the Hoynes Code.

3.3     Graduate School and Mendoza Courses. Pending permission from the instructor, a student in the LL.M. program may receive curricular academic credit for graduate-level courses taken in the Graduate School or the Mendoza College of Business in accordance with the requirement listed in section 4.4.3 of the Hoynes Code.

4.     GRADES REQUIRED FOR GRADUATION

4.1     All LL.M. students must achieve a minimum cumulative GPA of 2.000.

4.2     A student who fails to meet these eligibility criteria may petition the dean to continue for one additional semester in order to meet the minimum standards for graduation. Approval will be at the dean's discretion.

# APPENDIX C

# J.S.D. Candidate Handbook

**J.S.D. Requirements at Notre Dame Law School**

**February 2007**

**Center for Civil and Human Rights**

34

**J.S.D. Candidate=s Handbook**

**Table of Contents**

**Page**

A.    **Introduction** ....................................................................................1

B.    **Requirements for J.S.D. Degree** ...............................................1

    1.    **Residency** ...............................................................................1

    2.    **First Year of Residency** .......................................................1

    3.    **Dissertation Committee** .......................................................1

    4.    **Status and Progress After the First Year of Residency** ......1

    5.    **Preparing the Dissertation** ...................................................2

    6.    **Submitting the Dissertation** ..................................................2

    7.    **Dissertation Defense** ............................................................3

    8.    **Post-Defense Revisions** .......................................................3

    9.    **Copies of Dissertation** .........................................................4

    10.    **Degree Eligibility** ..............................................................4

C.    **Guide for Formatting and Submitting J.S.D. Dissertations** ....5

    **Part One: Formatting Regulations** ..........................................5

    **Part Two: Regulations for Document Sections** .......................8

35

## A.   Introduction

This Handbook has been prepared as a guide for J.S.D. candidates and their Dissertation Committee members. The Handbook is subject to periodic modification or amendment by the Law School Faculty Committee on the J.S.D. Program. However, the basic requirements for the J.S.D. degree in effect at the time a candidate enters the J.S.D. Program shall be applicable to that candidate throughout his or her pursuit of the degree.

## B.   Requirements for J.S.D. Degree

### 1. Residency

Two academic years of residency at the University of Notre Dame are required for the J.S.D. degree.

### 2. First Year of Residency

Upon beginning the first year of the J.S.D. program, a J.S.D. candidate shall draw up a plan of study for his or her first year of study and residency. The plan of study shall be prepared in consultation with, and shall be subject to the approval of, the Director of the J.S.D. Program. The plan of study shall include a minimum of twelve (12) semester credit hours of courses relevant to the candidate's proposed dissertation topic or to the field of human rights more generally, within or outside the law school. The coursework requirement may be increased to a maximum of twenty (20) semester credit hours, at the discretion of the Director of the J.S.D. Program, taking into consideration the particular needs and prior studies of each candidate.

### 3. Dissertation Committee

Each candidate will arrange during his or her second semester of residency with a principal Dissertation Director and two other Dissertation Committee members.  Directors are chosen from the regular teaching and research faculty of the Law School, and Dissertation Committee members are chosen from the regular teaching and research faculty of this or another university. At most, one Dissertation Committee member may be chosen from the faculty of another university. The Dissertation Committee must be approved by the Director of the J.S.D. Program.

### 4. Status and Progress After the First Year of Residency

After the first year of residency, and for as long as a candidate remains eligible to remain in the J.S.D. program, the candidate will need to enroll each semester for one unit of credit, for which he or she will receive a grade of "satisfactory" or "unsatisfactory" from his or her Dissertation Director. It is the candidate's responsibility to keep in contact with the Dissertation Director and show sufficient progress to receive the "satisfactory" each term until the degree is completed.

During the second year of residency, the candidate is expected to participate in the

academic and scholarly activities of the Center for Civil and Human Rights and of the Law School, under the general guidance of the Director of the J.S.D. Program and of the candidate's Dissertation Director.

After the second year of residency, the candidate may stay and complete the research and writing of the dissertation at Notre Dame, or may work at any other place. In any event, the candidate will keep his or her Notre Dame student status until the candidate has completed the degree requirements or become ineligible to continue in the J.S.D. program.

### 5. Preparing the Dissertation

In continuing consultation with the Dissertation Director, the candidate explores research in areas in his or her field to formulate a dissertation proposal.   By the end of the first year of residency, the candidate shall submit a detailed dissertation outline and a bibliographic review to the Dissertation Committee. The outline and bibliography must be approved by the Dissertation Committee. The Dissertation Director shall convey that approval in writing to the J.S.D. Program Director.

