UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAJ K. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01329-JPH-MG |
| | ) | |
| THE UNIVERSITY OF NOTRE DAME DU LAC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On July 14, 2022, Mr. Patel filed a Notice of Appeal in this case along with an application to proceed without prepaying fees or costs on appeal. Dkts. 13, 14. For the reasons that follow, the application is **DENIED**. Dkt. [14].

This action was dismissed with prejudice because the filing bar makes Mr. Patel unable to prosecute the case in this Court. Dkt. 11. The Court's filing restriction order noted that Mr. Patel has been granted *in forma pauperis* status in many of his 28 federal lawsuits and "has amassed unpaid filing fees approaching $10,000." *In re: Patel*, 1:22-mc-00024-TWP, docket 1 at 1–2. That order permits one appeal from any final judgment issued in his cases but does not address motions to proceed *in forma pauperis* on appeal. *See id.*

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.* Mr.

1

Patel has presented no objectively reasonable argument that the disposition of this action was erroneous. Dkt. 13. He makes no assertion that the basis for the Court's dismissal—the filing bar—is improper. *Id.* Rather, he asserts that he wants his state law claims heard in state court. *Id.* But those claims, like the other claims in this lawsuit, were removed to this Court by the defendant as the law permits. *See e.g.*, dkt. 1-2 at 12–13 (Operative Complaint alleging religious freedom claims under both Indiana and federal law arising out of the same set of facts); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999). The claims invoked this Court's jurisdiction and were subject to the filing restriction. Given Plaintiff's filing restriction—which he did not appeal and he does not appear to contest—he has brought "a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). This appeal is not taken in good faith.

Mr. Patel's application to proceed without prepaying fees or costs on appeal is **DENIED**. Dkt. [14]. If he would like to pursue this appeal further, it appears that Mr. Patel has cash on hand to pay the required filing fee, *see* dkt. 14 at 2. Alternatively, Mr. Patel may file a motion to proceed *in forma pauperis* directly with the Seventh Circuit under Federal Rule of Appellate Procedure 24(a)(5).

To the extent that Mr. Patel seeks remand of his state law claims to Marion County court, *see In re: Patel*, 1:22-mc-24-TWP, dockets 6, 8, this case has been dismissed and will not be remanded.[1]

**SO ORDERED.**

Date: 8/16/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAJ K. PATEL
6850 E 21st Street
Indianapolis, IN 46219

Paul E. Harold
SOUTHBANK LEGAL: LADUE CURRAN KUEHN
pharold@lck-law.com

Stephen M. Judge
SOUTHBANK LEGAL: LADUE CURRAN KUEHN
sjudge@southbank.legal

---

[1] Additionally, it appears that the court that Mr. Patel would seek remand to has instituted its own filing bar against him. *See Patel v. The University of Notre Dame*, No. 49D12-2207-CT-023814, Order of Dismissal at 2; *see also Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("[I]t is a well-settled principle that the decision of another court . . . is a proper subject of judicial notice.").