Once the dissertation proposal has been approved, the candidate shall continue to work with the Dissertation Director and the other Dissertation Committee members to develop the argument of the dissertation and to refine the wording of the text. The Dissertation Director shall be responsible for coordinating the Dissertation Committee members' review of and comments on any work in progress on the dissertation. The candidate shall rely on the Dissertation Director for guidance as to when the dissertation as a whole is ready for submission.

### 6. Submitting the Dissertation

The candidate shall deliver a copy of the finished dissertation to each of the members of the Dissertation Committee. The dissertation must follow the guidelines in the Guide for Formatting and Submitting J.S.D. Dissertations, which is included in this Handbook.

Dissertation Committee members shall have a minimum of four weeks to read the dissertation, decide whether it is ready to be defended, and so indicate to the J.S.D. Program Director. Approval of the dissertation for defense does not imply agreement or support; it implies acknowledgment that the dissertation is an academically sound and defensible scholarly product. Only a dissertation which has been unanimously approved for defense by the three Dissertation Committee members may be defended. All revisions requested by the Dissertation Committee members must be incorporated before the dissertation can be defended.

### 7. Dissertation Defense

The J.S.D. Program Director will schedule the dissertation defense for the earliest feasible date after receiving word from the Dissertation Director that the Dissertation Committee members have unanimously approved the dissertation for defense.

In defending the dissertation, the candidate must support his or her claims, procedures,

and results in a formal presentation followed by questions from the Dissertation Committee. The defense is the traditional instrument that enables the candidate to explore, with the Dissertation Committee, the dissertation=s substantive and methodological force.   In this way, the candidate and the committee confirm the candidate=s scholarly grasp of the chosen research area. The dissertation defense is not an occasion for inquiring into the candidate's general knowledge of the field. The defense shall be open to the public.

The defense shall be chaired by the J.S.D. Program Director, if the director is not a member of the Dissertation Committee.   If the J.S.D. director is a member of the committee, the defense is chaired by the Director or Associate Director of the Center for Civil and Human Rights. The chair does not vote. After the defense is completed, the chair and the Dissertation Committee convene immediately in a closed meeting and the chair calls for a discussion followed by a vote of the Dissertation Committee. At least two votes out of three are required to pass a candidate. Passing the candidate constitutes acknowledgment by the Dissertation Committee that the dissertation is of publishable quality and will make a significant and original scholarly contribution to the field.

Promptly following a dissertation defense, the J.S.D. Program Director will send a written report of the overall quality of the defense and the voting results to the Law School Faculty Committee on the J.S.D. Program.

## 8. Post-Defense Revisions

Even though the dissertation had been successfully defended, revisions may be required after the defense. If defects in the dissertation come to light at the defense, the Dissertation Committee members may ask the candidate to revise the dissertation before it is accepted as satisfying the degree requirements. In that case, the Dissertation Director will report to the J.S.D. Program Director when such revisions have been completed satisfactorily, and the candidate=s degree requirements shall not be considered complete until such time.

## 9. Copies of Dissertation

After a successful defense and the completion of post-defense revisions, if any, the candidate presents two copies of the dissertation, signed by the Dissertation Director, to the J.S.D. Program Director. The J.S.D. Program Director shall deposit one copy of the dissertation with the library, and one with the Center for Civil and Human Rights.

## 10. Degree Eligibility

During the first year of residency, the J.S.D. candidate must maintain an average grade of B+ or higher in his or her coursework to continue in the J.S.D. program, and any student failing to meet the average grade requirement will be disqualified from continuing in the program. After the first year of residency in the J.S.D. Program, the doctoral candidate is required in each subsequent semester until completion of the doctorate to submit evidence of progress on his or her dissertation. The progress report, with any draft chapters or other supporting material, must

3

be presented to the candidate=s Dissertation Director and to the Director of the J.S.D. program, on or before December 1 and May 1 of each year.   If no progress report is submitted as required, a grade of "unsatisfactory" will be entered for that semester.   Any student receiving two consecutive grades of unsatisfactory will be disqualified from continuing in the program.

The candidate must fulfill all J.S.D. requirements, including the dissertation and its defense, within three years of beginning residency as a J.S.D. candidate.   That period may be extended for a maximum of an additional two years, at the discretion of the Law School Committee on the J.S.D. Program, on a candidate's showing of reasonable progress toward completion of the dissertation and a substantial likelihood of completion within the additional time requested.   Failure to complete any requirements within the prescribed time period results in forfeiture of degree eligibility.

**C.   Guide for Formatting and Submitting a J.S.D. Dissertation**

**Part One: General Guidelines for Formatting**

For all matters not covered by this Guide, the J.S.D. Program Director acts as arbiter.   Format questions not answered in this Guide should be submitted to the J.S.D. Program Director after first consulting the most recent editions of:

> The Graduate School, University of Notre Dame, Guide for Formatting and Submitting Dissertations and Theses.

> Gibaldi, Joseph and Walter S. Achtert.   MLA Handbook for Writers of Research Papers. New York: MLS.

> Turabian, Kate L.   A Manual for Writers of Term Papers, Theses, and Dissertations. Chicago: University of Chicago Press.

**1. Word Processing and Printing**

The dissertation should be prepared in either WordPerfect or Microsoft Word format, and printed on a laser printer.

**2. Print Style**

Use the same style of print for your entire dissertation, in a twelve-point type size.

**3. Duplication**

Be sure to check the copies for missing pages.

**4. Paper Quality**

Use twenty-pound bond paper. Do not use erasable paper.

**5. Spacing**

Double-space the text of your dissertation, as well as the abstract, preface, and any appendices. Single-space footnotes and block quotations. In the bibliography, table of contents, and lists of tables and figures, single-space each entry and double-space between entries.

**6. Margins**

For binding purposes, the left (binding-edge) margin must be one-and-a-half inches. The top, bottom, and right margins must be one inch. Tables must be placed within these limits.

**7. Sections of the Dissertation**

The dissertation sections appear in this order:

Preliminary Sections
* Title page
* Copyright notice
* Abstract
* Dedication (optional)
* Table of Contents
* Table of cases and authorities
* List of tables (if necessary)
* List of figures (if necessary)
* List of symbols (if necessary)
* Preface and/or acknowledgments (optional)

Text
* Introduction
* Chapters

Appendices (optional)

Bibliography

**8. Page Numbering**

Do not number the title page, copyright page, or abstract.

Paginate the preliminary sections consecutively in lower-case Roman numerals.

Paginate the remainder of the dissertation in Arabic numerals.

**9. Quotations**

Enclose in quotation marks and incorporate into the text prose quotations of three lines or fewer. Single-space and indent prose quotations of fifty words or more.   Do not use quotation marks in a block quotation, unless they appear in the original.   Maintain paragraph indentations of the original.

Treat verse quotations as block quotations.

Enclose interpolations in square brackets [ ]. Note omissions by using ellipsis points (. . .).

**10. References**

It is a violation of the Notre Dame Law School Honor Code "to submit as one's own the work of another" (Section 2.3.2).   Avoid the charge of plagiarism by acknowledging the words or ideas of others. A safe rule to follow is: "When in doubt, cite the source."

**11. Footnotes and Endnotes**

6

The dissertation must use footnotes, not endnotes. Citation form must be consistent throughout the dissertation and must follow the <u>Bluebook: Uniform System of Citation</u> or the University of Chicago Law School's <u>Maroonbook</u>.

## Part Two: Formatting of Specific Document Sections

### 1.   Title Page

Since key words in the title are the primary reference which other scholars use to locate the dissertation, choose words which convey the contents briefly. The title page contains this information, attractively centered:

Title

A Dissertation

Submitted to the Law School
of the University of Notre Dame

in Partial Fulfillment of the Requirements
for the J.S.D. Degree

by
Your Name
List all your previous degrees after your name.

_____
[Director=s Name], Dissertation Director

Notre Dame, Indiana
Month and year of final submission

### 2. Copyright Notice

Include in the copyright notice the copyright symbol, your full legal name, and the year in which the copyright is secured. For example:

© Copyright by [Your Name] 2007
All rights reserved

### 3. Abstract

The abstract includes a statement of the problem, a description of the research procedures, the results, and any conclusions or recommendations. It cannot exceed 350 words.

### 4. Dedication

You may dedicate your dissertation to one or more people.

8

**5. Table of Contents**

List in the table of contents only those sections which follow it.   List the page number on which each section begins.

**6. Preface and/or Acknowledgments (optional)**

The preface can discuss the background of the project, its scope and purpose. Acknowledgments can include items such as funding and research grants, permission to use copyrighted material, and credit to individuals who have assisted you.

**7. Length of Text**

The required length of the dissertation text is to be established by the candidate and the Dissertation Committee.

**8. Appendices (optional)**

An appendix presents supplementary material such as original data or lengthy quotations.

**9. Bibliography**

Include only sources cited in the text.   You need not include every work you consulted.

Arrange the entries alphabetically by the author=s last name. Alphabetize anonymous works by title.   Group works of one particular type (e.g., books, government documents, interviews) under separate headings.

Each entry must include the author=s full name (last name first), the complete title, and the publisher and date.   At your discretion, use the following when necessary to identify a work: editor or translator, edition, name of the series, number of volumes in the series, or the section of the work consulted (e.g., volume, chapter, or page numbers).